# Exhibit K



**DEPARTMENT OF THE AIR FORCE**
UNITED STATES SPACE FORCE
SPACE LAUNCH DELTA 30

June 7, 2024

Colonel Mark A. Shoemaker, USSF
Commander
Space Launch Delta 30
747 Nebraska Ave, Ste A302
Vandenberg SFB CA 93437-6261

Kate Huckelbridge, Ph.D
Executive Director
California Coastal Commission
455 Market Street, Suite 300
San Francisco, California 94105-2219

Dear Dr. Huckelbridge,

    The purpose of this letter is to provide a response and supporting materials provided by my staff to the most recent California Coastal Commission (CCC) staff report in preparation for the 12 June 2024 hearing regarding the installation's pending USSF federal consistency determination (CD-0003-24).

    I thank the CCC Commissioners and staff for your continued communications with the SLD 30. All CCC Commissioners and staff continue to have an open invitation for future visits to the installation so that SLD 30 may continue to support a better understanding of SLD 30's Department of Defense launch mission and our control of all commercial space activities operating on VSFB property.

    If you have any questions or concerns, please contact Ms. Bea Kephart, (805) 605-7924, beatrice.kephart@spaceforce.mil.

Sincerely,

SHOEMAKER.MARK.A.1077726418
Digitally signed by SHOEMAKER.MARK.A.1077726418
DN: cn=SHOEMAKER.MARK.A.1077726418, o=U.S. Government, ou=USSF, email=unknown, c=US
Date: 2024-06-07T16:13:14-0700

MARK A. SHOEMAKER, Colonel, USSF
Commander

Attachment: SLD 30 Response to CCC Staff Report (2 pages)

# ATTACHMENT

# June CCC Public Hearing
# SLD 30 Response to CCC Staff Report

**General**. It is Space Launch Delta (SLD) 30's position that the CD filed 7 March 2024 (CD-0003-24) and the proposed minimization measures SLD 30 has been willing to agree to implement since the drafting of this CD and resulting negotiations with the CCC up to the 12 April 2024 hearing, are consistent to the maximum extent practicable within the enforceable policies of the CCMP. The SLD 30 provided the required information pursuant to 15 CFR 930.39 in the CD-0003-24 and the information was and is commensurate with the expected coastal effects in the coastal zone off VSFB property. SLD 30 attended two public hearings subsequently and provided presentations and additional information to the CCC staff and to the CCC. After the SLD 30's last virtual attendance on 10 May, the CCC staff submitted additional questions on 14 May 2024. SLD 30 provided sufficient responses to the additional inquiries on 17 May 2024 and at the time all remaining staff questions had been addressed by SLD 30 in order to provide the CCC staff time to complete their report. Pursuant to 15 CFR 930.41, a state agency's determination of whether the required information is complete is not a substantive review of the adequacy of the information.

**1. Sonic Booms.** Sonic boom footprint was provided in the body of CD-0003-24 and the Appendix B, and levels for southern Santa Barbara, Ventura, and Los Angeles counties were provided to CCC Staff on 17 May 2024. The SLD 30 has provided the current best available information about the boom noises first reported being heard from a fraction of the launches from southern Santa Barbara County, Ventura County, and Los Angeles County starting in the March – April 2024 time frame. Reports were spread across both coastal and non-coastal zone areas. According to modeling efforts, the psf has not exceeded 2.13 psfs, putting it within the 1.0 to 5.0 psfs (128 to 140 dBs) already analyzed in the CD-0003-24, and that information has been provided. The SLD 30 will continue to monitor and assess, including reinitiation of consultation with USFWS if SLD 30 determines adverse effects of this unanticipated noise travel.

**2. Marine Mammal Monitoring.** Sufficient information has been previously provided under the initial National Marine Fisheries Service (NMFS) Letter of Authorization (LOA), the CD-0003-24, and recently the updated LOA as consultation continues as per these authorizations. SLD 30 has complied with, will comply with additional monitoring as may be required, and has/will provide any additional information as accomplished as per the NMFS LOAs.

**3. Marine Debris.** This information was provided in the ND-0009-23 previously submitted, in the CD-0003-24, as well as the associated draft EA/FONSI provided attached to the subject CD. As per the 12 April 2024 hearing, SLD 30 is open to further increasing the ratio of marine debris offsets but has not received guidance on what the CCC would deem adequate. This, as well as the agreed minimization measures, would be further coordinated during the development of the Marine Debris Plan that was included in the 12 April 2024 public hearing addenda.

