VENABLE LLP
Tyler G. Welti (SBN 257993)
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: (415) 653-3750
Facsimile: (415) 653-3755
tgwelti@venable.com

Colin B. Vandell (SBN 240653)
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
cvandell@venable.com

Mitchell Y. Mirviss (*pro hac vice*)
750 East Pratt Street, 9th Floor
Baltimore, MD 21202
Telephone: (410) 244-7412
Facsimile: (410) 244-7742
mymirviss@venable.com

Attorneys for Plaintiff Space Exploration Technologies Corp.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SPACE EXPLORATION TECHNOLOGIES CORP.,

Plaintiff,

v.

CALIFORNIA COASTAL COMMISSION, et al.,

Defendants.

Case No. 2:24-cv-08893-SB-SK

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF SPACEX'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

[*Filed concurrently with SpaceX's Opposition to Motion to Dismiss; Declaration of Matthew Dunn; Declaration of Tyler G. Welti; [Proposed] Order*]

Date:          March 14, 2025
Time:          8:30 a.m.
Courtroom:     6C
Judge:         Hon. Stanley Blumenfeld, Jr.

Action Filed:  October 15, 2024
Trial Date:    Not Set

## REQUEST FOR JUDICIAL NOTICE

## I.    INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Plaintiff Space Exportation Technologies Corp. ("SpaceX") requests that the Court take judicial notice of four publicly available reports prepared by Defendant California Coastal Commission (the "Commission"). SpaceX makes this request in support of its Opposition to Defendants' Motion to Dismiss SpaceX's First Amended Complaint (Dkt. 40). The documents are attached to the Declaration of Tyler G. Welti in Support of Request for Judicial Notice (hereinafter, the "RJN Declaration"):

1. **Exhibit A** is a true and correct copy of the Report prepared by the Commission for Consistency Determination No. CD-0003-24, dated March 28, 2024, available at https://documents.coastal.ca.gov/reports/2024/4/w13a/w13a-4-2024-report.pdf.

2. **Exhibit B** is a true and correct copy of the Report prepared by the Commission for Consistency Determination No. CD-0003-24, dated May 30, 2024, available at https://documents.coastal.ca.gov/reports/2024/6/w10a/w10a-6-2024-report.pdf.

3. **Exhibit C** is a true and correct copy of a report prepared by Lisa Haage, Chief of Enforcement and Enforcement Staff for the Commission, entitled "Report on Implementation of Coastal Commission 30821.3 Penalty Authority in 2023," published on April 11, 2024, available at https://documents.coastal.ca.gov/reports/2024/4/Th7/Th7-4-2024-report.pdf.

4. **Exhibit D** is a true and correct copy of a report prepared by Lisa Haage, Chief of Enforcement and Enforcement Staff for the Commission, entitled "Report on Implementation of Coastal Commission 30821.3

Penalty Authority in 2024," published on February 5, 2025, available at https://documents.coastal.ca.gov/reports/2025/2/W10/W10-2-2025-report.pdf.

## II.    LEGAL STANDARD

The Court may take judicial notice of any fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). It is well established that "[u]nder Rule 201, the court can take judicial notice of public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies." *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015).

The doctrine of incorporation by reference provides an additional, independent basis for judicial notice. Under the doctrine of incorporation by reference, the Court may consider on a motion to dismiss documents whose contents are alleged in the complaint "[e]ven if a document is not attached to [the] complaint," *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), provided the document's authenticity and relevance are uncontested. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

## III.    DISCUSSION

**Exhibits A & B** to the RJN Declaration are Commission reports evaluating the Falcon 9 launch program at Vandenberg Space Force Base.

These documents are publicly available on the Commission's website, and their content is not subject to reasonable dispute. *Roy v. County of Los Angeles*, 2018 WL 914773, * 17 (C.D. Cal. Feb. 7, 2018) (taking judicial notice of county sheriff's department report which was made available to the public on a government agency website); *Burnes v. Chavez*, 2020 WL 2306488, at *1 (N.D. Cal. May 8, 2020) ("Records of state agencies are also appropriate subjects of judicial notice."). The

First Amended Complaint references Exhibits A & B to the RJN Declaration by reference in the First Amended Complaint by relying on allegations relating to the reports' content. *See* Dkt. 31 ¶¶ 84, 88; *Gamino v. Thinx Inc.*, 2024 WL 2429307, at *1 n.2 (C.D. Cal. Apr. 18, 2024) (taking judicial notice of webpages "because they are incorporated by reference into the [complaint], and their authenticity is not disputed").

**Exhibits C & D** to the RJN Declaration are annual Commission reports prepared by Lisa Haage, Chief of Enforcement and Enforcement Staff for the Commission. The reports show the Commission's history of enforcing its permitting authority and are therefore relevant to establishing the ripeness of SpaceX's claims. *See* Dkt. 42 (Opposition) at 11.

These documents are publicly available on the Commission's website, and their content is not subject to reasonable dispute. *See Gerritsen*, 112 F. Supp. 3d at 1033; *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032 (N.D. Cal. 2018) ("Because of their perceived reliability, courts have often admitted records taken from websites maintained by government agencies.").

## IV.    CONCLUSION

For the foregoing reasons, the Court should take judicial notice of and consider Exhibits A-D to the RJN Declaration in deciding Defendants' Motion to Dismiss.

Dated:  February 7, 2025

VENABLE LLP

By:    */s/ Tyler Welti*
Tyler G. Welti
Colin B. Vandell
Mitchell Y. Mirviss (*pro hac vice*)

Attorneys for Plaintiff Space
Exploration Technologies Corp.