Rᴏʙ Bᴏɴᴛᴀ
Attorney General of California
Dᴀᴠɪᴅ G. Aʟᴅᴇʀsᴏɴ
Supervising Deputy Attorney General
State Bar No. 231597
Jᴇssɪᴄᴀ A. Bᴏɴɪᴛᴢ
Deputy Attorney General
State Bar No. 348048
  1515 Clay Street, 20th Floor
  P.O. Box 70550
  Oakland, CA  94612-0550
  Telephone:  (510) 879-0003
  Fax:  (510) 622-2270
  E-mail:  David.Alderson@doj.ca.gov
  E-mail:  Jessica.Bonitz@doj.ca.gov
*Attorneys for Defendants*
*California Coastal Commission et al.*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SPACE EXPLORATION TECHNOLOGIES CORP.,**<br><br>                   Plaintiff,<br><br>v.<br><br>**CALIFORNIA COASTAL COMMISSION et al.,**<br><br>                   Defendants. | 2:24-cv-08893 SB (SKx)<br><br>**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Date:         March 14, 2025<br>Time:        8:30 a.m.<br>Courtroom:  6C<br>Judge:       The Honorable Stanley Blumenfeld, Jr.<br>Trial Date:  Not set.<br>Action Filed: 10/15/2024 |

**TABLE OF CONTENTS**

Page

I. Introduction ................................................................................................... 1

II. SpaceX's Claims Regarding Potential Requirements to Submit a Consistency Certification (Count I) or Obtain a Coastal Development Permit (Counts II, III, and IV) Are Not Ripe ................. 1

    A. SpaceX Alleges No Actual or Imminent Injury In Fact ............. 1

    B. SpaceX's Claim Regarding a Potential Consistency Certification Is Not Ripe For Additional Reasons ..................... 2

    C. SpaceX's Claims Regarding a Potential Coastal Development Permit Are Not Ripe For Additional Reasons ........................................................................................ 4

III. SpaceX Lacks Standing for Its First Amendment Retaliation Claim (Count V) .............................................................................................. 6

IV. SpaceX's Procedural Due Process Claim (Count VI) Is Legally Deficient ............................................................................................................. 8

    A. SpaceX Lacks Standing to Assert a Procedural Due Process Claim ............................................................................... 8

    B. SpaceX Fails to State a Procedural Due Process Claim ............. 9

V. Sovereign Immunity Precludes the FAC as to the Commission and Counts V and VI as to the Individual Defendants in Their Official Capacity ................................................................................. 10

VI. The Dunn Declaration Is Improper But Does Not Show that SpaceX Can Amend the FAC to Save Its Claims .............................. 11

VII. Conclusion ................................................................................................ 12

# TABLE OF AUTHORITIES

Page

**CASES**

*Ariz. All. for Retired Ams. v. Mayes*
   117 F.4th 1165 (9th Cir. 2024) ............................................................................. 1

*Arizona v. Yellen*
   34 F.4th 841 (9th Cir. 2022) .................................................................................. 5

*Ass'n of Am. Med. Colleges v. United States*
   217 F.3d 770 (9th Cir. 2000) ............................................................................. 4, 5

*Cal. Trucking Ass'n v. Bonta*
   996 F.3d 644 (9th Cir. 2021) ................................................................................. 5

*California Coastal Commission v. Granite Rock Co.*
   480 U.S. 572 (1987) .............................................................................................. 5

*California v. Texas*
   593 U.S. 659 (2021) .............................................................................................. 8

*Cantrell v. City of Long Beach*
   241 F.3d 674 (9th Cir. 2001) ............................................................................. 8, 9

*Carrillo v. Amy's Kitchen, Inc.*
   No. 23-CV-01359-RFL, 2024 WL 4049868 (N.D. Cal. Sept. 3, 2024) ............................................................................................................... 11

*City of Las Vegas v. FAA*
   570 F.3d 1109 (9th Cir. 2009) ........................................................................... 8, 9

*Clapper v. Amnesty Int'l USA*
   568 U.S. 398 (2013) ..................................................................................... 2, 3, 7

*Clark v. City of Seattle*
   899 F.3d 802 (9th Cir. 2018) ................................................................................. 5

*Coal. of Homelessness v. City and Cnty. of San Francisco*
   --- F. Supp. 3d ---- No. 22-CV-05502-DMR, 2024 WL 4982989
   (N.D. Cal. Dec. 4, 2024) ....................................................................................... 6

