ROB BONTA
Attorney General of California
DAVID G. ALDERSON
Supervising Deputy Attorney General
State Bar No. 231597
JESSICA A. BONITZ
Deputy Attorney General
State Bar No. 348048
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 879-0003
 Fax:  (510) 622-2270
 E-mail:  David.Alderson@doj.ca.gov
*Attorneys for Defendants*
*California Coastal Commission et al.*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Space Exploration Technologies Corp.,**<br><br>Plaintiff,<br><br>v.<br><br>**California Coastal Commission et al.,**<br><br>Defendants. | 2:24-cv-08893 SB (SKx)<br><br>**ANSWER OF DEFENDANTS TO SECOND AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants Caryl Hart, Dayna Bochco, Linda Escalante, Meagan Harmon, Susan Lowenberg, Ann Notthoff, Effie Turnbull-Sanders, Mike Wilson, Kate Huckelbridge, Cassidy Teufel, Ariel Kelley, Jose Preciado, Raymond Jackson, Christopher Lopez, and Suzanne Smith, all in their official capacity and collectively "Defendants,"[1] hereby answer the Second Amended Complaint (SAC) filed on March 28, 2025, as follows:

---

[1] The Court dismissed the personal capacity claims in the SAC against Defendants Hart, Newsom, Cummings, and Rice, and dismissed the Coastal (continued…)

1

1.    Answering paragraph number 1 of the SAC, the allegations consist of Plaintiff's characterization of the SAC and conclusions or characterizations of law, to which no response is required. To the extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 1 of the SAC.

2.    Answering paragraph number 2 of the SAC, Defendants admit that the California Coastal Commission (Commission) is an agency of the State of California authorized under the California Public Resources Code to implement and enforce the California Coastal Act of 1976. Defendants admit that the longstanding position of the U.S. Department of the Air Force (Air Force) is that the Vandenberg Space Force Base's (Base or Vandenberg Base) commercial space launch programs are federal agency activities that are not subject to the Commission's permitting authority or control. Defendants admit that the Commission's predecessor agency, the California Coastal Zone Conservation Commission, was established by voter initiative in 1972. Defendants admit that the Commission has concurred in consistency determinations by the Air Force pursuant to the Coastal Zone Management Act (CZMA) that certain development associated with commercial space launch programs at the Base is consistent with the enforceable policies of the California Coastal Management Program. Defendants admit that the Commission has recently concurred in consistency determinations by the Air Force relating to other commercial launch providers. Except as specifically admitted, Defendants

Commission. Dkt. 66. Defendants Ariel Kelley, Jose Preciado, Raymond Jackson, and Christopher Lopez, all in their official capacities as Commissioners on the Coastal Commission, are substituted in automatically per FRCP Rule 25(d) for the following defendants named in their official capacities in the SAC who are no longer Commissioners on the Coastal Commission: Catherine Rice, Justin Cummings, Roberto Uranga, and Paloma Aguirre. Additionally, Defendant Suzanne Smith, in her official capacity as an Alternate Commissioner for Commissioner Notthoff, is substituted in automatically per FRCP Rule 25(d) for Defendant Gretchen Newsom in her official capacity and who is no longer an Alternate Commissioner of the Commission.

2

deny generally and specifically each and every allegation in paragraph number 2 of the SAC.

3. Answering paragraph number 3 of the SAC, Defendants deny generally and specifically each and every allegation contained in paragraph number 3 of the SAC.

4. Answering paragraph number 4 of the SAC, Defendants deny generally and specifically each and every allegation contained in paragraph number 4 of the SAC.

5. Answering paragraph number 5 of the SAC, Defendants admit that Commissioner Caryl Hart said at the October 2024 hearing: "My concern's based on the comments by Commissioner Newsom and what's occurred, even though I'm so appreciative of what Space Force has done at Vandenberg, I'm sorry, I just – it's not the other companies. This is about SpaceX increasing their launches, not the other companies increasing their launches." Defendants further admit that Commissioner Caryl Hart said at the October 2024 hearing: "But here we're dealing with a company that does not -- that is the -- the head of which has aggressively injected himself into the presidential race and made it clearer where -- what his point of view is . . . ." Defendants further admit that at the October 2024 hearing Commissioner Gretchen Newsom read a prepared statement and that she stated: "Right now, Elon Musk is hopping about the country, spewing and tweeting political falsehoods and attacking FEMA, while claiming his desire to help the hurricane victims with free Starlink access to the internet." Defendants further admit that at the October 2024 hearing Commissioner Mike Wilson said: "This company is owned by the richest person in the world, with direct control over what could be the most extensive global communication system on the planet, and just last week, that person was speaking about political retribution on a national stage and how -- and it was very glib, and but yet he was standing next to a person, a candidate, that openly promotes and is work -- you know, working to normalize

3

that language, right?" Defendants further admit that Commissioner Dr. Justin Cummings said at the October 2024 hearing: " And then, I guess to -- to some little point earlier that was made -- and I appreciate the -- the apolitical nature under which you all work, but I -- I do -- do share some concern from -- that Commissioner Wilson brought up because of the fact that, you know, last year we did see, you know, the owner of Starlink shut down Starlink when one of our allies was going to attack one of our adversaries. And so while you all and we are all trying to operate in this apolitical space, we do know that the -- the person who controls these companies has enough power to not work in the best interest, when they feel like it, of our allies." Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 5 of the SAC.

6.   Answering paragraph number 6 of the SAC, the allegations consist of Plaintiff's characterization of the SAC and conclusions or characterizations of law, to which no response is required. Defendants repeat their answer to paragraph 111 of the SAC and incorporate it herein by this reference as though set forth again in full. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 6 of the SAC.

7.   Answering paragraph number 7 of the SAC, Defendants deny generally and specifically each and every allegation contained in paragraph number 7 of the SAC.

8.   Answering paragraph number 8 of the SAC, the allegations consist of Plaintiff's characterization of the SAC and conclusions or characterizations of law, to which no response is required. To the extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 8 of the SAC.

9.   Answering paragraph number 9 of the SAC, the allegations consist of Plaintiff's characterization of the SAC and conclusions or characterizations of law,

4

to which no response is required. To the extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 9 of the SAC.

10. Answering paragraph number 10 of the SAC, the allegations consist of Plaintiff's characterization of the SAC and conclusions or characterizations of law, to which no response is required. To the extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 10 of the SAC.

11. Answering paragraph number 11 of the SAC, the allegations consist of Plaintiff's characterization of the SAC and conclusions or characterizations of law, to which no response is required. To the extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 11 of the SAC.

12. Answering paragraph number 12 of the SAC, the allegations consist of Plaintiff's characterization of the SAC and conclusions or characterizations of law, to which no response is required. To the extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 12 of the SAC.

13. Answering paragraph number 13 of the SAC, Defendants admit that Plaintiff SpaceX is a privately held company, that SpaceX maintains facilities at and launches Falcon 9 rockets from Space Launch Complex 4 (SLC-4) at the Vandenberg Base in Santa Barbara County, California, that Elon Musk serves as its CEO, and chairs its board of directors. Except as specifically admitted, Defendants have insufficient information or belief to admit or deny each and every allegation in paragraph number 13 of the SAC, and, basing their denial on the ground, deny the remaining allegations contained in paragraph number 13 of the SAC.

14. Answering paragraph number 14 of the SAC, Defendants admit that Defendant California Coastal Commission is an agency of the State of California

5

that, depending on the agenda at its regularly scheduled public meetings, acts in a quasi-judicial capacity. The California Coastal Act of 1976, California Public Resources Code sections 30000 *et seq*., including Public Resources Code sections 30334(b) and 30803(a), speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 14 of the SAC.

15. Answering paragraph number 15 of the SAC, Defendants admit that Individual Defendant Caryl Hart is a voting Commissioner and was Chair of the Commission. Defendants have insufficient information or belief to admit or deny that Defendant Hart at all relevant times was a voting Commissioner of the Commission, and on that basis, Defendants deny that Defendant Hart at all relevant times was a voting Commissioner of the Commission. Defendants also deny that Defendant Hart is the current Chair of the Commission. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 15 of the SAC.

16. Answering paragraph number 16 of the SAC, Defendants admit that former Individual Defendant Paloma Aguirre was a voting Commissioner of the Commission. Defendants have insufficient information or belief to admit or deny that Defendant Aguirre at all relevant times was a voting Commissioner of the Commission, and on that basis, Defendants deny that Defendant Aguirre at all relevant times was a voting Commissioner of the Commission. Defendants also deny that Defendant Aguirre is a current voting Commissioner of the Commission. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 16 of the SAC.

17. Answering paragraph number 17 of the SAC, Defendants admit that Individual Defendant Dayna Bochco is a voting Commissioner of the Commission. Defendants have insufficient information or belief to admit or deny that Defendant Bochco at all relevant times was a voting Commissioner of the Commission, and on

that basis, Defendants deny that Defendant Bochco at all relevant times was a voting Commissioner of the Commission. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 17 of the SAC.

18. Answering paragraph number 18 of the SAC, Defendants admit that former Individual Defendant Justin Cummings was a voting Commissioner of the Commission. Defendants have insufficient information or belief to admit or deny that Defendant Cummings at all relevant times was a voting Commissioner of the Commission, and on that basis, Defendants deny that Defendant Cummings at all relevant times was a voting Commissioner of the Commission. Defendants also deny that Defendant Cummings is a current voting Commissioner of the Commission. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 18 of the SAC.

19. Answering paragraph number 19 of the SAC, Defendants admit that Individual Defendant Linda Escalante is a voting Commissioner of the Commission. Defendants have insufficient information or belief to admit or deny that Defendant Escalante at all relevant times was a voting Commissioner of the Commission, and on that basis, Defendants deny that Defendant Escalante at all relevant times was a voting Commissioner of the Commission. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 19 of the SAC.

20. Answering paragraph number 20 of the SAC, Defendants admit that Individual Defendant Meagan Harmon is a voting Commissioner of the Commission. Defendants have insufficient information or belief to admit or deny that Defendant Harmon at all relevant times was a voting Commissioner of the Commission, and on that basis, Defendants deny that Defendant Harmon at all relevant times was a voting Commissioner of the Commission. Except as

specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 20 of the SAC.

