

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SPACE EXPLORATION TECHNOLOGIES CORP.,** | **Case No. 2:24-cv-08893-SB-SK** |
| **Plaintiff,** | **STIPULATED PROTECTIVE ORDER** |
| **v.** | |
| **CALIFORNIA COASTAL COMMISSION, et al.,** | |
| **Defendants.** | |

1.    A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information; and may also include information controlled by laws designed to protect national security information, including export regulations, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from

public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.3 (Filing Protected Material), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists, and other valuable research, development, commercial, financial, technical, proprietary, sensitive personal information, and/or agency pre-decisional, deliberative process information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), sensitive personal information protected by the right to privacy, agency pre-decisional, deliberative process information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. The action will also likely involve information subject to the United States' export laws, statutes, and regulations, including the Arms Export Control Act, as amended, <u>22 U.S.C. § 2751-2999</u>, the International Traffic in Arms Regulations, as amended, 22 C.F.R. Parts 120-130, the Export Administration Act, as amended, <u>50 U.S.C. §§ 2401-2420</u>, the Export Control Reform Act, <u>50 U.S.C. §§ 4801-4826</u>, and the U.S. Export Administration Regulations, as amended, <u>15 C.F.R. § 730</u>, *et seq.* (collectively, "***U.S. Export***

*Control Laws*"), and which may be restricted from unauthorized disclosure to any Foreign Person as defined by 22 C.F.R. 120.16, whether in the U.S. or abroad.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are required by law and/or entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    <u>DEFINITIONS</u>

2.1    <u>Action:</u>    the above-captioned litigation, *Space Exploration Technologies Corp. v. California Coastal Commission et al.*, Case No. 2:24-cv-08893, currently pending in the United States District Court for the Central District of California.

2.2    <u>Challenging Party:</u>    a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    <u>"CONFIDENTIAL" Information or Items</u>: Information—generated, stored, and maintained in any form—or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and which may include non-public and/or sensitive information of a scientific, technical, and/or commercial nature of any sort including, but not limited to, financial or accounting information; trade secrets; proprietary technical, research, and/or development information; information about business strategies, practices, decisions, and/or negotiations or

communications; business approaches to governmental regulatory relationships; product data and/or product information; asset data (including non-public and/or commercially sensitive information data and/or information about assets such as space launch vehicles or property rights or interests); marketing and/or strategic planning information; proprietary information about affiliates, parents, and/or subsidiaries; and any information pertaining to third parties with whom a party has had or is maintaining a business relationship; sensitive personal information protected by the right to privacy; and agency pre-decisional, deliberative process information that may otherwise qualify for protection under the deliberative process privilege, but for which this protective order sufficiently reduces the harm to the agency's decision-making process resulting from disclosure of the documents and/or information.

2.4    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS."

2.6    Disclosure or Discovery Material:   all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:   a person with specialized knowledge or experience in a matter pertinent to the litigation – including his or her employees and support personnel, and including firms (and their employees) whose normal business includes the provision of support services to expert witnesses – who has been retained by a Party or its counsel to serve as an expert witness or as a consultant, including without limitation a professional jury or trial consultant retained in

connection in this Action.

2.8   House Counsel:   Attorneys who are employees of the Coastal Commission, Plaintiff or any other party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   "HIGHLY   CONFIDENTIAL   –   ATTORNEYS'   EYES   ONLY" Information or Items: extremely sensitive CONFIDENTIAL Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm, commercial or otherwise, that could not be avoided by less restrictive means.

2.10   Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   Outside Counsel of Record:   attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm or government agency which has appeared on behalf of that party, including support staff.

2.12   Party:  any party to this Action, including all of its officers, directors, commissioners, alternate commissioners, employees, staff, consultants, Experts, and Outside Counsel of Record (and their support staffs).

