ROB BONTA
Attorney General of California
DAVID G. ALDERSON
Supervising Deputy Attorney General
State Bar No. 231597
PAUL BATCHER
Deputy Attorney General
State Bar No. 266928
JESSICA A. BONITZ
Deputy Attorney General
State Bar No. 348048
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 879-0003
 Fax:  (510) 622-2270
 E-mail:  David.Alderson@doj.ca.gov
 E-mail:  Paul.Batcher@doj.ca.gov
 E-mail:  Jessica.Bonitz@doj.ca.gov
*Attorneys for Defendants
California Coastal Commission et al.*

[*Additional counsel listed on signature page*]

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Space Exploration Technologies Corp.,**<br><br>Plaintiff,<br><br>v.<br><br>**California Coastal Commission et al.,**<br><br>Defendants. | 2:24-cv-08893 SB (SKx)<br><br>**NOTICE OF JOINT MOTION AND JOINT MOTION TO MODIFY CASE MANAGEMENT ORDER [DKT. 48] AND CONTINUE DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:   The Honorable Stanley Blumenfeld, Jr. |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE that Defendants Caryl Hart, Dayna Bochco, Linda Escalante, Meagan Harmon, Ann Notthoff, Effie Turnbull-Sanders, Mike Wilson, Kate Huckelbridge,

1

Cassidy Teufel, Ariel Kelley, Jose Preciado, Raymond A. Jackson, Christopher Lopez, and Suzanne Smith ("Defendants") and Plaintiff Space Exploration Technologies Corp. ("Plaintiff," collectively with Defendants, the "Parties") jointly move this Court for an order to modify the Case Management Order (Dkt. 48) ("CMO") to continue certain deadlines as follows:

| Event | Prior Date | Current Date | Proposed Date |
|---|---|---|---|
| **Trial** | N/A | 3/9/2026 | 9/7/2026 |
| **Pretrial Conference** | N/A | 2/20/2026 | 8/28/2026 |
| **Discovery Deadline – Nonexpert** | N/A | 10/17/2025 | 1/30/2026 |
| **Discovery Deadline – Expert** | N/A | 11/14/2025 | 2/27/2026 |
| Initial Expert Disclosures | N/A | 10/3/2025 | 1/23/2026 |
| Rebuttal Expert Disclosures | N/A | 10/17/2025 | 2/13/2026 |
| **Discovery Motion Hearing Deadline** | N/A | 11/14/2025 | 3/13/2026 |
| **Non-Discovery Motion Hearing Deadline** | N/A | 11/28/2025 | 5/22/2026 |
| **Settlement Conference Deadline** | N/A | 12/12/2025 | 6/5/2026 |
| **Post-Settlement Status Conference** | N/A | 12/26/2025 | 6/26/2026 |
| Joint Status Report Due | | 12/19/2025 | 6/19/2026 |
| **Trial Filings (First Set) Deadline** | N/A | 1/23/2026 | 7/24/2026 |
| **Trial Filings (Second Set) Deadline** | N/A | 2/6/2026 | 8/7/2026 |

Good cause exists to extend the deadlines in the CMO consistent with the foregoing dates because, as set forth in more detail in the accompanying Memorandum of Points and Authorities and Declarations of Paul Batcher and Colin Vandell, the Parties have been working diligently to complete fact discovery, but

the Parties will not be able to complete fact discovery within the deadline set forth in the CMO for several reasons: (1) this Action involves a large number of custodians and document collection sources; (2) large volumes of documents have been and will need to be collected; (3) document and information collection, review, and production processes have and will require resolving complex technical and legal issues; (4) the Parties have needed to meet and confer at length regarding document and information collection, review, and production; (5) the Parties have needed to meet and confer with numerous third parties regarding their subpoena responses; (6) there was uncertainty over the scope of discovery pending the Court's July 2, 2025 Order on Plaintiffs' Motion to Dismiss; and (7) the Parties need to meet and confer regarding privilege issues and have successfully negotiated a complex protective order covering deliberative process information, export-controlled information, and state secret information.

In addition, the date by which fact discovery closes will have a cascading impact on the next stages of this dispute. The Parties have had discussions regarding summary judgment on certain claims, but require further discovery to meet and confer on other claims. And without further discovery, the Parties cannot anticipate what discovery and non-discovery motions are necessary, participate meaningfully in settlement discussions, determine which experts are or are not necessary, or prepare for trial. Therefore, the Parties respectfully request that the remaining CMO deadlines be extended as well.