**4-5. ESHA.** In the past, in spirit of cooperation and comity, SLD 30 has voluntarily protected such natural resources identified by the CCC on its property. However, as stated on previous

1

communications (SLD 30 inputs on staff report for CD-0010-22 and CD-0003-24), it is the position of the SLD 30 that ESHA policy, in particular Section 30240(a) of the Coastal Act, is not applicable to VSFB as it is outside of the coastal zone. The SLD 30 will continue to protect natural resources on its property pursuant to its land and environmental management programs mandated under applicable federal statutes and DoD policies (e.g., Endangered Species Act, Marine Mammal Protection Act, Integrated Natural Resources Management Plan (INRMP) pursuant to the Sikes Act and DODI 4715.03, Natural Resources Conservation Program, etc.) (See also, CD-0003-24, Attachment 3, USFW BO).

**6. Artificial Night Lighting.** SLD 30 provided in email communcation to CCC staff on 28 March 2024 that SLD 30 is preparing a lighting management plan and specific BMPs such as shielding, not having lights face the beach where practicable, outling when lights are needed for operations.

**7. Commercial and Recreational Fishing.** Information on this matter was provided in the CD-0003-24. At the 11 April 2024 hearing details on communciations with the fishing stakeholders would be developed in a Commerical and Recreational Fishing Coordination Plan that was included in the April Public Hearing Addenda. However, as per the current staff report the plan is no longer required.

**8. Wetlands.** This matter is related to activity that occurred on installation property after all regulatory compliance was completed in 2018. As communicated with CCC staff and reflected in the addenda to the April Staff Report (W13a-4-2024; page 11), SLD 30's restoration measures followed applicable Regional Water Quality Control Board (RWQCB) requirements.



**DEPARTMENT OF THE AIR FORCE**
REGIONAL ENVIRONMENTAL COORDINATOR, REGION 9
510 HICKAM AVENUE, BUILDING 250A
TRAVIS AFB, CA 94535

June 7, 2024

David C. Bell, Ph.D
Air Force Regional Environmental Coordinator
Region IX
510 Hickam Ave Bldg. 250, Bay A
Travis Air Force Base, CA  94535

Kate Huckelbridge, Ph.D
Executive Director
California Coastal Commission
455 Market Street, Suite 300
San Francisco, CA  94105-2219

Dear Dr. Huckelbridge,

    As the Air Force (AF) Regional Environmental Coordinator (REC) in U.S. Environmental Protection Agency Region 9, I am responsible for coordinated responses to various environmental policies and regulatory matters for the Department of the Air Force (DAF), including matters related to the United States Space Force (USSF). The purpose of this letter is to provide a response to the most recent staff report in preparation for the 12 June 2024 hearing and to provide detail to the California (CA) Coastal Commission (CCC) on the Department of Air Force (DAF) position, in alignment with prior Space Launch Delta (SLD) 30 and DoD communications, regarding the federal activities at Vandenburg Space Force Base (VSFB) under the Coastal Zone Management Act (CZMA). SLD 30 has cooperated with the CCC in multiple exchanges of information and engagements to provide supporting information on the DAF position with respect to space launch activities at VSFB to assure the CCC of the DAF's commitment to address impacts associated with these activities in accordance with applicable Federal and State law.  We still hope to reach a mutual resolution and obtain the CCC concurrence with the USSF federal consistency determination (CD) for Space Exploration Technologies' (SpaceX) use of Space Launch Complex 4 (SLC-4) on VSFB property regarding SpaceX's increase to 36 launches annually.

    As mentioned, consistent with previous DoD and prior SLD 30 communications, (1) the DAF will undertake its federal actions in a manner consistent to the maximum extent practicable with the enforceable policies of the CZMP through the federal consistency process under the CZMA and (2) federal activities, including commercial space activities on VSFB, are not subject to the California Coastal Zone Management Program's (CZMP) Coastal Development Permit (CDP).