**TABLE OF AUTHORITIES**
(continued)

Page

*College Savs. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*
   527 U.S. 666 (1999) ............................................................................................. 10

*Ctr. for Biological Diversity v. Bernhardt*
   No. 19-CV-05206-JST, 2020 WL 4188091 (N.D. Cal. May 18, 2020) ............... 11

*Franceschi v. Yee*
   887 F.3d 927 (9th Cir. 2018) ............................................................................... 10

*Howlett ex rel. Howlett v. Rose*
   496 U.S. 356 (1990) ............................................................................................ 10

*Hyatt v. Yee*
   871 F.3d 1067 (9th Cir. 2017) ............................................................................. 11

*Isaacson v. Mayes*
   84 F.4th 1089 (9th Cir. 2023) ................................................................................ 5

*Lopez v. Candaele*
   630 F.3d 775 (9th Cir. 2010) ................................................................................. 3

*LSO, Ltd. v. Stroh*
   205 F.3d 1146 (9th Cir. 2000) ........................................................................... 3, 5

*Lujan v. Defs. of Wildlife*
   504 U.S. 555 (1992) .............................................................................................. 7

*Manchester Pacific Gateway LLC v. California Coastal Commission*
   2007 WL 2900475 (S.D. Cal. Oct. 2, 2007) ..................................................... 5, 10

*Nat'l Audubon Soc'y, Inc. v. Davis*
   307 F.3d 835 (9th Cir. 2002) ............................................................................... 11

*Nat'l Council of La Raza v. Cegavske*
   800 F.3d 1032 (9th Cir. 2015) ............................................................................... 6

*Pac. Bell v. Pac W. Telecomm., Inc.*
   325 F.3d 1114 (9th Cir. 2003) ............................................................................. 10

**TABLE OF AUTHORITIES**
(continued)

Page

*Pacific Gas & Electric Co. v. State Energy Resources Conservation & Development Commission*
   461 U.S. 190 (1983) .................................................................................... 4

*Peace Ranch, LLC v. Bonta*
   93 F.4th 482 (9th Cir. 2024) ........................................................................ 3

*Planned Parenthood of Idaho, Inc. v. Wasden*
   376 F.3d 908 (9th Cir. 2004) ..................................................................... 10

*Port Auth. Trans-Hudson Corp. v. Feeney*
   495 U.S. 299 (1990) .................................................................................. 10

*Sayles Hydro Assocs. v. Maughan*
   985 F.2d 451 (9th Cir. 1993) (Opp. 12:4 & 23) ........................................... 4

*Smith v. Cnty. of Suffolk*
   776 F.3d 114 (2d Cir. 2015) ........................................................................ 7

*Sprewell v. Golden State Warriors*
   266 F.3d 979 (9th Cir. 2001) ....................................................................... 4

*Stormans, Inc. v. Selecky*
   586 F.3d 1109 (9th Cir. 2009) ..................................................................... 4

*Summers v. Earth Island Inst.*
   555 U.S. 488 (2009) .................................................................................... 4

*Susan B. Anthony List v. Driehaus*
   573 U.S. 149 (2014) .................................................................................... 3

*Twitter, Inc. v. Paxton*
   56 F.4th 1170 (9th Cir. 2022) ............................................................... 2, 6, 7

*United Data Servs., LLC v. Fed. Trade Comm'n*
   39 F.4th 1200 (9th Cir. 2022) ..................................................................... 2

*US W. Commc'ns v. MFS Intelenet, Inc.*
   193 F.3d 1112 (9th Cir. 1999) ..................................................................... 5

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*
  535 U.S. 635 (2002) .................................................................................... 10

*Warth v. Seldin*
  422 U.S. 490 (1975) .................................................................................... 11

*Wedges/Ledges of California, Inc. v. City of Phoenix*
  24 F.3d 56 (9th Cir. 1994) (Opp. 17:24) ...................................................... 8

*Ex parte Young*
  209 U.S. 123 (1908) .............................................................................. 10, 11

**FEDERAL RULES OF CIVIL PROCEDURE**

  Rule 12(b)(1) ............................................................................................... 11

## I. INTRODUCTION

SpaceX's claims are not justiciable. At the Commission's hearing on October 10, 2024, the Commission's only vote was not to concur with the Air Force's consistency determination. The Commission did not vote to require a consistency certification or a coastal development permit ("CDP"). SpaceX does not dispute that the Air Force, as allowed by federal law, disregarded the Commission's objection to its consistency determination and proceeded with the 50-launch project. SpaceX's allegations of an injury-in-fact from the Commission's objection to the Air Force's consistency determination are therefore without factual or legal basis. Additionally, SpaceX points to no facts showing a substantial threat of enforcement of a potential consistency certification or a CDP. Its allegations of an actual or imminent injury-in-fact from a potential consistency certification or CDP are based on overruled law and conjecture. SpaceX's lawsuit should be dismissed.