21. Answering paragraph number 21 of the SAC, Defendants admit that Individual Defendant Susan Lowenberg is a voting Commissioner of the Commission. Defendants have insufficient information or belief to admit or deny that Defendant Lowenberg at all relevant times was a voting Commissioner of the Commission, and on that basis, Defendants deny that Defendant Lowenberg at all relevant times was a voting Commissioner of the Commission. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 21 of the SAC.

22. Answering paragraph number 22 of the SAC, Defendants admit that Individual Defendant Ann Notthoff is a voting Commissioner of the Commission. Defendants have insufficient information or belief to admit or deny that Defendant Notthoff at all relevant times was a voting Commissioner of the Commission, and on that basis, Defendants deny that Defendant Notthoff at all relevant times was a voting Commissioner of the Commission. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 22 of the SAC.

23. Answering paragraph number 23 of the SAC, Defendants admit that former Individual Defendant Catherine Rice was a voting Commissioner of the Commission. Defendants have insufficient information or belief to admit or deny that Defendant Rice at all relevant times was a voting Commissioner of the Commission, and on that basis, Defendants deny that Defendant Rice at all relevant times was a voting Commissioner of the Commission. Defendants also deny that Defendant Rice is a current voting Commissioner of the Commission. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 23 of the SAC.

24. Answering paragraph number 24 of the SAC, Defendants admit that Individual Defendant Effie Turnbull-Sanders is a voting Commissioner of the Commission. Defendants have insufficient information or belief to admit or deny that Defendant Turnbull-Sanders at all relevant times was a voting Commissioner of the Commission, and on that basis, Defendants deny that Defendant Turnbull-Sanders at all relevant times was a voting Commissioner of the Commission. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph 24 of the SAC.

25. Answering paragraph number 25 of the SAC, Defendants admit that former Individual Defendant Roberto Uranga was a voting Commissioner of the Commission. Defendants have insufficient information or belief to admit or deny that Defendant Uranga at all relevant times was a voting Commissioner of the Commission, and on that basis, Defendants deny that Defendant Uranga at all relevant times was a voting Commissioner of the Commission. Defendants deny that Defendant Uranga is a current voting Commissioner of the Commission. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 25 of the SAC.

26. Answering paragraph number 26 of the SAC, Defendants admit that Individual Defendant Mike Wilson is a voting Commissioner of the Commission. Defendants have insufficient information or belief to admit or deny that Defendant Wilson at all relevant times was a voting Commissioner of the Commission, and on that basis, Defendants deny that Defendant Wilson at all relevant times was a voting Commissioner of the Commission. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 26 of the SAC.

27. Answering paragraph number 27 of the SAC, Defendants admit that Individual Defendant Gretchen Newsom was an Alternate for Commissioner Ann Notthoff. Defendants admit that Defendant Newsom served as a voting

Commissioner on a matter relating to the Falcon 9 launch program at the Base. Defendants also deny that Defendant Newsom is a current Alternate Commissioner of the Commission. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 27 of the SAC.

28. Answering paragraph number 28 of the SAC, Defendants admit that Individual Defendant Kate Huckelbridge is the Executive Director of the Commission. Defendants admit that Defendant Huckelbridge is responsible for the direction and supervision of activities undertaken by the Commission. Defendants have insufficient information or belief to admit or deny that Defendant Huckelbridge at all relevant times was the Executive Director of the Commission, and on that basis, Defendants deny that Defendant Huckelbridge at all relevant times was the Executive Director of the Commission. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 28 of the SAC.

29. Answering paragraph number 29 of the SAC, Defendants admit that Individual Defendant Cassidy Teufel is the Deputy Director of the Commission's Energy, Ocean Resources, and Federal Consistency Division. Defendants have insufficient information or belief to admit or deny that Defendant Teufel at all relevant times was the Deputy Director of the Commission's Energy, Ocean Resources, and Federal Consistency Division, and on that basis, Defendants deny that Defendant Teufel at all relevant times was the Deputy Director of the Commission's Energy, Ocean Resources, and Federal Consistency Division. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 29 of the SAC.

30. Answering paragraph number 30 of the SAC, each and every allegation in this paragraph constitutes Plaintiff's characterizations of its lawsuit and conclusions or characterizations of law, to which no response is required. To the

extent a further response is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 30 of the SAC.

31. Answering paragraph number 31 of the SAC, each and every allegation in this paragraph constitutes Plaintiff's characterizations of its lawsuit and conclusions or characterizations of law, to which no response is required. To the extent a further response is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 31 of the SAC.

32. Answering paragraph number 32 of the SAC, each and every allegation in this paragraph constitutes plaintiff's characterizations of its lawsuit and conclusions or characterizations of law, to which no response is required. To the extent a further response is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 32 of the SAC.

33. Answering paragraph number 33 of the SAC, each and every allegation in this paragraph constitutes Plaintiff's characterizations of its lawsuit and conclusions or characterizations of law, to which no response is required. The federal enclave doctrine speaks for itself. The court in *Haining v. Boeing Co.*, No. 2:12-CV-10704-ODW, 2013 WL 4874975, at *2 (C.D. Cal. Sept. 11, 2013) (citing *Taylor v. Lockheed Martin Corp.*, 78 Cal. App. 4th 472, 480-81 (2000)) speaks for itself. To the extent a further response is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 33 of the SAC.

34. Answering paragraph number 34 of the SAC, each and every allegation in this paragraph constitutes Plaintiff's characterizations of its lawsuit and conclusions or characterizations of law, to which no response is required. To the extent a further response is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 34 of the SAC.

35. Answering paragraph number 35 of the SAC, each and every allegation in this paragraph constitutes Plaintiff's characterizations of its lawsuit and

conclusions or characterizations of law, to which no response is required. To the extent a further response is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 35 of the SAC.

36. Answering paragraph number 36 of the SAC, each and every allegation in this paragraph constitutes Plaintiff's characterizations of its lawsuit and conclusions or characterizations of law, to which no response is required. To the extent a further response is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 36 of the SAC.

37. Answering paragraph number 37 of the SAC, each and every allegation in this paragraph constitutes Plaintiff's characterizations of its lawsuit and conclusions or characterizations of law, to which no response is required. To the extent a further response is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 37 of the SAC.

38. Answering paragraph number 38 of the SAC, the CZMA, specifically 16 U.S.C. § 1452, speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 38 of the SAC.

39. Answering paragraph number 39 of the SAC, the CZMA, specifically 16 U.S.C. § 1453(1), speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 39 of the SAC.

40. Answering paragraph number 40 of the SAC, the CZMA, specifically 16 U.S.C. §§ 1455(d) and 1453(6a), speaks for itself. The Code of Federal Regulations, specifically 15 C.F.R. § 923.33(a), speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 40 of the SAC.

41. Answering paragraph number 41 of the SAC, section 307 of the CZMA, specifically 16 U.S.C. § 1456(c), speaks for itself. Except as specifically admitted,

Defendants deny generally and specifically each and every allegation contained in paragraph number 41 of the SAC.

42. Answering paragraph number 42 of the SAC, the CZMA and its implementing regulations, including 15 C.F.R. Pt. 930 Subpts. C & D, speak for themselves. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 42 of the SAC.

43. Answering paragraph number 43 of the SAC, the CZMA and its implementing regulations, including 16 U.S.C. §§ 1456(c)(1)(A) and (c)(1)(C), and 15 C.F.R. §§ 930.31(a), 930.32(a)(1), 930.35, 930.36, 930.4, and 930.41, speak for themselves. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 43 of the SAC.

44. Answering paragraph number 44 of the SAC, the CZMA and its implementing regulations, including 16 U.S.C. § 1456(c)(3)(A), 15 C.F.R. §§ 930.51, 930.54, 930.57, 930.60(a), 930.62(a), 930.64, and 5 C.F.R. Pt. 930 Subpt. H, speak for themselves. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 44 of the SAC.

45. Answering paragraph number 45 of the SAC, the CZMA and the California Coastal Act, including Cal. Pub. Res. Code § 30008, speak for themselves. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 45 of the SAC.

46. Answering paragraph number 46 of the SAC, the California Coastal Act, including Cal. Pub. Res. Code § 30330, speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 46 of the SAC.

47. Answering paragraph number 47 of the SAC, the California Coastal Act, including Cal. Pub. Res. Code § 30301, speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 47 of the SAC.

48. Answering paragraph number 48 of the SAC, the California Coastal Act, including Cal. Pub. Res. Code §§ 30008 and 30103, speak for themselves. 15 U.S.C. § 1453(1) also speaks for itself. Defendants admit that "NOAA & California Coastal Commission, Combined State of California Coastal Management Program and Final Environmental Impact Statement at 40 (Aug. 1977)" is a document that exists and that this document speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 48 of the SAC.

49. Answering paragraph number 49 of the SAC, each and every allegation in this paragraph constitutes conclusions or characterizations of law, to which no response is required. To the extent a further response is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 49 of the SAC.

50. Answering paragraph number 50 of the SAC, the California Coastal Act, including Cal. Pub. Res. Code §§ 30600(a), 30604(a), and 30200(a), speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 50 of the SAC.

51. Answering paragraph number 51 of the SAC, the California Coastal Act and its implementing regulations, including Cal. Pub. Res. Code § 30604(d) and 14 Cal. Code. Regs. § 13050.5(b), speak for themselves. The court in *Sierra Club v. Cal. Coastal Comm'n*, 35 Cal. 4th 839, 848, 855 (2005) also speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 51 of the SAC.

52. Answering paragraph number 52 of the SAC, the California Coastal Act, including Cal. Pub. Res. Code §§ 30809 and 30810, speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 52 of the SAC.

53. Answering paragraph number 53 of the SAC, the California Coastal Act, including Cal. Pub. Res. Code § 30811, speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 53 of the SAC.

54. Answering paragraph number 54 of the SAC, the California Coastal Act, including Cal. Pub. Res. Code §§ 30820, 30821, 30821.3, and 30821.6, speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 54 of the SAC.

55. Answering paragraph number 55 of the SAC, the California Coastal Act, including Cal. Pub. Res. Code §§ 30803, 30805, 30821.6, speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 55 of the SAC.