2.13   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14   Professional Vendors:   persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material:   any Disclosure or Discovery Material that is designated   as   "CONFIDENTIAL",   "HIGHLY   CONFIDENTIAL   – ATTORNEYS' EYES ONLY", or "SENSTIVE – SUBJECT TO U.S. EXPORT

CONTROL LAWS".

2.16   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.17   "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS" Information or Items: information—generated, stored, and maintained in any form—or tangible things  that are covered by or subject to U.S. Export Control Laws and which have a basis for access restrictions under such laws.

2.18   "STATE SECRET" Information or Items: information—generated, stored, and maintained in any form—or tangible things that are covered by or subject to the state secret privilege. *See Mohamed v. Jeppesen Dataplan, Inc.,* 614 F.3d 1070, 1081 (9th Cir. 2010) (defining scope of state secret privilege).

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from such material; (2) all copies, excerpts, summaries, or compilations of such material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal such material.

However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise, unless the information entered the public domain through means that a Party contends violate a separate court order or a Party's privacy or confidentiality policies; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality

to the Designating Party.

Further, nothing in this Order shall bar or otherwise restrict counsel from providing high-level summaries, characterizations, or general references to evidence in the case. In the course of rendering such advice to his or her client, counsel may rely upon their examination or knowledge of the Protected Material. Counsel shall not summarize, generally refer to, or disclose the specific content of Protected Material, unless such disclosure is performed in a manner compliant with all applicable laws and is expressly permitted under the terms of this Order.

Nothing in this Order shall prevent or restrict a Party's own use or disclosure of its own information.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    <u>DURATION</u>

Even after final disposition of this litigation, as defined in Section 15 (FINAL DISPOSITION), the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Within sixty (60) days of the final disposition of this litigation, as defined in Section 15, Outside Counsel of Record for the Receiving Parties shall return to the appropriate Disclosing Party all Protected Material or copies thereof disclosed under this Protective Order or destroy such material. Outside Counsel of Record for the Receiving Parties shall confirm in writing that the Receiving Party has complied with the terms of this Section or that there has not been compliance and the reason for such noncompliance.  Upon receipt of written confirmation that a Receiving Party has not complied with the terms of this Section, Disclosing Party may make application to the Court for such further order as may be appropriate. Outside Counsel of Record for the Receiving Parties may retain one copy of the pleadings and other papers filed with the Court or served in

the course of the Action even if they contain Protected Material, including depositions, deposition exhibits and the trial record, and work product that includes aspects of Protected Material, subject to the obligations hereunder.

5.   DESIGNATING PROTECTED MATERIAL

    5.1   Exercise of Restraint and Care in Designating Material for Protection.

    Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.   The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Each Party or Non-Party will designate information or items for protection under this Order in good faith using their best efforts and will not intentionally designate information or documents as confidential that are shown to be clearly unjustified. Nor will the Parties or Non-Parties designate information or items for protection for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties). Designations made for an improper purpose may expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

    5.2   Manner and Timing of Designations.   Except as otherwise provided in this Order (see, e.g., Sections 5.2(a), 9, and 10 below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this

Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY", and/or "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS", to each page that contains Protected Material.

Documents should be designated as Protected Material prior to or at the time of production or disclosure of the documents. A Party or Non-Party that makes original documents available for inspection (if the Requesting Party seeks inspection of original documents) need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend (e.g. "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

Production and inspection of documents that the Producing Party identifies as reasonably likely to contain information that is "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS" shall follow the procedures set forth in Section 9 before following the processes in this Section, if applicable.

(b) For written responses to interrogatories and requests for admission, Designating Party shall identify any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Material or Information at the

1   time of service. For written responses to interrogatories and requests for admission

2   that a Party reasonably believes includes "SENSITIVE – SUBJECT TO U.S.

3   EXPORT CONTROL LAWS" information, that Party shall follow the procedures

4   set forth in Section 9 before following the processes in this Section, if applicable.