The Joint Motion is based upon this Notice of Joint Motion, the accompanying Memorandum of Points and Authorities, chart of completed work and remaining work, the Declarations of Paul Batcher and Colin Vandell, all the papers on file in this action, and upon such other and further evidence or argument that the Court may consider.

///

///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Parties have worked diligently to complete discovery within the deadlines set forth in the CMO but need an extension to complete discovery due to: (1) the large number of custodians and document collection sources; (2) the need for third-party discovery; (3) uncertainty over the scope of discovery pending the Court's July 2, 2025 Order on Plaintiffs' Motion to Dismiss; (4) the Parties' extensive efforts to resolve discovery disputes without court intervention; (5) the complex nature of various aspects of the document collection, search, and review process; (6) various technical obstacles Defendants have encountered in collecting and/or reviewing documents; and (7) the need to negotiate and resolve complex confidentiality and privilege issues, including application of the deliberative process privilege, the state secrets privilege, and export-control laws. Because the date by which discovery is completed will impact the date by which all subsequent substantive work can be completed, the Parties respectfully request that the Court continue the deadlines in the CMO as set forth herein for the foregoing reasons and for the reasons set forth in more detail below.

## II. FACTUAL BACKGROUND

### A. Nature of the Dispute.

In the operative complaint, SpaceX challenges Defendants' asserted authority to regulate the Falcon 9 launch program at Vandenberg Space Force Base (Base) under the California Coastal Act. SpaceX claims that Defendants' actions to regulate the Falcon 9 launch program as federally permitted activity occurring within the Coastal Zone and to require SpaceX to obtain a coastal development permit (CDP) violate the Coastal Zone Management Act (CZMA) (Count I), the Supremacy Clause (Count II), the Federal Enclave Clause (Count III), and the California Coastal Act applied as federal law (Count IV). SpaceX also asserts that Defendants violated its fundamental right to free speech (Count V) by unlawfully

attempting to regulate SpaceX based on animus towards SpaceX CEO Elon Musk's protected speech and beliefs.

### B. Relevant Procedural History.

SpaceX filed its initial complaint on October 15, 2024. (Dkt. 1.) SpaceX filed a First Amended Complaint ("FAC") on November 26, 2024, and Defendants filed a motion to dismiss the FAC on January 14, 2025. (Dkt. 31, 40.) The parties requested an extended briefing schedule for the motion to dismiss, which the Court granted in part, setting the hearing on Defendants' motion to dismiss the FAC for March 14, 2025. (Dkt. 36, 37, 38, 39.) The Court granted Defendants' motion to dismiss with leave to amend and issued its Case Management Order the same day. (Dkt. 48, 51.)

SpaceX filed a Second Amended Complaint ("SAC") on March 28, 2025. (Dkt. 55.) Defendants filed a motion to dismiss the SAC, which was heard on May 30, 2025. (Dkt. 56, 65.) On July 2, 2025, the Court issued an order granting in part and denying in part Defendants' motion to dismiss. (Dkt. 66.)

### C. The Parties' Discovery Efforts.

The Parties timely commenced discovery while the briefing on Defendants' motions to dismiss the FAC and SAC was pending. The Parties exchanged initial disclosures on January 30, 2025, and SpaceX served an initial set of requests for production of documents, interrogatories, and requests for admission on the Coastal Commission on March 3, 2025. (Declaration of Paul Batcher in Support of Joint Motion to Modify Case Management Order and Continue Deadlines ("Batcher Decl.") ¶¶ 4-5.) SpaceX subsequently served requests for production of documents, interrogatories, and requests for admission on the individual defendants on March 6, 2025. (*Id.* ¶ 5.)

The Parties disagreed whether discovery could proceed during the period between the Court's March 14, 2025 Order dismissing the FAC and Plaintiff filing the SAC on March 28, 2025. (Declaration of Colin B. Vandell in Support of Joint

Motion to Modify Case Management Order and Continue Deadlines ("Vandell Decl."), ¶ 5.) Nevertheless, the Parties proceeded with discovery.