### Launch Activities on VSFB Constitute "Federal Agency Actions"

Launches on VSFB constitute "federal agency actions" and fall within the federal CD process. The CCC staff report is inconsistent with the CZMA as it asserts that commercial space launches occurring on federal lands may necessitate the use of the CDP process where a non-federal entity (*e.g.*, Blue Origin, SpaceX, or any Government contractor) is involved in the military's federal activity on its property. Federal agency activities include "any functions performed by or on behalf of a Federal agency in the exercise of its statutory responsibilities." 15 C.F.R. § 930.31(a); *see also* 15 C.F.R. § 923.33 ("[T]he boundary of a State's coastal zone must exclude lands owned, leased, held in trust or whose use is otherwise by law subject solely to the discretion of the Federal Government"); *Manchester Pac. Gateway LLC v. Cal. Coastal Comm'n,* 2008 U.S. Dist. LEXIS 347032 (rejecting CCC's position that the CDP process should apply to a joint venture between the Department of the Navy and a private developer on federal lands).[1] Congress has authorized the DoD and DAF to take certain actions on federal property and in support of commercial launch activities. Specifically, federal statutory authorities (1) authorize military services to grant use of property it owns, (2) regulate that use and activity in conformity with such authorities and DoD and DAF policy, and (3) support the advancement of commercial space launch activity and commercial space launch entities.[2]

This position has been articulated to the CCC throughout this CD process, and both DoD REC for Region 9 and the previous commander of VSFB outlined these positions in letters to the CCC in October and November 2022, respectively. Both letters are attached for your reference.

### Federal Lands are Exempted from ESHA Designations

The CZMP/CZMA does not provide authority for ESHA designations on federal lands. The CZMA explicitly excludes federally owned property from the definition of the "coastal zone." The DAF recognizes that this exclusion does not extend to CDs where activities on federal lands have reasonably foreseeable impacts that affect any land or water use or natural resource of the coastal zone off federal property. 15 C.F.R. §§ 923.33(b), 930.11(g), and 930.31(a). However, this process does not authorize the CCC to designate ESHA on federal property since ESHA designation by definition only applies to "coastal zones." To hold otherwise, would allow the CCC to indirectly regulate development of lands outside of the "coastal zone," notwithstanding previous voluntary cooperation with respect to such habitat on VSFB. As such, VSFB will be reconsidering whether to support such future requests. The DAF will continue to protect natural resources on its property pursuant to its land and environmental management programs mandated under applicable federal statutes and DoD policies (*e.g.,* Endangered Species Act, Marine Mammal Protection Act, Integrated Natural Resources

---

[1] Specifically, the court held that: "(1) the focus of the statute is on the federal use of federal lands, and not the use of private parties to accomplish federal objectives and (2) the Federal Government, through Congressional and agency action, acted in its sole discretion by legislative mandate and agency action to define the use of the [development] and to permit the Secretary of the Navy to jointly develop the [development] in conjunction with a private developer."

[2] *E.g.,* Title 51, United States Code (USC), Chapter 509, Commercial Space Launch Activities; Title 10, USC, Chapter 135, Space Programs; Title 10, USC, Chapter 159, Real Property and Chapter 903, Department of the Air Force, Chapter 80, Department of the Navy, Chapter 703, Department of the Army.

Management Plan (INRMP) pursuant to the Sikes Act and DODI 4715.03, *Natural Resources Conservation Program*, etc.).

      We thank you for your continued communications with the military in CA, and we will continue to cooperate, consult, and coordinate with you and your staff on DoD activities through the federal consistency process pursuant to the CZMA and DoD's statutory authorities and responsibilities as designated by Congress. SLD 30 also extends an open invitation to visit the installation so that SLD 30 may continue to support a better understanding of SLD 30's controlling role over all the commercial space entities operating on VSFB property.

      If you have any questions or concerns, I can be reached at david.bell.3@us.af.mil.

                                DAVID C. BELL, Ph.D.
                                AF Regional Environmental Coordinator, Region 9

Attachments:
1. Letter from Commander Navy Region SW, dated 25 October 2022
2. Letter from SLD 30/CC, dated 2 November 2022

Cc:
Cassidy Teufel, Deputy Director, CCC
Col Rebecca M. Gawaran, SSC/JA
Maj Steven McKevett, AF/JAOE-WR
Maj Charlton Hedden, AF/JAOE-FSC
Mr. Brett Downey, AF/JAOE-FSC
Mr. J.C. Golumbfskie-Jones, NRSW