## II. SPACEX'S CLAIMS REGARDING POTENTIAL REQUIREMENTS TO SUBMIT A CONSISTENCY CERTIFICATION (COUNT I) OR OBTAIN A COASTAL DEVELOPMENT PERMIT (COUNTS II, III, AND IV) ARE NOT RIPE

### A. SpaceX Alleges No Actual or Imminent Injury In Fact

SpaceX's alleged harms (Opp. 6:13-28) lack legal and factual foundation and do not show an actual or imminent injury in fact from a potential consistency certification or CDP requirement.[1] **First**, SpaceX asserts harm based on "diversion of resources" (Opp. 6:17-23), but this purported basis of harm has been disallowed. *See Ariz. All. for Retired Ams. v. Mayes*, 117 F.4th 1165, 1169-70, 1172-78 (9th Cir. 2024). **Second**, SpaceX asserts harm based on the Air Force's previously imposed requirements on SpaceX to monitor and mitigate impacts on the Base, resulting from the Air Force's consistency determination for the space launch project. Opp. 6:16-17, 25-27. Yet SpaceX does not challenge the Air Force's

---

[1] Defendants object to the Declaration of Matthew Dunn ("Dunn Declaration") but address its allegations throughout this Reply, because nothing in the declaration shows the FAC can be saved. See VI., *infra*.

1

consistency determination in this lawsuit. **Third**, SpaceX asserts "competitive harm" (Opp. 6:28), but provides no supporting authority or details of concrete harm.

**Fourth**, SpaceX's voluntary, self-imposed costs, including those incurred responding to the government, as well as costs based on fears of a hypothetical future injury, are not a basis for harm. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013); *Twitter, Inc. v. Paxton*, 56 F.4th 1170, 1175–76 (9th Cir. 2022) (finding no injury where Twitter voluntarily incurred costs to respond to a civil investigative demand). Indeed, the costs and burdens described in Dunn's declaration lack factual support and appear to arise from fear of hypothetical future action by the Commission. Dunn Decl. ¶¶ 20, 22. What a potential consistency certification or CDP, if any, might require, and what enforcement, if any, of either might entail, is not possible to know given the lack of development toward a consistency certification or CDP requirement. "Even a 'Hobson's choice' must be 'particularized' and 'imminent.'" *United Data Servs., LLC v. Fed. Trade Comm'n*, 39 F.4th 1200, 1211 (9th Cir. 2022). In *United Data*, for instance, the court held that the plaintiffs therein did not allege a "credible threat of enforcement" to establish standing, where the complaint alleged plaintiffs "face 'serious civil penalties' from violation of the challenged policies, without any indication that such penalties are imminent or realistic." *Id*. Potential penalties are similarly absent here; no penalties are even possible for not submitting a consistency certification. For these and other reasons below in II.B & C, SpaceX fails to show that it alleged or can allege an actual or imminent injury sufficient to constitute an Article III injury in fact.

**B.  SpaceX's Claim Regarding a Potential Consistency Certification Is Not Ripe For Additional Reasons**

<u>No constitutional ripeness</u>. SpaceX concedes that its claim depends on contingent future events, *e.g.* any potential consistency certification can only exist

2

following a regulatory process which has not begun and in which NOAA decides whether to allow the requirement. Opp. 10:3-5; Mot. 10:11-20. Given these contingent events, which may or may not occur, SpaceX cannot allege a future injury that is certainly impending or a substantial risk of harm. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014). The "threat of future enforcement must be substantial." *Peace Ranch, LLC v. Bonta*, 93 F.4th 482, 487 (9th Cir. 2024) (quotations and citation omitted). SpaceX cannot meet this standard due to the contingent events, especially speculation about NOAA's possible decision. *See Clapper*, 568 U.S. 398, 414 n.5 ("Plaintiffs cannot rely on speculation about the unfettered choices made by independent actors not before the court.") (quotations and citation omitted).