56. Answering paragraph number 56 of the SAC, Defendants have insufficient information or belief to admit or deny each and every allegation in paragraph number 56 of the SAC, and, basing their denial on the ground, deny each and every allegation contained in paragraph number 56 of the SAC.

57. Answering paragraph number 57 of the SAC, Defendants admit that SpaceX's first launch of Falcon 9 from Vandenberg Base was in 2013. Except as expressly admitted, Defendants have insufficient information or belief to admit or deny each and every allegation in paragraph number 57 of the SAC, and, basing their denial on that ground, deny each and every allegation contained in paragraph number 57 of the SAC.

58. Answering paragraph number 58 of the SAC, Defendants admit that Space Force is within the Air Force. Except as expressly admitted, Defendants have

15

insufficient information or belief to admit or deny each and every allegation in paragraph number 58 of the SAC, and, basing their denial on that ground, deny each and every allegation contained in paragraph number 58 of the SAC.

59. Answering paragraph number 59 of the SAC, Defendants have insufficient information or belief to admit or deny each and every allegation in paragraph number 59 of the SAC, and, basing their denial on that ground, deny each and every allegation contained in paragraph number 59 of the SAC.

60. Answering paragraph number 60 of the SAC, Defendants admit that Unshin Lee Harpley's article Space Force Awards Contract to SpaceX for Starshield, Its New Satellite Network, AIR & SPACE FORCES MAGAZINE (Oct. 4, 2023), available at https://www.airandspaceforces.com/space-force-contract-spacex-starshield/, exists and is a document that speaks for itself. Except as expressly admitted, Defendants have insufficient information or belief to admit or deny each and every allegation in paragraph number 60 of the SAC, and, basing their denial on that ground, deny each and every allegation contained in paragraph number 60 of the SAC.

61. Answering paragraph number 61 of the SAC, Defendants admit that Sandra Erwin's article Pentagon's Commercial Satellite Internet Services Program Soars to $13 Billion, SPACENEWS (Oct. 29, 2024), available at https://spacenews.com/pentagons-commercial-satellite-internet-services-program-soars-to-13-billion/, exists and is a document that speaks for itself. Except as specifically admitted, Defendants have insufficient information or belief to admit or deny each and every allegation in paragraph number 61 of the SAC, and, basing their denial on that ground, deny each and every allegation contained in paragraph number 61 of the SAC.

62. Answering paragraph number 62 of the SAC, Defendants have insufficient information or belief to admit or deny each and every allegation in

paragraph number 62 of the SAC, and, basing their denial on that ground, deny each and every allegation contained in paragraph number 62 of the SAC.

63. Answering paragraph number 63 of the SAC, the Commercial Space Launch Act of 1994, including 51 U.S.C. § 50901, speaks for itself.  Defendants have insufficient information or belief to admit or deny the first sentence in paragraph number 63 of the SAC, and, basing their denial on that ground, deny each and every allegation contained in the first sentence in paragraph number 63 of the SAC. To the extent a further response is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 63 of the SAC.

64. Answering paragraph number 64 of the SAC, the National Defense Authorization Act of 2004, including 10 U.S.C. § 2273, speaks for itself. To the extent a further response is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 64 of the SAC.

65. Answering paragraph number 65 of the SAC, the National Defense Authorization Act of 2013, including 10 U.S.C. § 2776, and the National Defense Authorization Act of 2024, including Pub. Law 118-31 § 1603, speak for themselves. To the extent a further response is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 65 of the SAC.

66. Answering paragraph number 66 of the SAC, Defendants admit the existence of a 2022 Department of Defense document entitled "2022 National Defense Strategy", available at https://media.defense.gov/2022/Oct/27/2003103845/-1/-1/1/2022-NATIONAL-DEFENSE-STRATEGY-NPR-MDR.PDF, and that this document speaks for itself. Defendants admit the existence of a 2024 Department of Defense document entitled "Commercial Space Integration Strategy", available at https://media.defense.gov/2024/Apr/02/2003427610/-1/-1/1/2024-DOD-

COMMERCIAL-SPACEIN-TEGRATION-STRATEGY.PDF, and that this document speaks for itself. Except as specifically admitted, Defendants have insufficient information or belief to admit or deny each and every allegation in paragraph number 66 of the SAC, and, basing their denial on that ground, deny each and every allegation contained in paragraph number 66 of the SAC.

67. Answering paragraph number 67 of the SAC, Defendants admit the existence of a 2024 Department of the Air Force document entitled "U.S. Space Force Commercial Space Strategy", available at https://www.spaceforce.mil/Portals/2/Documents/Space%20Policy/USSF_Commercial_Space_Strategy.pdf, and that this document speaks for itself. Except as specifically admitted, Defendants have insufficient information or belief to admit or deny each and every allegation in paragraph number 67 of the SAC, and, basing their denial on that ground, deny each and every allegation contained in paragraph number 67 of the SAC.

68. Answering paragraph number 68 of the SAC, Defendants deny that California has ceded a portion of the land on which the Base is located to the U.S. Government. Defendants further deny that California did not reserve any authority to apply its state laws to Vandenberg Base. Except as specifically denied, Defendants have insufficient information or belief to admit or deny each and every allegation in paragraph number 68 of the SAC, and, basing their denial on that ground, deny each and every allegation contained in paragraph number 68 of the SAC.

69. Answering paragraph number 69 of the SAC, Defendants admit that, in 1996, the world's first commercial spaceport became operational at Vandenberg Base. Defendants have insufficient information or belief to admit or deny each and every allegation in paragraph number 69 of the SAC, and, basing their denial on the ground, deny each and every allegation contained in paragraph number 69 of the SAC.

70. Answering paragraph number 70 of the SAC, Defendants admit the existence of a 2023 Supplemental Environmental Assessment for Falcon 9 launch activities and that that document speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 70 of the SAC.

71. Answering paragraph number 71 of the SAC, Defendants have insufficient information or belief to admit or deny each and every allegation in paragraph number 71 of the SAC, and, basing their denial on that ground, deny each and every allegation contained in paragraph number 71 of the SAC.

72. Answering paragraph number 72 of the SAC, Defendants admit that the longstanding position of the Air Force is that the Base's commercial space launch programs are federal agency activity under the CZMA and determined that the programs are consistent with policies protecting California's coastal resources. Defendants admit the existence of Air Force determinations CD-049-98, ND-103-03, ND-088-05, ND-0027-20, ND-0020-21, CD-0010-21, and CD-0010-22 and that these determinations speak for themselves. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 72 of the SAC.

73. Answering paragraph number 73 of the SAC, Defendants admit the Commission has requested that other private companies developing space launch facilities at Vandenberg Base submit CDPs for their operations. Defendants also admit that no commercial space launch operator, including SpaceX, has ever been required to obtain a CDP. Defendants deny that SpaceX was ever required to obtain a CDP. Except as specifically admitted or denied, Defendants deny generally and specifically each and every allegation contained in paragraph number 73 of the SAC.

74. Answering paragraph number 74 of the SAC, Defendants admit that the Department of Defense treats commercial launch operator's launch programs at the

Base as federal agency activities, as demonstrated by recent concurrences relating to other commercial launch providers. Exhibits A and B to the SAC speak for themselves. Defendants admit that, as part of its Consistency Determination No. CD-0007-24, Commission staff sought additional information from SpaceX or the Space Force to demonstrate how the proposed activities are those of a federal agency, rather than private commercial activity potentially subject to the need to obtain a CDP. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 74 of the SAC.

75. Answering paragraph number 75 of the SAC, Defendants admit that the Commission has repeatedly reviewed determinations by the Air Force pursuant to the CZMA for the Base's launch programs as federal agency activity and has concurred that those activities are consistent with policies protecting California's coastal resources. Exhibits C and D to the SAC speak for themselves. Defendants also admit the existence of the ND-0027-20 Concurrence and ND-0020-21 Concurrence and that these documents speak for themselves. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 75 of the SAC.

76. Answering paragraph number 76 of the SAC, the Coastal Zone Management Act speaks for itself. Defendants admit that the Air Force's longstanding position is that launches from the Base are federal agency activities subject to state consistency review under Section 307(c)(1) of the CZMA. Defendants further admit that based on their current understanding of the launches, the launches are not listed as federally permitted activities in the California coastal management program. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 76 of the SAC.

///

77. Answering paragraph number 77 of the SAC, Defendants admit all allegations therein.

78. Answering paragraph number 78 of the SAC, Defendants admit that SpaceX currently leases from the Air Force land at the Base and that it uses that land for the Falcon 9 rocket launch and landing activities. Any lease agreement between SpaceX and the Air Force speaks for itself. Except as specifically admitted, Defendants have insufficient information or belief to admit or deny each and every allegation in paragraph number 78 of the SAC, and, basing their denial on that ground, deny each and every allegation contained in paragraph number 78 of the SAC.

79. Answering paragraph 79 of the SAC, Defendants admit that the Air Force treats commercial launch operator's launch programs at the Base as federal agency activities, as demonstrated by recent concurrences relating to other commercial launch providers. Exhibits E, F, G, and H speak for themselves. Defendants further admit that ND-055-10, ND-0035-14, ND-0027-15, and ND-0009-23 exist and that these documents speak for themselves. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 79 of the SAC.

80. Answering paragraph number 80 of the SAC: Defendants admit that the Air Force's 2011 Environmental Assessment ("EA"), available at https://apps.dtic.mil/sti/pdfs/ADA612280.pdf; 2016 EA, available at https://www.vandenberg.spaceforce.mil/Portals/18/documents/Environmental/EIAP-2016-04-1_EA_Falcon9_Boost-back.pdf; and 2018 Supplemental EA, available at https://www.vandenberg.spaceforce.mil/Portals/18/documents/Environmental/EIAP-2018-01-31_SEA_Falcon9_Launch-Boost-back.pdf exist and that these documents speak for themselves. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 80 of the SAC.

81. Answering paragraph 81 of the SAC, Defendants admit that the Air Force is currently proposing to further increase SpaceX's Falcon 9 launch cadence at the Base to 100 launches annually. Defendants further admit that preparation of an Environmental Impact Statement under the National Environmental Policy Act is currently underway. Except as specifically admitted, Defendants have insufficient information or belief to admit or deny each and every allegation in paragraph number 81 of the SAC, and, basing their denial on that ground, deny each and every allegation contained in paragraph number 81 of the SAC.