5   (c) For affidavits, declarations, and pleadings, Designating Party shall

6   identify any Protected Material at the time of filing. For affidavits, declarations,

7   and pleadings that a Party or Non-Party reasonably believes includes "SENSITIVE

8   – SUBJECT TO U.S. EXPORT CONTROL LAWS" information, that Party or

9   Non-Party shall follow the procedures set forth in Section 9 before following the

10   processes in this Section, if applicable.

11   (d) For testimony given in depositions, the Parties shall assume that the

12   testimony contains "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL

13   LAWS" information and therefore all attendees must be U.S. Persons, as that term

14   is defined in 22 C.F.R. § 120.62, unless the Parties agree in advance that no such

15   testimony or material will be sought provided. Designating Party shall identify the

16   presence of any other Protected Material, including the level of protection being

17   asserted, on the record, before the close of the deposition, or within  thirty (30)

18   days after receipt by the Designating Party of the transcript of the deposition.  Only

19   those portions of the testimony that are appropriately designated for protection

20   within 30 days after receipt by the Designating Party of the transcript of the

21   deposition shall be covered by the provisions of this Stipulated Protective Order.

22   Parties shall give the other Parties notice if they reasonably expect a

23   deposition, hearing or other proceeding will include Protected Material so that the

24   other Parties can ensure that only authorized individuals who have signed the

25   "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

26   proceedings. The use of a document as an exhibit at a deposition shall not in any

27   way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

28   – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

If a Party or Non-Party reasonably believes that testimony will be given at a deposition that includes "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS" information, that Party shall follow the protocol set forth in Section 9 first, then this Section, if applicable.

(e) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate legend ("CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

For information in some form other than documentary and for any other tangible items that Producing Party identifies as reasonably likely to include "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS" information, the Producing Party shall follow the protocol set forth in Section 9 first, and then the procedures in this Section, if applicable.

(f) For oral disclosures, other than deposition testimony as previously addressed, the Producing Party shall identify the Protected Material within ten (10)

days of the first disclosure thereof.

For oral disclosures, other than deposition testimony as previously addressed, that the Producing Party identifies as reasonably likely to include "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS" information, Producing Party shall follow the protocol set forth in Section 9 first, and then the procedures in this Section, if applicable.

5.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate Protected Information or items as "CONFIDENTIAL" "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", and/or "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" DESIGNATIONS

6.1   Timing of Challenges.  Any Party or Non-Party may challenge a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at any time that is consistent with the Court's Scheduling Order.

6.2   Meet and Confer.  The Challenging Party Shall initiate the dispute resolution process under Civil Local Rule 37-1 et seq.

6.3   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties  shall

continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1      Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action **only** for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   When the Action has been terminated, a Receiving Party must comply with the provisions of Section 4 above (DURATION) and Section 15 below (FINAL DISPOSITION).

Protected Material must be maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

All parties and persons bound by the terms of this Protective Order shall maintain all confidential information in a manner appropriate to ensure confidentiality of such information, including to be consistent with the requirements of all applicable U.S. Export Control Laws.

7.2      Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose, summarize, describe, characterize, or otherwise communicate or make available in whole or in part any information or item designated "CONFIDENTIAL" **only** to the following persons, except that only U.S. Persons, as that term is defined in 22 C.F.R. § 120.62, and who satisfy the criteria in Section 9 below, including by signing the Agreement and Attestation at Exhibit B, can access Confidential Information also designated as "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS":

1       (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

       (b) the officers, commissioners, alternate commissioners, directors, staff, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

       (c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

       (d) the Court and its personnel;

       (e) court reporters and their staff;

       (f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

       (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

       (h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Receipt" (Exhibit A), unless otherwise agreed upon by the Designating Party or ordered by the Court. The witnesses and attorneys for witnesses will not be permitted to keep any Confidential Information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

       (i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" *only* to the following persons, except that only U.S. Persons, as that term is defined in 22 C.F.R. § 120.62, and who satisfy the criteria in Section 9 below, including by signing the Agreement and Attestation at Exhibit B, can access Highly Confidential Information also designated as "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS":