The Parties thereafter discussed extending Defendants' response deadline, and agreed to April 28, 2025, as to certain responses and May 2, 2025, as to others. (*Id.* ¶ 6.) On May 9, 2025, Plaintiff sent a sixteen-page meet and confer letter asserting deficiencies in Defendants' responses. (*Id.* ¶ 7.) On May 16, 2025, the Parties met and conferred to resolve the issues raised in Plaintiff's letter. In further exercise of their diligence—and to avoid unnecessary motion practice before the Court—the Parties met and conferred on multiple occasions to narrow the discovery issues raised by Plaintiff. (*See id.* ¶ 8–10 (Parties met and conferred over Zoom on at least: May 23, 2025; June 3, 2025; June 17, 2025; July 17, 2025; August 12, 2025).)

Additionally, because Defendants took the position that certain documents and communications were outside their possession, custody, and control, Plaintiff diligently issued eleven subpoenas to third parties. Its first five subpoenas were served from May 29, 2025, through June 11, 2025; the following five subpoenas were served between July 1, 2025, through July 7, 2025; and Plaintiff's eleventh subpoena was served on September 8, 2025. (Vandell Decl., ¶ 12.)

Following the Court's May 29, 2025 Tentative Order granting in part Defendants' Motion to Dismiss the SAC, numerous subpoenaed third parties took the position that the scope of discovery was uncertain until a final order was issued, since certain claims and defendants may be dismissed. (*Id.* ¶ 9–10, 13–15.) Plaintiff granted numerous subpoenaed entities' requests to extend deadlines for this reason. (*Id.*)

Following the Court's July 2, 2025 Order, the Parties diligently continued to meet their discovery obligations. (Batcher Decl., ¶¶ 6-18.) Defendants have continued to meet and confer, collect and review documents, produce rolling productions, and produce privilege logs. (*Id.*) Plaintiff has continued to meet and

confer with Defendants to resolve new issues (including, *e.g.*, certain privilege assertions), as well as meet and confer with numerous third parties to resolve subpoena disputes. (Vandell Decl., ¶ 15.) However, given that this Action involves 15 named parties and more than 10 subpoenaed entities, discovery is still well underway despite the Parties' consistent and ongoing discovery efforts. (*Id.* ¶ 16; Batcher Decl. ¶¶ 7, 17-18.)

The Parties have also negotiated a complex stipulated protective order that Magistrate Judge Kim approved and entered on September 15, 2025. (Dkt. 70.) The order accounts for Plaintiff's concerns regarding the treatment of export-controlled information and state secret information. (*See* Dkt. 68.) It also accounts for Defendants' concerns regarding the treatment of private information and deliberative process information. (*See id.*) Each of these categories of material are governed by separate legal frameworks and required multiple rounds of drafting to reach an agreement.

**D.  Document Collection Challenges.**

Defendants began the process of collecting relevant documents from the Coastal Commission in January 2025. (Batcher Decl. ¶ 4.) Defendants collected over 37,000 documents from the Coastal Commission, including documents from its files and electronic documents and email from 14 staff custodians. (*Id.* ¶ 6.) Defendants anticipate completing production of all documents collected from Coastal Commission staff by October 15, 2025. (*Id.* ¶ 7.)

Defendants also began the process of collecting documents from individual commissioners in January 2025. (Batcher Decl. ¶ 8.) Following extensive meet and confer efforts between the Parties, *see supra*, Defendants agreed to collect documents from 11 commissioners, including conducting a forensic collection of text messages from the personal telephones of 10 commissioners and one Coastal Commission staff, and a forensic email search of the personal email of nine

commissioners. (*Id.* ¶ 10.) In addition, Defendants collected responsive documents from the commissioners' personal devices and cloud-based accounts. (*Id.*)

All told, Defendants report that they have individually reviewed over 60,000 documents and have produced over 12,000 documents to date. (Batcher Decl. ¶ 11.) While Defendants have collected, searched, reviewed, and produced an extensive number of documents, the document collection process has not been without challenges. (*Id.*) For example, the collection of text messages and emails from cloud-based accounts such as Gmail in a forensic manner requires specific technology and expertise. (*Id.* ¶ 9.) Defendants were told that the California Department of Justice ("Cal DOJ") lacked the in-house capability to undertake a forensic collection, and thus Defendants planned to retain a discovery vendor to collect text messages and cloud-based email. But in the course of obtaining authorization within the Cal DOJ to contract with a vendor, Defendants, in late June 2025, learned that the Cal DOJ, in fact, had the capability to undertake the forensic collection through its Office of Digital Investigations ("ODI"). Considering that using ODI would save the State substantial costs and allow for the forensic collections to occur much earlier, Defendants elected to use ODI to conduct the collections and searches. (*Id.*)