SpaceX nevertheless argues that Defendants have not disavowed enforcement of some future, hypothetical consistency certification requirement. Opp. at 9:21. But the disavowal factor is not dispositive and is only one of a "variety of factors" courts consider. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1155 (9th Cir. 2000) (concluding disavowal factor not dispositive). The lack of disavowal is particularly immaterial where, as here, there is no legal requirement for a consistency certification of which to disavow enforcement. *See Lopez v. Candaele*, 630 F.3d 775, 788 (9th Cir. 2010).

SpaceX incorrectly continues to maintain that the Commission demanded a consistency certification and a CDP at the October 10, 2024 hearing. SpaceX does not contest that the Commission can only act by majority vote and that individual Commissioners have no independent authority. And SpaceX does not oppose the incorporation of the hearing transcript into its FAC, nor does SpaceX contest judicial notice of the transcript. The transcript shows the Commission only voted not to concur with the Air Force's consistency determination. Def. RJN Ex. C at 124:20-25; 125-30. The transcript shows the Commission did not vote to demand a consistency certification or CDP. Def. RJN Ex. C (entirety). The Court should

3

therefore conclude that the Commission did not demand a consistency certification or a CDP at the hearing. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001) (courts not required to accept as true allegations that contradict matters properly subject to judicial notice or that are contradicted by documents whose contents are incorporated in the complaint).

<u>No prudential ripeness.</u> The nonexistence of a consistency certification requirement, as well as the contingent events necessary for one to exist and be enforced, show that Count I is unfit for judicial review and that withholding review would not impose undue hardship on SpaceX. *See Ass'n of Am. Med. Colleges v. United States*, 217 F.3d 770, 780-84 (9th Cir. 2000) (holding challenge to nonfinal agency action unripe). Nothing requires an immediate and significant change to SpaceX's affairs. *See id.* at 783-84. This absence of a burden and of a decision to enforce both distinguish *Pacific Gas & Electric Co. v. State Energy Resources Conservation & Development Commission*, 461 U.S. 190, 201 (1983) and *Sayles Hydro Assocs. v. Maughan*, 985 F.2d 451, 453-54 (9th Cir. 1993) (Opp. 12:4 & 23).

### C. SpaceX's Claims Regarding a Potential Coastal Development Permit Are Not Ripe For Additional Reasons

<u>No constitutional ripeness.</u> SpaceX fails to show a substantial risk of enforcement of a potential CDP requirement. None of the Commission staff reports or other facts alleged by SpaceX suggests that enforcement of a CDP requirement is "actual and imminent." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). SpaceX does not allege any enforcement, past or present, of a CDP requirement against any commercial space operator. The Commission's general enforcement of the Coastal Act is irrelevant. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1125 (9th Cir. 2009) (declaring "how aggressively [the commission] generally enforces [the antidiscrimination law] against claims of discrimination is irrelevant to examining whether [the commission] is specifically threatening to enforce [the antidiscrimination law] against Appellees.").

   The cases relied upon by SpaceX (Opp. 9:23-28; 11:1-5) involved decisions by public entities to enforce and other facts showing a substantial enforcement threat that are not present here. *See Arizona v. Yellen*, 34 F.4th 841, 850 (9th Cir. 2022) (letter from the Secretary of the Treasury "confirming that the Offset Provision will be enforced."); *Cal. Trucking Ass'n v. Bonta*, 996 F.3d 644, 653-54 (9th Cir. 2021) (State had filed lawsuits); *LSO, Ltd.*, 205 F.3d at 1156 (past and present enforcement); *Isaacson v. Mayes*, 84 F.4th 1089, 1100-01 (9th Cir. 2023) ("combination" of "potential threats" from "the county attorneys, Arizona health agencies, and private parties"). While Defendants have not disavowed enforcement of a potential CDP requirement, this factor is not dispositive, *see LSO, Ltd.*, 205 F.3d at 1155, and many other factors strongly cut against a finding of a genuine risk of imminent enforcement. *See Clark v. City of Seattle*, 899 F.3d 802, 813 (9th Cir. 2018) (holding case constitutionally unripe where several factors not met and no consideration of disavowal factor). SpaceX's reliance (Opp. 9:8-15) on *California Coastal Commission v. Granite Rock Co.*, 480 U.S. 572 (1987) and *Manchester Pacific Gateway LLC v. California Coastal Commission*, No. 07CV1099 JM(RBB) 2007 WL 2900475 (S.D. Cal. Oct. 2, 2007) is misplaced, as neither decision addressed ripeness or standing.