82. Answering paragraph 82 of the SAC, Defendants have insufficient information or belief to admit or deny each and every allegation in paragraph number 82 of the SAC, and, basing their denial on that ground, deny each and every allegation contained in paragraph number 82 of the SAC.

83. Answering paragraph number 83 of the SAC, Defendants admit that the Air Force's Supplemental EA for the launch cadence increase of Falcon 9 rockets at the Base to up to 36 launches annually exists and is a document that speaks for itself. Defendants admit that the Falcon 9's proposed cadence increases underwent environmental and safety review by multiple federal agencies. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 83 of the SAC.

84. Answering paragraph number 84 of the SAC, ND-0009-23 is a document that speaks for itself. Exhibit H speaks for itself. To the extent a further response is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 84 of the SAC.

85. Answering paragraph number 85 of the SAC, Defendants admit that, on December 15, 2023 and consistent with the CZMA's federal consistency regulations, 15 CFR § 930.45, the Commission approved a resolution re-opening the Executive Director's prior ND-0009-23 Concurrence by finding that the original negative determination made by the Air Force for the subject SpaceX launch

22

activity was no longer applicable to the project as it was being carried out. The Commission further admits that this resolution authorized the Executive Director to prepare and send a letter to Space Force requesting remedial actions to address the inconsistencies and ensure launch activities by SpaceX were carried out consistent with the enforceable policies of California's Coastal Management Program. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 85 of the SAC.

86. Answering paragraph number 86 of the SAC, Exhibit I speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 86 of the SAC.

87. Answering paragraph number 87 of the SAC, Defendants admit that the Air Force agreed to submit a consistency determination (CD-0003-24) for the 36-launch cadence increase. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 87 of the SAC.

88. Answering paragraph number 88 of the SAC, Exhibit J speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 86 of the SAC.

89. Answering paragraph number 89 of the SAC, the Commission's March 28, 2024 staff report, available at https://documents.coastal.ca.gov/reports/2024/4/w13a/w13a-4-2024-report.pdf, exists and is a document that speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 89 of the SAC.

90. Answering paragraph number 90 of the SAC, Defendants admit that, at the Commission's April 10, 2024 meeting, the Commission voted unanimously to continue its decision on whether to concur with CD-0003-24. Defendants further admit that Kristina Kunkel, in her role as a non-voting member of the Commission

on behalf of the State Lands Commission, said: "I just don't think that SpaceX should be able to skirt the requirements for a CDP when there's clear intent to conduct primarily for-profit business activity and not federal activity." Defendants further admit that Commissioner Chair Hart stated: "So the issues that I think that are before us today, just to list them, is a consideration of what Commissioner Bochco has called a bifurcation and that sort of falls into two categories – one is bifurcating – uh  - DO - Space Force returning to us with their payload and requesting concurrence for that, which I think everyone has agreed here is within the federal consistency – it's appropriate" and "a consideration of whether a CDP should be required for private companies and how that - could that be bifurcated or how that would proceed," among other issues. Defendants admit that Commissioner Cummings stated that "I'm totally happy with providing us with more time, but I do also want to, you know, just recognize the fact that we have approved these types of federal determinations for other companies, and so I think that, you know, it's worth us trying to figure out whether or not this is appropriate but then, at the same time, we've already approved these in the past so we've now set a precedent for how we're approving these kinds of permits and federal consistency determinations versus forcing a private company to get a CDP...." Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 90 of the SAC.

91. Answering paragraph number 91 of the SAC, Defendants admit that, at the Commission's May 10, 2024 meeting, the U.S. Space Force gave an informational presentation on space launch and landing operations at Vandenberg Space Force Base. Defendants further admit that Colonel Brian Titus, at the beginning of the informational presentation, stated that "since our last discussion, and in response to your [the Commissioners'] concerns, we've developed a presentation that provides a broad picture of launch operations at Vandenberg and discusses a phased approach to our consultations with the Commission. We'll also

provide an update on several topics from last month…to help inform the decision on our 36 launch federal consistency application." Defendants admit that, during this presentation, Space Force provided some additional information on the Falcon 9 launch operations at the Base. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 91 of the SAC.

92. Answering paragraph number 92 of the SAC, Defendants admit that, at the Commission's May 10, 2024 meeting, Commissioner Wilson stated that "I question the national security public benefit of concentrating that much power, literally power, communication power, into one company that we are enabling in this case, in a company that has already shown that it will play in international conflicts directly at the will of a single human being." Defendants further admit that Commissioner Wilson stated that this concern "is probably broader than maybe this organization [the Commission] can deal with." Defendants further admit that Commissioner Cummings" at that same meeting asked "what controls does the US government have once these payloads have entered into space because … when the Ukraine was preparing to launch an attack on Russians, Elon Musk decided to suspend Starlink, which prevented them from being able to carry out their attack. And with Ukraine being one of our allies, one would suspect that that would actually violate our kind of strategies around National Defense." Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 92 of the SAC.

93. Answering paragraph number 93 of the SAC, Exhibit K speaks for itself. Answering the last sentence in paragraph number 93, Defendants repeat their answers to paragraphs 52-55, inclusive, of the SAC and incorporate them herein by this reference as though set forth again in full. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 93 of the SAC.

94. Answering paragraph number 94 of the SAC, Exhibit L speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 94 of the SAC.

95. Answering paragraph number 95 of the SAC, Defendants admit that, prior to the Commission's June meeting, Commission staff postponed the hearing on the Air Force's consistency determination for the 36-launch cadence increase. Defendants admit that the Air Force and Commission staff continued discussions to try to address the Commission's concerns. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 95 of the SAC.

96. Answering paragraph number 96 of the SAC, Exhibit M speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 96 of the SAC.

97. Answering paragraph number 97 of the SAC, Exhibit N speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 97 of the SAC.

98. Answering paragraph number 98 of the SAC, Defendants admit that the Commission on August 8, 2024 adopted the July 25, 2024 staff report and conditionally concurred in the Air Force's consistency determination. Defendants further admit that, during the August 8, 2024 meeting, Commissioner Wilson said: "And we see, you know, actors in that space both engaging in foreign military activities, engaging in misinformation, dabbling in misinformation within the social media spheres in which they're in and those sorts of things, which makes me question our ability to manage the benevolency of this private industry under this umbrella of the public good, which our military is supposed to be part of our public good and national security as well." Defendants further admit that, during the August 8, 2024 meeting, Commissioner Cummings said: "[W]hat we saw about a year ago was that Starlink was shut down when one of our allies was trying to

utilize that technology to attack one of our adversaries. When the Ukraine was trying to conduct a drone attack on Russia, Starlink shut down that technology and prevented them from utilizing that technology for an attack that they were trying to do to defend their nation against a foreign invader, who we've identified as being one of our enemies. So the notion that what we're doing and the approval of these rocket launches is for national defense, you know, it's concerning to me when some of our allies are not being allowed to utilize the technology that's being deployed in these launches when they need it most." Defendants have insufficient information or belief to admit or deny whether Commissioner Cummings' concerns were based on a false, debunked conspiracy theory, and, basing their denial on that ground, deny that allegation. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 98 of the SAC.

99. Answering paragraph number 99 of the SAC, Exhibit O speaks for itself. Defendants admit that after the August hearing, the Air Force continued to work with the Commission to resolve the Commission's concerns regarding the Commission's first three conditions of its August 8, 2024 conditional concurrence. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 99 of the SAC.

100. Answering paragraph number 100 of the SAC, Exhibit P speaks for itself. Defendants admit that the Air Force agreed to the Commission's conditions, which were conditions to mitigate the 36-launch cadence increase's reasonably foreseeable coastal resource effects. Except as specifically admitted, Defendants have insufficient information or belief to admit or deny each and every allegation in paragraph number 100 of the SAC, and, basing their denial on that ground, deny each and every allegation contained in paragraph number 100 of the SAC.

///

101. Answering paragraph number 101 of the SAC, Defendants deny generally and specifically each and every allegation contained in paragraph number 101 of the SAC.

102. Answering paragraph number 102 of the SAC, Defendants admit that Deputy Director Teufel's August 19, 2024 and August 23, 2024 emails are writings that exist and speak for themselves. To the extent a further response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 102 of the SAC.

103. Answering paragraph number 103 of the SAC, Defendants deny generally and specifically each and every allegation contained in paragraph number 103 of the SAC.

104. Answering paragraph number 104 of the SAC, Defendants admit that during the September 13, 2024 call with SpaceX and Mr. Teufel, SpaceX shared its position, which is also shared by the Air Force, that the Base's commercial space launch programs are not subject to the Coastal Act's CDP requirement. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 104 of the SAC.

105. Answering paragraph number 105 of the SAC, Exhibits Q and R speak for themselves. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 105 of the SAC.

106. Answering paragraph number 106 of the SAC, Exhibit S speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 106 of the SAC.

107. Answering paragraph number 107 of the SAC, Defendants admit that, at the October 10, 2024 meeting, Mr. Teufel stated that Commission staff had, "over the past month, been able to engage directly with SpaceX" regarding

SpaceX's perspective that its launches are a federal agency activity subject to consistency determination review. Defendants also admit that, at the October 10, 2024 meeting, Mr. Teufel stated that Commission staff and SpaceX "[we]re still very much in that space of discussing each party's perspectives, and hopefully trying to find an amicable path forward." Defendants admit that, in response to a question from Commissioner Lowenberg about whether all Commission decisions related to SpaceX activity would need to go through the federal government, Mr. Teufel responded that he "would hope that when SpaceX submits a Coastal Development Permit application, that would come before you [the Commission] directly" and "[a]dditionally, there's a consistency certification process also through the Coastal Zone Management Act. It's still a federal consistency process, but in that, SpaceX would be the applicant directly." Defendants further admit that, at the October 10, 2024 meeting, Mr. Teufel stated that: "[T]his is a unique type of a project where the Commission has the authority to pursue all three of those regulatory approaches, and that's -- that's what we're doing as staff. And so we expect that, through the consistency certification and the CDP, that SpaceX would be before you." Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 107 of the SAC.