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b) Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed.  For avoidance of doubt, the Parties agree that staff counsel for the Coastal Commission are not involved in competitive decision-making as that term is used in this paragraph, but may not thereafter, in any employment or other position, use the Information or Items against the Designating Party in any competitive decision-making;

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants,

-15-

and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has

received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided under Civil Local Rule 37-1 et seq. seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In the event the Party seeking to make the disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to

Designated House Counsel or Expert files a motion as provided under Civil Local Rule 37-1 et seq., the Party opposing disclosure shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action

to disobey a lawful directive from another court.

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "SENSITIVE – SUBJECT TO U.S EXPORT CONTROL LAWS" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) notify in writing the party who caused the subpoena or order to issue in the other litigation that the Party receiving the subpoena will require the party to sign this Order and comply with Sections 9 and/or 10 before responding to the subpoena.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "SENSITIVE – SUBJECT TO U.S EXPORT CONTROL LAWS" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The burden and expense of seeking protection in that court for compliance with this order with regard to information designated as "SENSITIVE – SUBJECT TO U.S EXPORT CONTROL LAWS" shall be assessed by that court.

9.    PROTOCOL FOR ITEMS AND INFORMATION DESIGNATED AS "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS"

This Section 9 provides guidance to assist the Parties in acting consistently with U.S. Export Control Laws.

All recipients of Protected Information bound by the terms of this Protective

Order shall ensure that their management of material designated as "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS" is consistent with U.S. Export Control Laws.  For avoidance of doubt, the Parties are independently obligated to comply with U.S. Export Control Laws when receiving material designated as "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS."  The Designating Party will not ensure, and is under no obligation to ensure, that the Receiving Party is fully compliant with the applicable U.S. Export Control Laws.

(a) The Designating Party may designate information—generated, stored, and maintained in any form—or tangible things as "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS" that the Party believes are reasonably likely to contain such protected information (*e.g.*, technical information).

(b) Before material designated as "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS" is disclosed to any person, each such person must agree to be bound by this Order by signing a copy of Exhibits A and B.

(c) Material designated as "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS" may only be released, disclosed, or made accessible to U.S. Persons, as that term is defined at 22 C.F.R. § 120.62, that are not named on any restricted or denied party/individual/entity list maintained by relevant government agencies, including but not limited to the U.S. Department of Defense and U.S. Air Force.

(d) By accepting material designated as "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS", the Receiving Party represents and warrants that he/she/it is a U.S. Person and will comply with the U.S. Export Control Laws.

(e) If the Parties do not agree in advance that testimony sought or offered at a deposition will not seek or contain "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS" information, the entire transcript shall be labeled "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS" to avoid

inadvertent and improper disclosure of such material as provided under the procedures in Section 5.2(d).

(f) A party that reasonably anticipates it will use, disclose, or seek the disclosure of information or material at a hearing or discovery proceeding that is designated as "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS" will do so in compliance with applicable U.S. Export Control Laws.

(g) Material and information designated as "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS" must be filed with the court in compliance with applicable U.S. Export Control laws and under seal pursuant to Rule 79-5 of the Local Rules of the United Stated District Court for the Central District of California, identified as being subject to this Order as "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS" material.

(h) In accordance with U.S. Export Control Laws, the Court will determine how Designated Material will be treated during a hearing or trial, including what material may be introduced and who may be permitted to attend.

9.1   Any Party or Non-Party that disputes the appropriateness of a "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS" designation shall, at any time consistent with the Court's Scheduling Order, request to meet and confer with the Designating Party regarding the designation. If the Parties are unable to reach an agreement, and the Party challenging the designation declines to treat the material consistent with this Section, that Party shall bear the risk of failing to comply with the applicable U.S. Export Control Laws.