One challenge with the collection of text messages in this case was that the collection had to be done in person, with ODI in physical possession of the smartphones to be collected. (Batcher Decl. ¶ 12.) Defendants decided the most expeditious way to conduct such a collection was at the next Coastal Commission meeting, where all the commissioners would be in one location. (*Id.*) ODI therefore conducted the collection of text messages for the current Commissioners whose communications were potentially relevant to this lawsuit at the Coastal Commission meeting from July 9, 2025, through July 11, 2025, and subsequently collected the text messages of a former commissioner and former alternate commissioner who were not present at the July meeting. (*Id.*) Defendants have

completed the collection of text messages and are currently in the process of reviewing and producing the information collected. (*Id*. ¶ 13.) This review process is time-consuming, because it requires running search terms, reviewing hits to determine responsiveness, and then parsing out only relevant portions of the text conversation at issue. (*Id*.) Defendants anticipated being able to produce responsive text messages by August 31, 2025, but due to an issue with how the collection technology rendered the text messages, the initial export lacked recipient information and did not include text messages in the string necessary to provide context for text messages that hit on search terms. (*Id*.) Defendants are therefore in the process of identifying responsive texts, compiling additional texts in the thread related to the discussion in the message that hit on a search term, and preparing those text messages for production. (*Id*.) The fact that the text messages are from personal cell phones requires additional care and attentiveness during the review process, which has added additional time to complete the production of text messages. (*Id*. ¶ 14.) Defendants shall make all reasonable efforts and anticipate they will be able to complete the production of all responsive, non-privileged text messages by October 31, 2025. (*Id*.)

ODI also conducted a remote search and collection of the commissioners' personal cloud-based email accounts, each of which required setting up a one- to two-hour Teams meeting between the individual commissioner, ODI, and defense counsel. (Batcher Decl. ¶ 15.) Several issues caused unexpected delays with the collection of personal email accounts. (*Id*.) The collection of email from one commissioner was delayed by summer vacations in which the commissioner and/or counsel was out of the office for several weeks at the end of the July and the beginning of August. (*Id*.) ODI has experienced issues in exporting the email from another commissioner, which ODI is currently working to resolve. (*Id*.) The Parties initially disagreed about whether a forensic collection of the personal email of former commissioners/alternate commissioners was appropriate, given that these

individuals were automatically substituted out as parties under Federal Rule of Civil Procedure 25. (*Id.* ¶ 16.) However, after meeting and conferring with SpaceX, Defendants agreed to conduct a forensic collection of email from these two individuals, which has now been completed and is in the process of being reviewed. (*Id.*) Additionally, Defendants have encountered technical issues with the collection of another personal email account but anticipate being able to complete the collection by September 30, 2025. (*Id.*) Defendants shall make all reasonable efforts and anticipate they will be able to review and produce all responsive documents from the collected personal email accounts by October 31, 2025. (*Id.*)

This case also involves complex privilege issues, including not only attorney-client privilege and attorney work product, but also the application of the deliberative process privilege to pre-decisional agency communications and draft documents, as well as the application of export-control regulations, and the potential application of the state secrets privilege. (Batcher Decl. ¶ 18.) To date, Defendants have logged 1,179 documents on privilege logs served on SpaceX, and shall make all reasonable efforts and anticipate they will be able to complete their review and logging of privileged documents by October 31, 2025. (*Id.*)

Additionally, Defendants served requests for production, interrogatories, and requests for admission on SpaceX on July 29, 2025, and agreed to extend the response deadline from September 2, 2025, to September 16, 2025. (*Id.* ¶ 20.) Defendants thereafter served on Plaintiff a second set of requests for production, interrogatories, and requests for admission on September 12, 2025. (*Id.*) Plaintiff timely responded to Defendants' first set of discovery requests and is determining the extent to which they implicate state secret information and export-control information. (Vandell Decl., ¶ 11.) Plaintiff anticipates that some information falls under either category, which will require the Parties to further meet and confer and potentially undergo the substantial burdens of complying with applicable laws. (*Id.*)

The Parties have discussed the scheduling of depositions, but agree that it makes sense for Defendants to complete their production of text messages and emails prior to the depositions of individual commissioners. (Batcher Decl. ¶ 19.) The Parties anticipate being prepared to conduct depositions from November 2025 through January 2026. (*Id.*)

The Parties have also discussed moving for summary judgment on certain claims and whether a resolution is possible. (*Id.* ¶ 21.) The Parties will continue these discussions, but addressing certain substantive issues will require additional discovery, which the Parties are expending significant effort to complete.