   <u>No prudential ripeness.</u> The <u>hardship prong</u> is not met because there is nothing requiring an immediate and significant change to SpaceX's affairs. *See Ass'n of Am. Med. Colleges*, 217 F.3d at 783-84. As discussed above, SpaceX's alleged injuries are speculative and not imminent. The <u>fitness prong</u> is not met either because no facts show that the Commission has decided to enforce a CDP requirement. Judicial review now would be advisory and premature. *See US W. Commc'ns v. MFS Intelenet, Inc.*, 193 F.3d 1112, 1118 (9th Cir. 1999) (factoring "[p]rinciples of federalism" in the ripeness analysis when "reviewing a state agency decision at an interim stage in an evolving process.").

### III. SPACEX LACKS STANDING FOR ITS FIRST AMENDMENT RETALIATION CLAIM (COUNT V)

No injury in fact. SpaceX fails to identify an injury in fact stemming from the Commission's October 10, 2024 hearing. SpaceX does not dispute that the Air Force has the final say under the CZMA's regulations for its consistency determinations and has in fact proceeded with the annual 50-launch project over the Commission's objection to the Air Force's consistency determination. SpaceX also does not dispute that the Commission can only act by majority vote. SpaceX further does not dispute that the Commission did not vote to require a consistency certification or a CDP at the October 10, 2024 hearing, and the individual commissioners have no independent authority to require a consistency certification or a CDP.

SpaceX's allegations of injury do not meet the Article III injury in fact standard. **First**, SpaceX largely relies on a "diversion of resources" basis to show injury. Opp. 14: 26-28, 15:1-3. But this basis has been disallowed, and the cases SpaceX cites have been overruled. *See Ariz. All.*, 117 F.4th at 1178 (overruling *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1040–41 (9th Cir. 2015)); *Coal. of Homelessness v. City and Cnty. of San Francisco*, --- F. Supp. 3d ---- No. 22-CV-05502-DMR, 2024 WL 4982989 at * 11 (N.D. Cal. Dec. 4, 2024) (recognizing overruling of *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1088 (9th Cir. 2010)).

**Second**, SpaceX's assertion of chilled speech (Opp. 15:4) is inadequate because it is a legal conclusion unsupported by any facts. *See Twitter*, 56 F.4th at 1175 ("Twitter's naked assertion that its speech has been chilled is 'a bare legal conclusion' upon which it cannot rely to assert injury-in-fact."). **Third**, SpaceX points to proceedings and costs *before* the October 10, 2024 hearing, but its retaliation cause of action is based on the Commission's October 10, 2024 hearing. SpaceX does not refer to any specific action (e.g. actual vote) taken by the

6

Commission or the other Defendants before the October 10, 2024 hearing from which an Article III injury can be ascertained or offer any explanation or authority.

**Fourth**, SpaceX's alleged costs are voluntary and self-imposed. The Commission never voted to require a consistency certification or a CDP, and the Air Force disregarded the Commission's objection to its consistency determination. *See Clapper*, 568 U.S. at 416 ("[R]espondents cannot manufacture standing merely by inflicting harm on themselves[.]"); *Twitter*, 56 F.4th at 1175–76 (no injury for voluntarily incurred costs to respond to a civil investigative demand). **Fifth**, SpaceX overlooks that the Ninth Circuit's reasoning in *Twitter* did not just turn on the lack of damages allegations, but also on the fact that the "enforceability of the CID remain[ed] an open question." *Twitter*, 56 F.4th at 1176. Even more so here. The Commission did not vote to require a consistency certification or CDP, and any such potential requirements would not be self-enforcing. **Sixth**, SpaceX's assertion of concern about further regulatory action (Opp. 14:16-18) is not sufficiently concrete or imminent to support Article III standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992).