108.    Answering paragraph number 108 of the SAC, Defendants admit that the Commissioner' action at their October 10, 2024 hearing differed from their staff's recommendation to concur with the Air Force's consistency determination addressing the cadence increase to 50 launches. Defendants admit that at that hearing Commissioner Chair Hart stated that she "appreciate[d] that there is an element of the federal government here, but this is really about -- primarily about private company activities for which we really need a CDP application." Defendants admit that Commissioner Bochco responded by saying "I completely concur with both of you, Lowenberg and Hart and Uranga." Defendants admit that

29

Commissioner Bochco also said at that hearing that "[t]he problem here is SpaceX, not with the Department of Justice or the Air Force. It's just not" and that "what I read from your department [the Air Force] about why this is all defense, it -- it didn't ring true to me." Defendants admit that Commissioner Cummings said "I'm really uncomfortable with where we're going, and the absence of a lot of data, but I do just want to acknowledge the works and the agreements that we reached to get to where we are today; and I think moving forward, to Commissioner Bochco's point, there needs to be some acknowledgement of as we're increasing these launches, how many are for, like, specifically for defense, versus for SpaceX in a private company." Defendants admit that Commissioner Chair Hart stated that "it is essential that SpaceX apply for a CDP" and that "[t]here is no other way forward, in my opinion." Defendants admit that Commissioner Chair Hart stated that "it is essential that SpaceX apply for a CDP"; "[w]e are going to hit a wall here, from my perspective"; and that "[t]here is no other way forward, in my opinion." Defendants admit that Commission Executive Director stated that "we have been working on the CD with the Space Force and the Air Force, and as a separate track, we are pursuing a CDP with SpaceX." Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 108 of the SAC.

109.    Answering paragraph number 109 of the SAC, Defendants admit that Commissioner Chair Hart asked the following question to the Air Force about a potential change in leadership at the Base: "[W]e are now beginning to build a relationship of which you are the lead, of course, with Colonel Shoemaker and his team. At our next Commission meeting -- an election will occur between now and our next Commission meeting -- will our -- this working group, which -- of which you are the head or one of -- on your side of it right now, it seems to me -- will you be remaining in that role if there were a change in administrations?" Defendants admit that Commissioner Chair Hart, in the context of a hearing to consider

whether to concur with the Air Force's consistency determination to increase the cadence of SpaceX launches, said: "My concern's based on the comments by Commissioner Newsom and what's occurred, even though I'm so appreciative of what Space Force has done at Vandenberg, I'm sorry, I just – it's not the other companies. This is about SpaceX increasing their launches, not the other companies increasing their launches." Defendants further admit that Commissioner Chair Hart said "But here we're dealing with a company that does not -- that is the -- the head of which has aggressively injected himself into the presidential race and made it clearer where -- what his point of view is." Defendants admit that Commissioner Newsom said that "Elon Musk is hopping about the country, spewing and tweeting political falsehoods and attacking FEMA, while claiming his desire to help the hurricane victims with free Starlink access to the internet." Defendants admit that, in response to Commissioner Newsom's comments, Commissioner Cummings said "I totally agree and concur with -- with everything that Commissioner Newsom has said." Defendants admit that Commissioner Cummings said that "And so while you all and we are all trying to operate in this apolitical space, we do know that the -- the person who controls these companies has enough power to not work in the best interest, when they feel like it, of our allies." Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 109 of the SAC.

110.    Answering paragraph number 110 of the SAC, Defendants admit that Commissioner Newsom spoke about SpaceX's labor practices and that the USA Today report she cited is a document that exists and speaks for itself. Defendants admit that, in response to Commissioner Newsom's comments, Commissioner Cummings said "I totally agree and concur with -- with everything that Commissioner Newsom has said." Defendants admit that Commissioner Cummings also said "And I think those of us who are strong labor advocates, you know, in many of the other projects that have come before us, like we've wanted to

31

see, like unionized hotel workers, unionized construction for the construction of hotels or other projects, you know, full affordability. There's certain things that we would love to see, that are outside of our purview." Defendants further admit that Commissioner Aguirre stated that "I appreciate Commissioner Newsom's very thorough comments regarding their labor practices, and it's really disturbing and I didn't -- I didn't know. I didn't have any idea how bad that was, but before us is -- our mandate is coastal resource protection, and obviously in this particular case, we're operating under the CZMA." The last sentence of paragraph number 110 consists of Plaintiff's characterization of the SAC and conclusions or characterizations of law, to which no response is required. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 110 of the SAC.

111.    Answering paragraph number 111 of the SAC, SAC, Defendants admit that Commissioner Wilson said the following: "This company is owned by the richest person in the world, with direct control over what could be the most extensive global communication system on the planet, and just last week, that person was speaking about political retribution on a national stage and how -- and it was very glib, and but yet he was standing next to a person, a candidate, that openly promotes and is work -- you know, working to normalize that language, right? … And we're talking about the promotion of this technology and -- and -- and a human being that has so much power over that, and -- and I just want to acknowledge that." Defendants admit that Commissioner Cummings said the following: "I do -- do share some concern from -- that Commissioner Wilson brought up because of the fact that, you know, last year we did see, you know, the owner of Starlink shut down Starlink when one of our allies was going to attack one of our adversaries. And so while you all and we are all trying to operate in this apolitical space, we do know that the -- the person who controls these companies has enough power to not work in the best interest, when they feel like it, of our allies." Regarding footnote

number 9 of paragraph 111 of the SAC, Defendants have insufficient information or belief to know whether John Plumb and Ryan Evans are authorized to speak on behalf of the Department of Defense, and, basing their denial on this ground, deny the second sentence of footnote 9. Defendants admit that the Department of Defense Space Activities in Review of the Defense Authorization Request for Fiscal Year 2025 and the Future Years Defense Program: Hearings before the U.S. Senate Comm. On Armed Servs. (May 21, 2024) (Testimony of John D. Hill, Deputy Assistant Sec'y of Defense), available at https://www.armed-services.senate.gov/imo/media/doc/5-21-24_sub_strat_forces.pdf, is a writing that exists and speaks for itself. Defendants further admit that the tweets of the Vice Prime Minister of Ukraine, available at https://twitter.com/FedorovMykhailo/status/158934203385860097, exist and speak for themselves. Defendants further admit that Tony Czuczka's September 10, 2024 Bloomberg News article "Blinken Says Musk's Starlink Should Keep Giving Ukraine Full Use," available at https://www.bloomberg.com/news/articles/2023-09-10/blinken-says-musk-s-starlink-should-keep-giving-ukraine-full-use, is a writing that exists and speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 111 of the SAC.

112. Answering paragraph number 112 of the SAC, Defendants deny generally and specifically each and every allegation contained in paragraph number 112 of the SAC.

113. Answering paragraph number 113 of the SAC, Defendants admit that the Commission voted 6-4 to object to the Air Force's consistency determination. Defendants further admit that the majority votes were cast by Commissioners Hart, Newsom, Uranga, Bochco, Aguirre, and Escalante. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 113 of the SAC.

114.     Answering paragraph number 114 of the SAC, Defendants admit that Commissioner Newsom's social media post exists and speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 114 of the SAC.

115.     Answering paragraph 115 of the SAC, Defendants admit that Christopher Cadelago & Debra Kahn's October 18, 2024 article "Newsom on SpaceX Rejection," published in Politico and available at https://www.politico.com/news/2024/10/18/elon-newsom-musk-california-spacex-00184408, is a writing that exists and speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 115 of the SAC.

116.     Answering paragraph 116 of the SAC, Defendants admit that the Air Force's November 1, 2024 letter is a writing that exists and speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 116 of the SAC.

117.     Answering paragraph number 117 of the SAC, Defendants deny generally and specifically each and every allegation contained in paragraph number 117 of the SAC.

118.     Answering paragraph number 118 of the SAC, Exhibit T speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 118 of the SAC.

119.     Answering paragraph number 119 of the SAC, Exhibit T speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 119 of the SAC.

120.     Answering paragraph number 120 of the SAC, Exhibit T speaks for itself. Defendants admit that the Air Force has disagreed with Commission staff's belief that the Falcon 9 launches at SLC-4 do not constitute federal agency activity. Defendants have insufficient information or belief to know whether the Air Force

does not intend to provide any further information, and, basing their denial on this ground, deny the allegations in the first and second sentences of paragraph number 120 that the "Air Force does not intend to provide any further information." The remaining allegations consist of Plaintiff's characterization of the SAC, to which no response is required. To the extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 120 of the SAC.

121.   Answering paragraph number 121 of the SAC, concessions by Defendants through the Attorney General's office is in the motions to dismiss in this litigation and speak for themselves. Except as specifically admitted, Defendants deny generally and specifically each and every allegation in paragraph number 121 of the SAC.

122.   Answering paragraph number 122 of the SAC, Defendants deny generally and specifically each and every allegation in paragraph number 122 of the SAC.

123.   Answering paragraph number 123 of the SAC, Defendants deny generally and specifically each and every allegation contained in paragraph number 123 of the SAC.

124.   Answering paragraph number 124 of the SAC, the Coastal Act, including California Public Resources Code sections 30803, 30805, 30809, 30811, 30821, 30821.3, speaks for itself. Defendants further admit that SpaceX continues to perform launches from the Base, and the Air Force is currently proposing a further cadence increase to up to 100 launches a year. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 124 of the SAC.

125.   Answering paragraph number 125 of the SAC, Defendants admit that the Air Force is currently proposing to increase the cadence of Falcon 9 launches from the Base to up to 100 launches a year. Except as specifically

admitted, Defendants deny generally and specifically each and every allegation in paragraph number 125 of the SAC.

126. Answering paragraph number 126 of the SAC, Defendants admit that in 2023 the Commission opened a total of 110 enforcement cases, 79 percent of which involved unpermitted developments and 21 percent of which involved CDP violations. Defendants admit that, as of April 2024, 15 percent of those cases had been resolved and an additional 53 percent were in active negotiations. Defendants admit that, in 2024, the total number of violation cases was 109, with 39 percent involving CDP violations. Defendants admit that the Commission staff have requested CDP applications for projects occurring on military bases or that have been federally approved. Defendants admit that Commission staff has informed SpaceX that Commission staff has requested CDPs for development projects on military bases. Except as specifically admitted, Defendants deny generally and specifically each and every allegation in paragraph number 126 of the SAC.