10.   PROTOCOL FOR "STATE SECRET" ITEMS AND INFORMATION

Should any Party or Non-Party reasonably believe information or items, in any form, are being requested that contains "STATE SECRET" information ("Asserting Party"), the Parties shall negotiate and enter into a separate protective order, along with the U.S. government, to govern discovery of "STATE SECRET"

information or the propounding Party may withdraw its request. The process to modify a request to avoid the disclosure of information or items the Asserting Party believes contains "STATE SECRET" information shall be governed exclusively by the separate protective order referred to herein.

11.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested and consistent with the terms of this Protective Order.

(c) If the Non-Party fails to seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information,

the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

12.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must:

(a) immediately notify in writing the Designating Party of the unauthorized disclosures;

(b) within seven (7) days of learning of the unauthorized disclosure, confirm that such copies have been returned and destroyed, and otherwise use its best efforts to retrieve all unauthorized copies of the Protected Material;

(c) within three (3) days of learning of the unauthorized disclosure, attempt to obtain written confirmation from the person or persons to whom unauthorized disclosures were made that such person or persons will not use or disclose such information in any way and all copies disclosed to such person or person's shall be immediately returned and destroyed;

(d) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

(e) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.     <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>, except that the Receiving Party shall have seven (7) days to return, sequester, or destroy the Protected Material.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

14.    <u>MISCELLANEOUS</u>

14.1    <u>Right to Relief.</u>  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2    <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  By producing in discovery in this matter certain agency pre-decisional, deliberative process information that may otherwise qualify for protection under the deliberative process privilege, Defendants do not waive their right to object to production of other information and/or documents that are exempt from disclosure under the deliberative process privilege in accordance with applicable law.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    <u>Filing Protected Material.</u>  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

15.     <u>FINAL DISPOSITION</u>

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Within sixty (60) days of the final disposition of this Action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain a single archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

16.  Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3    DATED __9/12/2025_____

4

5    __/s/ Tyler Welti_____

6    Attorneys for Plaintiff

7

8    DATED:  __9/12/2025_____

9

10    __/s/ David Alderson_____

11    Attorneys for Defendant

12

13    FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

14

15    DATED:____September 15, 2025_____

16

17    _____

18    Honorable Steve Kim
       United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Space Exploration Technologies Corp. v California Coastal Commission, et al.,* 2:24-cv-08893-SB-SK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER

<u>EXHIBIT B</u>

<u>AGREEMENT AND ATTESTATION REGARDING INFORMATION AND
MATERIALS DESIGNATED AS "SENSITIVE – SUBJECT TO U.S. EXPORT
CONTROL LAWS"</u>

I attest that I am qualified under all U.S. Export Laws and Regulations, as defined in the Protective Order in the case of *Space Exploration Technologies Corp. v California Coastal Commission, et al.,* 2:24-cv-08893-SB-SK, to receive "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS" materials and information as defined in the Protective Order.

I attest that I will comply with all such Laws and Regulations with regard to the receipt of any materials and information designated as "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS".

I attest that I am a U.S. Person as that is defined at <u>22 C.F.R § 120.62</u>, have not been indicted or otherwise charged with violating the U.S. criminal statutes enumerated in <u>22 C.F.R. § 120.27</u>, and am not named on any restricted list or on any denied party/individual/entity list maintained by any government agency that would disqualify me for the receipt of materials or information designated as "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS".

I agree to return any and all copies of information and materials designated as "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS" produced by the Designating Party to counsel for the Designating Party or the party that I am working for or associated with so that the information and materials that I received can be returned to the Designating Party or destroyed, as set forth in Paragraph No. 15 of this Order.

I will not maintain a copy of any information and materials designated as "SENSITIVE – SUBJECT TO U.S. EXPORT CONTROL LAWS" in my

possession (or any notes, summaries, or abstracts of its substance) without the express, written authority from the Designating Party.

As a condition of having access to Designated Material, I agree and consent to be subject to the jurisdiction of the United States District Court for the Central District of California with respect to enforcement of the provisions of the Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

-29-