As discussed above, the Parties have met and conferred numerous times since May 2025 regarding the status of discovery and Defendants' document collection, searching, and production efforts, including most recently on September 8, 2025. (Batcher Decl. ¶¶ 21-22.) The Parties have agreed to jointly seek modification of the CMO through this motion to provide the Parties time to complete discovery and discuss resolution or move for summary judgment, as set forth above. (*Id.* ¶ 22.)

### III. ARGUMENT

A court may modify a scheduling order upon a party's showing of good cause and lack of prejudice to the opposing party. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4). Good cause requires the moving party to show they have exercised diligence in their litigation conduct and that the party diligently sought amendment once it became apparent the party could not comply with the scheduling order. *Johnson*, 975 F.2d at 609; *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Good cause exists to continue the dates in the CMO as specified herein for three reasons.

First, the Parties have exercised diligence in completing discovery in this case. The Parties served initial disclosures on January 30, 2025, over a month before the mandatory scheduling conference. (Batcher Decl. ¶ 4.) Defendants began the process of collecting responsive documents before receiving requests for production

from SpaceX. (*Id.* ¶¶ 4, 8.) The Parties have met and conferred extensively about document collection sources, and have cooperated in identifying sources of potentially relevant documents. Defendants represent that they have worked diligently to collect, search, review, and produce documents from 14 Coastal Commission staff, as well as collecting, searching, reviewing, and producing documents from 11 individual commissioners. (*Id.* ¶¶ 6-10.) Overall, Defendants have searched and/or collected documents from over 60 different sources from 25 custodians. (*Id.* ¶ 10.) Defendants' document collection efforts have included not only Coastal Commission documents and email, but also the forensic collection of data from commissioners' personal text messages and email accounts. (*Id.*) During this process, the Parties have worked cooperatively to reach agreement on the document sources to be collected without needing to involve the Court in any discovery disputes. (*Id.* ¶¶ 8-9, 16, 21.) Plaintiffs have further sought to expeditiously complete discovery by subpoenaing over 10 entities. (Vandell Decl., ¶ 12.) Since serving those subpoenas, Plaintiff has met and conferred with numerous third parties regarding timely responses, deficiencies in their productions, and privilege assertions. (*Id.* ¶ 13–15.)

As noted above, Defendants have individually reviewed over 60,000 documents, and have produced over 12,000 documents. (Batcher Decl., ¶ 11.) The Parties have been diligent in attempting to complete discovery during the deadline set forth in the CMO, but due to the issues and complexities described above, the Parties anticipate that they will not be able to complete discovery within the deadlines set forth in the CMO. (*Id.* ¶ 22.)

Second, the Parties have diligently requested a continuance once they became aware of the need to do so. (Batcher Decl. ¶ 22.) Defendants initially anticipated being able to complete the vast majority of their document production, including producing responsive text messages, by August 31, 2025. This timing potentially would have allowed the Parties sufficient time to complete depositions and other

discovery by October 17, 2025, and productively engage in discussions regarding summary judgment, potential settlement, and the need for other non-discovery motions, and potentially narrowing or avoiding the need for expert witnesses. However, due to the technical issues with the exporting of text messages, which has necessitated the need to manually match recipient information with responsive text messages and also to manually identify and export relevant portions of text strings, as well as delays in collection and review of personal email for several of the custodians, Defendants realized by Thursday, September 4, 2025, that it would take longer than anticipated to complete their document production. (*Id.* ¶ 22.)

Additionally, Plaintiff has spent significant time and effort to simultaneously ingest and review documents, review over a dozen lengthy privilege logs, meet and confer regarding third parties' subpoena responses, meet and confer regarding Defendants' discovery responses, meet and confer regarding privilege issues, and respond to discovery requests, but given the delayed production schedule, those actions are not able to be completed within the current case calendar.