<u>No causation</u>. SpaceX does not trace any of its alleged injuries to the Commission's October 10, 2024 hearing or any other conduct by Defendants. Opp. 15:6-14. *See Lujan*, 504 U.S. at 560 ("there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.") (citations and quotations omitted). The sole case SpaceX references is irrelevant; it does not address causation for Article III standing. *See Smith v. Cnty. of Suffolk*, 776 F.3d 114, 118-119 (2d Cir. 2015). Rather, it concerns the elements to demonstrate a First Amendment retaliation claim on the merits. *Id*. SpaceX's arguments do not acknowledge that the Commission did not vote to require a consistency certification or a CDP and that Commissioners have no independent authority. SpaceX's arguments also do not

7

acknowledge that the Air Force could and did disregard the Commission's objection to the Air Force's consistency determination.

<u>No redressability</u>. SpaceX does not identify any injuries caused by Defendants from the October 10, 2024 hearing. Therefore, the redressability requirement is not met. None of SpaceX's alleged injuries can be favorably redressed by injunctive or declaratory relief against Defendants, much less damages against the individual Defendants sued in their personal capacities. *See California v. Texas*, 593 U.S. 659, 671 (2021) ("To determine whether an injury is redressable, a court will consider the relationship between 'the judicial relief requested' and the 'injury' suffered.").

## IV. SPACEX'S PROCEDURAL DUE PROCESS CLAIM (COUNT VI) IS LEGALLY DEFICIENT

### A. SpaceX Lacks Standing to Assert a Procedural Due Process Claim

<u>No injury in fact.</u> SpaceX does not identify any facts that show a concrete interest threatened by the Commission's decision not to concur with the Air Force's consistency determination on October 10, 2024, or by any other conduct by Defendants. SpaceX asserts that Defendants' "actions interfere directly" with its business and property, but SpaceX provides no supporting facts of a threat of harm to a concrete interest. Opp. 17:15-19. Neither *Cantrell v. City of Long Beach*, 241 F.3d 674, 682 (9th Cir. 2001) nor *City of Las Vegas v. FAA*, 570 F.3d 1109, 1114 (9th Cir. 2009) support SpaceX. Opp. 17:18-19. Both cases involved National Environmental Policy Act claims, which have a particular injury in fact test, and the petitioners with standing had threatened concrete interests and were not businesses. *Cantrell* at 679, 680-82; *City of Las Vegas* at 1114. SpaceX is not assisted either by *Wedges/Ledges of California, Inc. v. City of Phoenix*, 24 F.3d 56, 61 (9th Cir. 1994) (Opp. 17:24), because, again, SpaceX has not shown that the Commission's decision not to concur with the Air Force's consistency determination threatened a concrete interest of SpaceX's.

8

At root, SpaceX's arguments fail to acknowledge that the Air Force, as it was authorized to do, disregarded the Commission's decision not to concur; that the Commission did not vote to require a consistency certification or a CDP (and never has); and that the Commissioners have no independent authority.

No causation or redressability. SpaceX fails to point to any facts evincing causation or redressability. As discussed, *Cantrell* and *City of Las Vegas* are inapposite. On October 10, 2024, the Commission considered the *Air Force's* consistency determination, and the Air Force chose to proceed with the project over the Commission's objection. Therefore, SpaceX cannot link any harm to a concrete interest to actions by Defendants.

**B.     SpaceX Fails to State a Procedural Due Process Claim**

No protected property interest or deprivation. SpaceX concedes it has no protected property interest in its activity of doing business. Instead, SpaceX asserts it has a protected property interest in unspecified "necessary approvals" for its business. Opp. 19:16. Not only does this lack of detail show that SpaceX has no protected property interest, but the only authority SpaceX references involved instances when courts found that a statute contained mandatory language that restricted the discretion of a decisionmaker and which therefore created a legitimate claim of entitlement to a benefit. *Id.* at 19:21-28. SpaceX provides no discussion of any law that did or might constrain the Commission in a similar fashion. SpaceX also cannot rest on its "existing leases, licenses, and contracts with the federal government." *Id*. at 19:18-19. SpaceX provides no authority that these items constitute protected property interests, and SpaceX does not and cannot explain how these interests have even been before the Commission.

SpaceX asserts in a conclusory fashion that the Commission "infringed" on its purported protected property interests. Opp. 21:2-4. SpaceX identifies no supporting facts, however, and cannot.

<u>No protected liberty interest or deprivation.</u> SpaceX concedes that it has no protected liberty interest to petition the government. Instead, SpaceX points to the "right to pursue an occupation." Opp. 20:8-12. But "the line of authorities establishing the liberty interest in pursuing a profession all deal with a complete prohibition of the right to engage in a calling." *Franceschi v. Yee*, 887 F.3d 927, 938 (9th Cir. 2018) (citations and quotations omited). SpaceX does not and cannot allege such a complete prohibition, *i.e.* that it has been completely barred from the commercial space operation industry.