127. Answering paragraph number 127 of the SAC, the courts in *Sayles Hydro Assocs. v. Maughan*, 985 F.2d 451, 454 (9th Cir. 1993) and *Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 200 (1983) speak for themselves. The second, third, fourth, and fifth sentences contain Plaintiff's characterization of the SAC and conclusions or characterizations of law, to which no response is required. Except as specifically admitted, Defendants deny generally and specifically each and every allegation in paragraph number 127 of the SAC.

128. Answering paragraph number 128 of the SAC, Defendants deny that the Commission has made unlawful CDP demands. Defendants have insufficient information or belief to admit or deny that SpaceX would suffer extremely costly delays to its business operations if it should apply for a CDP, and, basing their denial on that ground, deny that SpaceX would suffer extremely costly delays to its business operations if it should apply for a CDP. The second, third, and fourth

sentences contain Plaintiff's conclusions or characterizations of law, to which no response is required. Defendants have insufficient information or belief to admit or deny remaining allegations in the second, third, and fourth sentences, and, basing their denial on the ground, deny each and every remaining allegation contained in those sentences. Defendants have insufficient information or belief to admit or deny each and every allegation in the fifth, sixth, seventh, and eighth sentences, and, basing their denial on that ground, deny each and every allegation contained in those sentences. Except as specifically admitted, Defendants deny generally and specifically each and every allegation in paragraph number 128 of the SAC.

129. Answering paragraph number 129 of the SAC, Defendants have insufficient information or belief to admit or deny each and every allegation in paragraph number 129 of the SAC, and, basing their denial on that ground, deny generally and specifically each and every allegation contained in paragraph number 129 of the SAC.

130. Answering paragraph number 130 of the SAC, Defendants deny that the Commission has made CDP demands and enforcement threats. Defendants have insufficient information or belief to admit or deny each and every remaining allegation in paragraph number 130 of the SAC, and, basing their denial on that ground, deny generally and specifically each and every remaining allegation contained in paragraph number 130 of the SAC.

131. Answering paragraph number 131 of the SAC, Defendants deny that the Commission has made CDP demands and threatened enforcement. Defendants have insufficient information or belief to admit or deny each and every remaining allegation in paragraph number 131 of the SAC, and, basing their denial on that ground, deny generally and specifically each and every remaining allegation contained in paragraph number 131 of the SAC.

132. Answering paragraph number 132 of the SAC, the CZMA speaks for itself. To the extent a response to the allegations in this paragraph is required,

Defendants deny generally and specifically each and every allegation contained in paragraph number 132 of the SAC.

133.    Answering paragraph number 133 of the SAC, Defendants deny that the Commission has made CDP demands or any other demand of SpaceX. Defendants deny the allegations contained in the second sentence of paragraph number 133 of the SAC. Defendants deny that the Commission has taken regulatory action against SpaceX. Defendants have insufficient information or belief to admit or deny each and every remaining allegation in paragraph number 133 of the SAC, and, basing their denial on the ground, deny generally and specifically each and every remaining allegation contained in paragraph number 133 of the SAC.

134.    Answering paragraph number 134 of the SAC, Defendants have insufficient information or belief to admit or deny the allegations that "SpaceX has been required to implement" measures and "are expected to cost SpaceX millions of dollars annually to implement and require significant employee resources," and, basing their denial on that ground, deny each and all such allegations. Defendants deny generally and specifically each and every remaining allegation contained in paragraph number 134 of the SAC.

135.    Answering paragraph number 135 of the SAC, Defendants deny that the Commission has exceeded its authority. Defendants have insufficient information or belief to admit or deny each and every remaining allegation in paragraph number 135 of the SAC, and, basing their denial on that ground, deny each and every remaining allegation contained in paragraph number 135 of the SAC.

136.    Answering paragraph number 136 of the SAC, Defendants admit that the Commission has concurred in consistency determinations by the Air Force pursuant to the CZMA that certain development associated with commercial space launch programs at the Base is consistent with the enforceable policies of the

38

California Coastal Management Program. Defendants admit that the Commission has never demanded that any commercial space launch operator, including SpaceX, be required to obtain a CDP. Defendants have insufficient information or belief to admit or deny the allegations in the fourth sentence, and, basing their denial on the ground, deny each and every allegation contained in the fourth sentence of paragraph number 136 of the SAC. Except as specifically admitted, Defendants deny generally and specifically each and every allegation in paragraph number 136 of the SAC.

137. Answering paragraph 137 of the SAC, Defendants admit that the Commission has never demanded that any commercial space launch operator, including SpaceX, be required to obtain a CDP. Defendants admit that Commissioner Caryl Hart said at the Commission's October 2024 hearing: "My concern's based on the comments by Commissioner Newsom and what's occurred, even though I'm so appreciative of what Space Force has done at Vandenberg, I'm sorry, I just – it's not the other companies. This is about SpaceX increasing their launches, not the other companies increasing their launches." Defendants further admit that Commissioner Caryl Hart said at the October 2024 hearing: "But here we're dealing with a company that does not -- that is the -- the head of which has aggressively injected himself into the presidential race and made it clearer where -- what his point of view is . . . ." Except as expressly admitted, Defendants deny generally and specifically each and every allegation in paragraph number 137 of the SAC.

138. Answering paragraph 138 of the SAC, Defendants deny generally and specifically each and every allegation in paragraph number 138 of the SAC.

///

///

39

**COUNT ONE[2]**

139.    Answering paragraph number 139 of the SAC, Defendants repeat their answers to paragraphs 1 through 138, inclusive, of the SAC and incorporate them herein by this reference as though set forth again in full.

140.    Answering paragraph number 140 of the SAC, the allegations consist of Plaintiff's characterization of the SAC and conclusions or characterizations of law, to which no response is required. To the extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 140 of the SAC.

141.    Answering paragraph number 141 of the SAC, the CZMA and its implementing regulations speak for themselves. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 141 of the SAC.

142.    Answering paragraph number 142 of the SAC, Defendants admit that the longstanding position of the Air Force is that the Base's commercial space launch programs, including the Falcon 9 launch program, are federal agency activities under the CZMA. Defendants admit that SpaceX's position is that commercial space launches and infrastructure at the Base, including Falcon 9 launch operations, are federal agency activities. Defendants admit that the Commission has concurred in consistency determinations by the Air Force pursuant to the CZMA that certain development associated with commercial space launch programs at the Base is consistent with the enforceable policies of the California Coastal Management Program. Except as specifically admitted, Defendants deny

---

[2] Defendants include headings in this Answer for ease of reference. The SAC includes headings describing the SAC and to which no response is required. To the extent a response to the allegations in the headings in the SAC is required, Defendants deny generally and specifically each and every allegation in each and every heading in the SAC.

generally and specifically each and every allegation contained in paragraph number 142 of the SAC.

143. Answering paragraph number 143 of the SAC, Defendants deny the allegations contained in the first and second sentences of paragraph number 143. Except as expressly denied, Defendants have insufficient information or belief to admit or deny each and every allegation in paragraph number 143 of the SAC, and, basing their denial on that ground, deny each and every allegation contained in paragraph number 143 of the SAC.

144. Answering paragraph number 144 of the SAC, the comment letter dated August 5, 2024 from certain members of Congress to the Commission speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 144 of the SAC.

145. Answering paragraph number 145 of the SAC, Exhibit R speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 145 of the SAC.

146. Answering paragraph number 146 of the SAC, 15 C.F.R. § 930.54 speaks for itself. Defendants admit that based on their current understanding of commercial space launches at the Base, the launches are not listed as federally permitted activities in the California coastal management program. Defendants admit that NOAA has not authorized the Commission to review commercial space launches as "unlisted federal license or permit activities." Concessions by Defendants through the Attorney General's office is in the motions to dismiss in this litigation and speak for themselves. The remaining allegations consist of Plaintiff's characterization of the SAC and conclusions or characterizations of law, to which no response is required. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 146 of the SAC.

147.    Answering paragraph number 147 of the SAC, Defendants admit that the September 2024 Staff Report and July 2024 Staff Report are documents that exist and speak for themselves. The CZMA and implementing regulations speak for themselves. *Manchester Pac. Gateway LLC v. Cal. Coastal Comm'n*, 2008 WL 5642245 (S.D. Cal. Apr. 25, 2008) speaks for itself. Except as specifically admitted or denied, the allegations consist of Plaintiff's characterization of the SAC and conclusions or characterizations of law, to which no response is required. To the extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 147 of the SAC.

148.    Answering paragraph number 148 of the SAC, Defendants repeat their answers to paragraphs 122 through 138, inclusive, of the SAC and incorporate them herein by this reference as though set forth again in full. Defendants deny generally and specifically each and every allegation in paragraph number 148 of the SAC.

149.    Answering paragraph number 149 of the SAC, Defendants repeat their answers to paragraphs 122 through 138, inclusive, of the SAC and incorporate them herein by this reference as though set forth again in full. Defendants deny generally and specifically each and every allegation in paragraph number 149 of the SAC.

150.    Answering paragraph number 150 of the SAC, Defendants repeat their answers to paragraphs 122 through 138, inclusive, of the SAC and incorporate them herein by this reference as though set forth again in full. Defendants deny generally and specifically each and every allegation in paragraph number 150 of the SAC.

///

///

///

42

## COUNT TWO

151.    Answering paragraph number 151 of the SAC, Defendants repeat their answers to paragraphs 1 through 150, inclusive, of the SAC and incorporate them herein by this reference as though set forth again in full.

152.    Answering paragraph number 152 of the SAC, Defendants admit that the Commission has concurred in consistency determinations by the Air Force pursuant to the CZMA that certain development associated with commercial space launch programs at the Base is consistent with the enforceable policies of the California Coastal Management Program. Defendants admit that the Air Force has consistently maintained that launches from the Base are federal agency activities subject to state consistency review under Section 307(c)(1) of the CZMA and do not require a CDP. Defendants admit that SpaceX's position is that commercial space launches and infrastructure at the Base, including Falcon 9 launch operations, are federal agency activities and do not require a CDP. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 152 of the SAC.

153.    Answering paragraph number 153 of the SAC, the allegations consist of Plaintiff's characterization of the SAC and conclusions or characterizations of law, to which no response is required. To the extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 153 of the SAC.