Defendants reached out to SpaceX the same day they realized they would not be able to produce all documents by the end of fact discovery to schedule a meet and confer to discuss the CMO deadlines. The Parties met and conferred the following Monday, on September 8, 2025, at which point the Parties agreed to seek a continuance to permit the efficient and effective completion of discovery, allow enough time for the Parties to comply with the Court's summary judgment process, discuss potential resolution of certain claims, and otherwise meet the deadlines set in the CMO. (*Id.* ¶ 22.) Defendants provided Plaintiff with a draft of this motion on Friday, September 12, 2025. (*Id.*) Because Plaintiff's discovery responses were due Tuesday, September 16, 2025, Plaintiff sent Defendants a revised draft on Thursday, September 18, 2025. (Vandell Decl., ¶ 3–4.)

Third, continuing the CMO deadlines does not prejudice any of the Parties—to the contrary, the Parties agree that additional time is necessary to diligently conduct

13

discovery, including by addressing issues that may lead to early resolution of at least some of Plaintiff's claims. This is the first time the Parties have requested to extend any of the deadlines in the CMO. As explained above, the Parties have independently (as well as collaboratively) worked hard to comply with their discovery obligations without Court intervention. Significant progress has been made. However, additional time is needed, not for lack of diligence, but because the demands of the case require it.

### IV. CONCLUSION

For the foregoing reasons, the Parties jointly respectfully request that the Court grant this motion and modify the CMO deadlines as follows:

| Event | Prior Date | Current Date | Proposed Date |
|---|---|---|---|
| **Trial** | N/A | 3/9/2026 | 9/7/2026 |
| **Pretrial Conference** | N/A | 2/20/2026 | 8/28/2026 |
| **Discovery Deadline – Nonexpert** | N/A | 10/17/2025 | 1/30/2026 |
| **Discovery Deadline – Expert** | N/A | 11/14/2025 | 2/27/2026 |
|    Initial Expert Disclosures | N/A | 10/3/2025 | 1/23/2026 |
|    Rebuttal Expert Disclosures | N/A | 10/17/2025 | 2/13/2026 |
| **Discovery Motion Hearing Deadline** | N/A | 11/14/2025 | 3/13/2026 |
| **Non-Discovery Motion Hearing Deadline** | N/A | 11/28/2025 | 5/22/2026 |
| **Settlement Conference Deadline** | N/A | 12/12/2025 | 6/5/2026 |
| **Post-Settlement Status Conference** | N/A | 12/26/2025 | 6/26/2026 |
|    Joint Status Report Due | | 12/19/2025 | 6/19/2026 |
| **Trial Filings (First Set) Deadline** | N/A | 1/23/2026 | 7/24/2026 |
| **Trial Filings (Second Set) Deadline** | N/A | 2/6/2026 | 8/7/2026 |

| | | |
|---|---|---|
| Dated: September 23, 2025 | | Respectfully submitted,<br><br>ROB BONTA<br>Attorney General of California<br><br>/s/ *David G. Alderson*<br>DAVID G. ALDERSON<br>Supervising Deputy Attorney General<br>PAUL BATCHER<br>Deputy Attorney General<br>JESSICA A. BONITZ<br>Deputy Attorney General<br>*Attorneys for Defendants*<br>*California Coastal Commission et al.* |
| Dated: September 23, 2025 | | Venable LLP<br><br>/s/ *Tyler G. Welti*<br>Tyler G. Welti<br>Colin B. Vandell<br>Mitchell Y. Mirviss (admitted *pro hac vice*)<br>*Attorneys for Plaintiff, Space Exploration Technologies Corp.* |

## SIGNATURE ATTESTATION

Pursuant to Local Rule 5-4.3.4(a)(2), I hereby attest that Tyler G. Welti, counsel for Plaintiff, concurs in the content of this filing and has authorized this filing.

Dated: September 23, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California

/s/ *David G. Alderson*
DAVID G. ALDERSON
Supervising Deputy Attorney General
PAUL BATCHER
Deputy Attorney General
JESSICA A. BONITZ
Deputy Attorney General
*Attorneys for Defendants*
*California Coastal Commission et al.*

OK2024605276