### V. SOVEREIGN IMMUNITY PRECLUDES THE FAC AS TO THE COMMISSION AND COUNTS V AND VI AS TO THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITY

**First**, the Commission has not waived immunity. "[I]n order for a state statute . . . to constitute a waiver of Eleventh Amendment immunity, it must specify the State's intention to subject itself to suit in *federal court*." *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 306 (1990) (quotations omitted). None of the Coastal Act provisions presented by SpaceX refers to suits in federal court. Opp. 21:23-26. *See also College Savs. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999) ("Nor does [a State] consent to suit in federal court merely by stating its intention to "sue and be sued[.]").

**Second**, the cases SpaceX references (Opp. 21:11-18) for keeping the Commission as a defendant are inapplicable, because they are not Section 1983 cases and relied on the exception to sovereign immunity for state officials in *Ex parte Young*, 209 U.S. 123 (1908). *See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002); *Pac. Bell v. Pac W. Telecomm., Inc.*, 325 F.3d 1114, 1124 (9th Cir. 2003); *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919-920 (9th Cir. 2004); *Manchester Pacific Gateway LLC*, 2007 WL 2900475 at *1, *4. The Commission is not subject to suit under Section 1983, so it must be dismissed from Counts V and VI. *See Howlett ex rel. Howlett v. Rose*, 496 U.S. 356, 365 (1990). The Commission cannot be sued under the *Ex parte Young*

exception for state officials, and it is immune from all of the Counts. *See Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002) (dismissing state agencies but not state official).

**Third**, because Counts V and VI do not allege ongoing violations of law for the reasons stated above and in the Motion, the *Ex parte Young* exception does not apply to bar the immunity of the individual defendants sued in their official capacities in these Counts.

## VI. THE DUNN DECLARATION IS IMPROPER BUT DOES NOT SHOW THAT SPACEX CAN AMEND THE FAC TO SAVE ITS CLAIMS

Defendants' Rule 12(b)(1) motion was brought as a facial attack, not a factual attack. Dkt. 40 at 2:8-9 ("Defendants' Rule 12(b)(1) motion is brought as a facial attack."); *id.* at 17:5-6. It accepted the FAC's allegations as true for purposes of the motion and explained why they were insufficient to allege subject matter jurisdiction. *See, e.g.*, Dkt. 40 at 19:2-3 ("SpaceX fails to allege facts establishing any of the criteria for constitutional ripeness.");11:10-11; 12:18-19; 25:6-7.

In a facial attack, courts can consider documents subject to judicial notice or incorporated into the complaint. *See Hyatt v. Yee*, 871 F.3d 1067, 1071 (9th Cir. 2017); *Carrillo v. Amy's Kitchen, Inc.*, No. 23-CV-01359-RFL, 2024 WL 4049868, at *1 n.1 (N.D. Cal. Sept. 3, 2024). But courts typically decline to consider other extrinsic evidence like factual allegations in declarations, *see Ctr. for Biological Diversity v. Bernhardt*, No. 19-CV-05206-JST, 2020 WL 4188091, at *4 (N.D. Cal. May 18, 2020), though other authority states that courts have discretion to do so. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975). Defendants therefore object to the Dunn Declaration. However, for the reasons explained above, nothing in the declaration demonstrates that SpaceX can amend the FAC to save its claims.

///

///

///

## VII. CONCLUSION

For the foregoing reasons, the FAC should be dismissed without leave to amend.

Dated: February 18, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California

/s/ David G. Alderson
DAVID G. ALDERSON
Supervising Deputy Attorney General
JESSICA A. BONITZ
Deputy Attorney General
*Attorneys for Defendants California Coastal Commission et al.*

OK2024605276
91956900.docx

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 3,589 words, which:

_X_  complies with the word limit of L.R. 11-6.1.

__  complies with the word limit set by court order dated [date].

Dated: February 18, 2025                    Respectfully submitted,

                                            ROB BONTA
                                            Attorney General of California


                                            /s/ David G. Alderson
                                            DAVID G. ALDERSON
                                            Supervising Deputy Attorney General
                                            JESSICA A. BONITZ
                                            Deputy Attorney General
                                            *Attorneys for Defendants California Coastal Commission et al.*