154.    Answering paragraph number 154 of the SAC, Defendants deny generally and specifically each and every allegation in paragraph number 154 of the SAC.

155.    Answering paragraph number 155 of the SAC, the CZMA definition of "coastal zone" speaks for itself. Except as specifically admitted, Defendants deny

generally and specifically each and every allegation contained in paragraph number 155 of the SAC.

156. Answering paragraph number 156 of the SAC, the CZMA speaks for itself. Defendants admit that the Air Force has issued consistency determinations finding that the launch program is consistent with state's coastal management program. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 156 of the SAC.

157. Answering paragraph number 157 of the SAC, Defendants deny generally and specifically each and every allegation in paragraph number 157 of the SAC.

158. Answering paragraph number 158 of the SAC, 51 U.S.C. § 50901(a)(6) speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 158 of the SAC.

159. Answering paragraph number 159 of the SAC, Defendants deny generally and specifically each and every allegation in paragraph number 159 of the SAC.

160. Answering paragraph number 160 of the SAC, Defendants repeat their answers to paragraphs 122 through 138, inclusive, of the SAC and incorporate them herein by this reference as though set forth again in full. Defendants deny generally and specifically each and every allegation in paragraph number 160 of the SAC.

///
///
///
///
///

44

## COUNT THREE

161.    Answering paragraph number 161 of the SAC, Defendants repeat their answers to paragraphs 1 through 160, inclusive, of the SAC and incorporate them herein by this reference as though set forth again in full.

162.    Answering paragraph number 162 of the SAC, Defendants deny generally and specifically each and every allegation in paragraph number 162 of the SAC.

163.    Answering paragraph number 163 of the SAC, U.S. Constitution, art. 1, § 8, cl. 17 speaks for itself. To the extent a further response is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 163 of the SAC.

164.    Answering paragraph 164 of the SAC, the court in *Taylor v. Lockheed Martin Corp.*, 78 Cal.App.4th 472, 480 (2000) speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation in paragraph number 164 of the SAC.

165.    Answering paragraph number 165 of the SAC, Defendants have insufficient information or belief to admit or deny each and every allegation in paragraph number 165 of the SAC, and, basing their denial on that ground, deny the remaining allegations contained in paragraph number 165 of the SAC.

166.    Answering paragraph number 166 of the SAC, the allegations consist of Plaintiff's conclusions or characterizations of law, to which no response is required. To the extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 166 of the SAC.

167.    Answering paragraph number 167 of the SAC, the allegations consist of Plaintiff's conclusions or characterizations of law, to which no response is required. To the extent a response to the allegations in this paragraph is required,

Defendants deny generally and specifically each and every allegation contained in paragraph number 167 of the SAC.

168. Answering paragraph number 168 of the SAC, the allegations consist of Plaintiff's conclusions or characterizations of law, to which no response is required. To the extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 168 of the SAC.

169. Answering paragraph number 169 of the SAC, the CZMA and its regulations speak for themselves. Except as specifically admitted, the allegations consist of Plaintiff's conclusions or characterizations of law, to which no response is required. To the extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 169 of the SAC.

170. Answering paragraph number 170 of the SAC, Defendants deny generally and specifically each and every allegation in paragraph number 170 of the SAC.

171. Answering paragraph number 171 of the SAC, Defendants deny generally and specifically each and every allegation in paragraph number 171 of the SAC.

172. Answering paragraph number 172 of the SAC, Defendants repeat their answers to paragraphs 122 through 138, inclusive, of the SAC and incorporate generally and specifically each and every allegation in paragraph number 172 of the SAC.

///
///
///
///
///

**COUNT FOUR**

173. Answering paragraph number 173 of the SAC, Defendants repeat their answers to paragraphs 1 through 172, inclusive, of the SAC and incorporate them herein by this reference as though set forth again in full.

174. Answering paragraph number 174 of the SAC, the allegations consist of Plaintiff's conclusions or characterizations of law, to which no response is required. To the extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 174 of the SAC.

175. Answering paragraph number 175 of the SAC, 15 U.S.C. § 1453(1), Cal. Pub. Res. Code § 30008, Cal. Pub. Res. Code § 30604(d), 14 Cal. Code Regs. § 13050.5(b) speak for themselves. Defendants admit that the Commission may require a CDP for private commercial development occurring on federal land within the California Coastal zone. Except as specifically admitted, Defendants deny generally and specifically each and every allegation in paragraph number 175 of the SAC.

176. Answering paragraph number 176 of the SAC, the allegations consist of Plaintiff's characterization of the SAC and conclusions or characterizations of law, to which no response is required. To the extent a response is required, Defendants deny generally and specifically each and every allegation in paragraph number 176 of the SAC.

177. Answering paragraph number 177 of the SAC, Defendants deny generally and specifically each and every allegation in paragraph number 177 of the SAC.

178. Answering paragraph number 178 of the SAC, Defendants repeat their answers to paragraphs 122 through 138, inclusive, of the SAC and incorporate them herein by this reference as though set forth again in full. Defendants deny

generally and specifically each and every allegation in paragraph number 178 of the SAC.

## COUNT FIVE

179.     Answering paragraph number 179 of the SAC, Defendants repeat their answers to paragraphs 1 through 178, inclusive, of the SAC and incorporate them herein by this reference as though set forth again in full.

180.     Answering paragraph number 180 of the SAC, Defendants deny generally and specifically each and every allegation in paragraph number 180 of the SAC.

181.     Answering paragraph number 181 of the SAC, the court in *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006) speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation in paragraph number 181 of the SAC.

182.     Answering paragraph number 182 of the SAC, Defendants admit that Mr. Musk is the CEO of SpaceX. Defendants have insufficient information or belief to admit or deny that Mr. Musk is the largest shareholder of SpaceX, and, basing their denial on the ground, deny that allegation. Except as specifically admitted, the allegations consist of Plaintiff's conclusions or characterizations of law, to which no response is required. To the extent a response to the allegations in this paragraph is required, Defendants deny the remaining allegations contained in paragraph number 182 of the SAC.

183.     Answering paragraph number 183 of the SAC, the courts in *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 346 (1995) and *Pagan v. Calderon*, 448 F.3d 16, 30 (1st Cir. 2006) speak for themselves. Except as expressly admitted, the allegations consist of Plaintiff's conclusions or

characterizations of law, to which no response is required. To the extent a response to the allegations in this paragraph is required, Defendants deny the remaining allegations contained in paragraph number 183 of the SAC.

184. Answering paragraph number 184 of the SAC, Defendants deny generally and specifically each and every allegation in paragraph number 184 of the SAC.

185. Answering paragraph number 185 of the SAC, Defendants deny generally and specifically each and every allegation in paragraph number 185 of the SAC.

186. Answering paragraph number 186 of the SAC, Defendants admit that, at the Commission's May 10, 2024 meeting, Commissioner Wilson stated that "I question the national security public benefit of concentrating that much power, literally power, communication power, into one company that we are enabling in this case, in a company that has already shown that it will play in international conflicts directly at the will of a single human being." Except as specifically admitted, Defendants deny generally and specifically each and every allegation in paragraph number 186 of the SAC.

187. Answering paragraph number 187 of the SAC, Defendants admit that, during the August 8, 2024 meeting, Commissioner Wilson said: Commissioner Wilson said: "And we see, you know, actors in that space both engaging in foreign military activities, engaging in misinformation, dabbling in misinformation within the social media spheres in which they're in and those sorts of things, which makes me question our ability to manage the benevolency of this private industry under this umbrella of the public good, which our military is supposed to be part of our public good and national security as well." Except as specifically admitted, Defendants deny generally and specifically each and every allegation in paragraph number 187 of the SAC.

///

188. Answering paragraph number 188 of the SAC, , Defendants further admit that Commissioner Chair Hart at the October 10, 2024 hearing said "But here we're dealing with a company that does not -- that is the -- the head of which has aggressively injected himself into the presidential race and made it clearer where -- what his point of view is." Defendants further admit that at the October 2024 hearing Commissioner Gretchen Newsom stated: "Right now, Elon Musk is hopping about the country, spewing and tweeting political falsehoods and attacking FEMA, while claiming his desire to help the hurricane victims with free Starlink access to the internet." Defendants further admit that at the October 2024 hearing Commissioner Mike Wilson said: "This company is owned by the richest person in the world, with direct control over what could be the most extensive global communication system on the planet, and just last week, that person was speaking about political retribution on a national stage and how -- and it was very glib, and but yet he was standing next to a person, a candidate, that openly promotes and is work -- you know, working to normalize that language, right?" Defendants further admit that Commissioner Cummings said at the October 2024 hearing: " And then, I guess to -- to some little point earlier that was made -- and I appreciate the -- the apolitical nature under which you all work, but I -- I do -- do share some concern from -- that Commissioner Wilson brought up because of the fact that, you know, last year we did see, you know, the owner of Starlink shut down Starlink when one of our allies was going to attack one of our adversaries. And so while you all and we are all trying to operate in this apolitical space, we do know that the -- the person who controls these companies has enough power to not work in the best interest, when they feel like it, of our allies." Except as specifically admitted, Defendants deny generally and specifically each and every allegation contained in paragraph number 188 of the SAC.

///

///

50

189.    Answering paragraph number 189 of the SAC, Defendants deny generally and specifically each and every allegation in paragraph number 189 of the SAC.

190.    Answering paragraph number 190 of the SAC, Defendants deny generally and specifically each and every allegation in paragraph number 190 of the SAC.

191.    Answering paragraph number 191 of the SAC, the first sentence consists of Plaintiff's characterization of the SAC and conclusions or characterizations of law, to which no response is required. To the extent a response to the allegations in the first sentence of this paragraph is required, Defendants deny generally and specifically each and every allegation contained in sentence 1. Defendants deny generally and specifically each and every allegation in the second and third sentences of paragraph number 191 of the SAC.

192.    Answering paragraph number 192 of the SAC, Defendants admit that Commissioner Chair Hart said at the October 2024 hearing: "My concern's based on the comments by Commissioner Newsom and what's occurred, even though I'm so appreciative of what Space Force has done at Vandenberg, I'm sorry, I just – it's not the other companies. This is about SpaceX increasing their launches, not the other companies increasing their launches." Except as specifically admitted, Defendants deny generally and specifically each and every allegation in paragraph number 192 of the SAC.

193.    Answering paragraph number 193 of the SAC, the court in *Lacey v. Maricopa Cnty.,* 693 F.3d 896, 916 (9th Cir. 2012) speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation in paragraph number 193 of the SAC.

194.    Answering paragraph number 194 of the SAC, Defendants deny generally and specifically each and every allegation in paragraph number 194 of the SAC.

195.    Answering paragraph number 195 of the SAC, Defendants repeat their answers to paragraphs 122 through 138, inclusive, of the SAC and incorporate them herein by this reference as though set forth again in full. *Uzuegbunam v. Preczewski*, 592 U.S. 279 (2021) speaks for itself. Except as specifically admitted, Defendants deny generally and specifically each and every allegation in paragraph number 195 of the SAC.

196.    Answering paragraph number 196 of the SAC, Defendants deny generally and specifically each and every allegation in paragraph number 196 of the SAC.

197.    Answering paragraph number 197 of the SAC, Defendants deny generally and specifically each and every allegation in paragraph number 197 of the SAC.

## COUNT SIX

198.    Answering paragraph number 198 of the SAC, Count VI of the SAC has been dismissed with prejudice, and therefore no response is required. To the extent a response to the allegations in this paragraph is required, Defendants repeat their answers to paragraphs 1 through 197, inclusive, of the SAC and incorporate them herein by this reference as though set forth again in full.

199.    Answering paragraph number 199 of the SAC, Count VI of the SAC has been dismissed with prejudice, and therefore no response is required. To the extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 199 of the SAC.

200.    Answering paragraph number 200 of the SAC, Count VI of the SAC has been dismissed with prejudice, and therefore no response is required. To the

201. extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 200 of the SAC.

202. Answering paragraph number 201 of the SAC, Count VI of the SAC has been dismissed with prejudice, and therefore no response is required. *In re Murchison*, 349 U.S. 133, 136 (1955), *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976), and *Stivers v. Pierce*, 71 F.3d 732, 741 (9th Cir. 1995) speak for themselves. To the extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 201 of the SAC.

203. Answering paragraph number 202 of the SAC, Count VI of the SAC has been dismissed with prejudice, and therefore no response is required. *Portman v. Cnty of Santa Clara*, 995 F.2d 898 (9th Cir. 1993) and *Stivers v. Pierce*, 71 F.3d 732, 741 (9th Cir. 1995) speak for themselves. To the extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 202 of the SAC.

204. Answering paragraph number 203 of the SAC, Count VI of the SAC has been dismissed with prejudice, and therefore no response is required. To the extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 203 of the SAC.

205. Answering paragraph number 204 of the SAC, Count VI of the SAC has been dismissed with prejudice, and therefore no response is required. To the extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 204 of the SAC.

206. Answering paragraph number 205 of the SAC, Count VI of the SAC has been dismissed with prejudice, and therefore no response is required. *Foss v.*

*Nat'l Marine Fisheries Serv.*, 161 F.3d 584, 588 (9th Cir. 1998), *Lynch v. United States*, 292 U.S. 571, 579 (1934), *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999), *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310 (9th Cir. 1989), *Sayles Hydro Assocs. v. Maughhan*, 985 F.2d 451 (9th Cir. 1993), *San Diego Gas & Elec. Co v. City of Carlsbad*, 64 Cal.App. 4th 785 (1998), Cal. Pub. Res. Code §§ 30320, 30604 speak for themselves. To the extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 205 of the SAC.

207.   Answering paragraph number 206 of the SAC, Count VI of the SAC has been dismissed with prejudice, and therefore no response is required. To the extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 206 of the SAC.

208.   Answering paragraph number 207 of the SAC, Count VI of the SAC has been dismissed with prejudice, and therefore no response is required. To the extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 207 of the SAC.

209.   Answering paragraph number 208 of the SAC, Count VI of the SAC has been dismissed with prejudice, and therefore no response is required. *Uzuegbunam v. Preczewski*, 592 U.S. 279 (2021) speaks for itself.  To the extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 208 of the SAC.

210.   Answering paragraph number 209 of the SAC, Count VI of the SAC has been dismissed with prejudice, and therefore no response is required. To the extent a response to the allegations in this paragraph is required, Defendants deny

54

generally and specifically each and every allegation contained in paragraph number 209 of the SAC.

211. Answering paragraph number 210 of the SAC, Count VI of the SAC has been dismissed with prejudice, and therefore no response is required. To the extent a response to the allegations in this paragraph is required, Defendants deny generally and specifically each and every allegation contained in paragraph number 210 of the SAC.

## REQUEST FOR RELIEF

The remaining allegations on pages 65 and 66 of the SAC constitute Plaintiff's characterizations of the relief it seeks, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any of its requested relief.

## FIRST AFFIRMATIVE DEFENSE

### [Sovereign Immunity]

The SAC and each purported cause of action therein are barred in whole or in part by the doctrine of sovereign immunity arising under the Eleventh Amendment of the United States Constitution, federal common law, and other laws, to the extent the SAC and any purported cause of action therein, either in whole or in part, seeks relief not allowed by the exception in *Ex Parte Young*, 209 U.S. 123 (1908) for state officials sued in their official capacity, such as relief that is not based on an ongoing violation of federal law or that is not prospective, or against a state official who lacks the requisite connection with enforcement of the applicable law.

## SECOND AFFIRMATIVE DEFENSE

### [Failure to Join Necessary Parties – U.S. Air Force]

Plaintiff has failed to join a necessary party under Rule 19 of the Federal Rules of Civil Procedure. The U.S. Air Force is necessary for a just adjudication of this action, and in its absence, complete relief cannot be accorded among the existing parties, or alternatively, the U.S. Air Force claims an interest relating to the

55

subject of this action and disposing of the action in its absence may impair or impede its ability to protect that interest. Accordingly, the SAC and each purported cause of action therein are barred in whole or in part by Plaintiff's failure to join a necessary party under Rule 19 of the Federal Rules of Civil Procedure.

## THIRD AFFIRMATIVE DEFENSE

### [Failure to Join Necessary Parties – Elon Musk]

Plaintiff has failed to join a necessary party under Rule 19 of the Federal Rules of Civil Procedure. Mr. Elon Musk is necessary for a just adjudication of this action, and in his absence, complete relief cannot be accorded among the existing parties, or alternatively, Mr. Musk claims an interest relating to the subject of this action and disposing of the action in his absence may impair or impede his ability to protect that interest. Accordingly, Count V of the SAC is barred in whole or in part by Plaintiff's failure to join a necessary party under Rule 19 of the Federal Rules of Civil Procedure.

## FOURTH AFFIRMATIVE DEFENSE

### [Failure to Exhaust Administrative and Judicial Remedies]

Count V of the SAC is barred in whole or in part by Plaintiff's failure to exhaust administrative and judicial remedies to the extent Plaintiff seeks adjudication of claims and issues that were the subject of administrative proceedings before the Commission.

## FIFTH AFFIRMATIVE DEFENSE

### [Res Judicata and Collateral Estoppel]

Count V of the SAC is barred in whole or in part by the doctrines of res judicata and collateral estoppel to the extent Plaintiff seeks adjudication of claims and issues that were the subject of administrative proceedings before the Commission.

///
///

**SIXTH AFFIRMATIVE DEFENSE**

[Statute of Limitations]

Count V of the SAC is barred in whole or in part by all applicable statutes of limitation, including but not limited to the sixty-day statute of limitations in California Public Resources Code section 30801, to the extent Plaintiff seeks adjudication of claims and issues that were the subject of administrative proceedings before the Commission.

**SEVENTH AFFIRMATIVE DEFENSE**

[Non-retaliatory Motive]

Defendants affirmatively allege that all alleged actions taken with respect to Plaintiff were based on legitimate, non-retaliatory reasons unrelated to any exercise of rights protected under the First Amendment. Any alleged adverse action was taken for reasons independent of any protected activity and was based on lawful and non-discriminatory considerations. As such, Defendants did not retaliate against Plaintiff and Count V in the SAC is barred in whole or in part.

**EIGHTH AFFIRMATIVE DEFENSE**

[Adequate Justification]

Defendants affirmatively allege that, to the extent Plaintiff engaged in activity protected by the First Amendment, Defendants had adequate justification for their alleged actions based on legitimate governmental interests. As such, Count V in the SAC is barred in whole or in part.

**NINTH AFFIRMATIVE DEFENSE**

[Same Decision]

Defendants affirmatively allege that, to the extent any protected activity under the First Amendment was a motivating factor in the alleged adverse action, Defendants would have taken the same alleged action in the absence of such protected activity. As such, Plaintiff cannot establish liability under 42 U.S.C. § 1983, and Count V in the SAC is barred in whole or in part.

## TENTH AFFIRMATIVE DEFENSE

### [Waiver]

Count V of the SAC is barred in whole or in part by the doctrine of waiver to the extent Plaintiff seeks adjudication of claims and issues that were the subject of administrative proceedings before the Commission.

## ELEVENTH AFFIRMATIVE DEFENSE

### [Estoppel]

Count V of the SAC is barred in whole or in part by the doctrine of estoppel to the extent Plaintiff seeks adjudication of claims and issues that were the subject of administrative proceedings before the Commission.

## PRAYER FOR RELIEF

Wherefore, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing and that the SAC be dismissed with prejudice;

2. That judgment be entered in favor of Defendants and against Plaintiff;

3. That Defendants be awarded their costs and fees of this lawsuit, including reasonable attorneys' fees under 42 U.S.C. section 1988 and to the extent otherwise allowed by law;

4. That Defendant be awarded such other and further relief as the Court deems just.

Dated:  July 21, 2025                    Respectfully submitted,

                                         ROB BONTA
                                         Attorney General of California


                                         /s David G. Alderson
                                         DAVID G. ALDERSON
                                         Supervising Deputy Attorney General
                                         *Attorneys for Defendants*
                                         *California Coastal Commission et al.*

## JURY DEMAND

Defendants hereby request a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  July 21, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California

/s David G. Alderson
DAVID G. ALDERSON
Supervising Deputy Attorney General
*Attorneys for Defendants*
*California Coastal Commission et al.*

OK2024605276