VENABLE LLP
Tyler G. Welti (SBN 257993)
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: (415) 653-3750
Facsimile: (415) 653-3755
tgwelti@venable.com

Colin B. Vandell (SBN 240653)
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
cvandell@venable.com

Mitchell Y. Mirviss (*pro hac vice*)
750 East Pratt Street, 9th Floor
Baltimore, MD  21202
Telephone: (410) 244-7412
Facsimile: (410) 244-7742
mymirviss@venable.com

Attorneys for Plaintiff Space Exploration Technologies Corp.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Space Exploration Technologies Corp.<br><br>Plaintiff,<br><br>v.<br><br>California Coastal Commission, et al.<br><br>Defendants. | Case No. 2:24-cv-08893-SB-SK<br><br>Referred to Magistrate Judge Steve Kim<br><br>**DISCOVERY MATTER:**<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**<br><br>Courtroom: Room 540<br>Date:  December 17, 2025<br>Time:  10:00 a.m.<br><br>Action Filed:  10/15/2024<br>Fact Discovery Cutoff Date: 1/30/2026<br>Pretrial Conference Date:  6/12/2026<br>Trial Date:  6/29/2026 |

## I. INTRODUCTION

One of SpaceX's central claims is that Defendants acted in retaliation against the speech of SpaceX's CEO, in an effort to chill his and SpaceX's protected conduct. Defendants' central defense is that they acted for other, non-retaliatory reasons. Yet Defendants are withholding key evidence about those reasons on the basis that revealing those reasons would chill *their* speech. Even if the qualified deliberative process privilege applied, it yields where, as here, the needs of discovery outweigh the interests in withholding evidence. Defendants' contrary arguments fail.

Their claim that other evidence is available to SpaceX is incorrect. Defendants' productions have largely consisted of irrelevant materials and duplicates. Defendants cannot withhold the highly relevant evidence SpaceX seeks simply because they have produced other marginally relevant materials. Moreover, the documents Defendants have produced show that Defendants have been destroying relevant evidence. For example, just last week SpaceX discovered that *at least one Defendant, former Commission Chair Caryl Hart, instructed another Defendant, Commissioner Dayna Bochco, to delete their text messages after this litigation commenced.* *See* Declaration of Colin Vandell (Vandell Decl.) in support of Supplemental Memorandum at ¶ 3, Ex. A.

Nor have Defendants carried their burden to show the remaining balancing factors weigh in favor of withholding. As SpaceX has explained, its interests in its claims alleging retaliatory animus, along with the Court's interest in accurate judicial fact finding and the public's interest in government transparency, overwhelmingly favor disclosure. Against these interests, Defendants offer only a belated agency-head declaration citing generic concerns that producing the withheld documents would result in chilled speech. Their response is legally insufficient, particularly because serious government misconduct is at issue and the Protective Order mitigates any purported chilling.

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

The privilege assertions must therefore be withdrawn and the withheld documents produced in full or, at the very least, under the Protective Order.

## II. ARGUMENT

As SpaceX explained in the Joint Stipulation, the deliberative process privilege does not apply here. But even if it did, disclosure is necessary given SpaceX's well-pleaded First Amendment retaliation claim and allegations of credible enforcement threats. Defendants primarily respond that four balancing factors weigh against disclosure: (1) relevance, (2) availability of other evidence, (3) the Commission's role in the litigation, and (4) whether disclosure would chill speech. Defendants then conclusorily assert the remaining factors—(5) interest in accurate fact-finding, (6) seriousness of the issues, (7) government misconduct, and (8) interest in enforcing federal law—favor withholding for similar reasons. As explained below, Defendants are incorrect and the privilege must yield.

### 1. Defendants misapply the law to the first three factors.

***Relevance***: Defendants argue that the withheld documents are only "tangentially relevant" because (1) "the personal opinions [of Commission staff] are not relevant to SpaceX's claims," and (2) "most of the allegedly biased statements" were "made during [an] October 10, 2024[] hearing." Joint Stipulation (JS) at 32. But the opinions expressed by agency staff are quintessentially relevant to establishing bias or animus. *See Ramos v. Nielsen*, 321 F. Supp. 3d 1083, 1123 (N.D. Cal. 2018) ("[T]he Ninth Circuit permitted the animus of a subordinate employee to be imputed to his employer," and "[t]here is no logical reason why this principle should not apply with equal force when the superior entity or authority . . . influences a subordinate . . . to perform an action."). Defendants' attempt to narrow the scope of relevance to the October 10 hearing is equally misguided. While that hearing is a glaring public instance in which Defendants expressed their animus toward SpaceX based on the political beliefs and activities of its CEO, SpaceX has alleged a larger course of discriminatory enforcement of

the Coastal Development Permit requirement against SpaceX. *See, e.g.*, SAC ¶ 194. "[T]he Court may look behind the stated reasons for government action to other circumstantial evidence to find evidence of discriminatory purpose, such as: a decision's historical background . . . ; the specific sequence of events leading up to the challenged decision; departures from the normal procedural sequence; substantive departures[,] particularly if the factors usually considered important by the decisionmaker strongly favor a decision contrary to the one reached; and the legislative or administrative history[,] especially where there are contemporary statements by members of the decisionmaking body, minutes of its meetings, or reports." *Ramos*, 321 F. Supp. 3d at 1125 (cleaned up). This, along with further evidence of Defendants' enforcement threats against SpaceX, is exactly what SpaceX seeks. The relevance factor favors disclosure.

*Availability of other evidence:* Defendants assert that disclosure is not required because "SpaceX has access to numerous other sources of documents," such as public staff reports, a staff presentation, and a hearing transcript. JS at 34. Their argument is at odds with precedent, which recognizes that "the evidence of discriminatory intent does not typically lay dormant in an administrative record." *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1125 (N.D. Cal. 2003) (internal quotation marks omitted). Rather, private conversations between commissioners, "*staff*, [a plaintiff's] representatives, members of the public, and *amongst themselves* that are not embodied in the record . . . may well be relevant in the ascertainment of motive, which is central to [a] case" alleging bias and animus. *Id.* (emphasis added). Defendants' spoliation of relevant evidence makes SpaceX's access to existing evidence all the more vital. *See* Vandell Decl. at Ex. A.

*Commission's Role:* Defendants' argument that the "Commission's role in the litigation weighs *against* disclosure," JS at 36 (emphasis in original), is wrong as a matter of law. The sole case Defendants cite in support held the opposite: this "factor weighs in [the plaintiff]'s favor because the government is a party to this

action." *Scalia v. Int'l Longshore & Warehouse Union*, 336 F.R.D. 603, 617 (N.D. Cal. 2020). *Scalia* found that the privilege did not yield because the plaintiff merely "offer[ed] conclusory assertions" about the "relevance of the documents sought." *Id*. By contrast, SpaceX dedicated six pages of the Joint Stipulation to detailing why disclosure is necessary. JS at 14–20. The Court should therefore reject Defendants' counterintuitive position that the Commission's role—*as a defendant*—somehow weighs against disclosure.

### 2. The Protective Order mitigates generic harms of chilled speech.

The next factor Defendants argue weighs in favor of withholding is chilled speech. But Defendant Huckelbridge's belated declaration offers only generic assertions that disclosure will harm internal debate, back-and-forth, and evolving ideas. *See* Huckelbridge Decl., at ¶¶ 16, 41, 52. These boilerplate concerns simply recount the reasons the privilege exists in the first place, not why it should be upheld here. Defendants do not explain how producing the specific documents at issue would purportedly chill agency speech—let alone to an extent that outweighs the significant interests in favor of disclosure. *See Del Socorro Quintero Perez v. United States*, 2016 WL 499025, at *7 (S.D. Cal. Feb. 9, 2016) ("Defendants fail to articulate how disclosure of *this* document will chill agency discussion."); *Owen v. I.C.E.*, 2024 WL 5339162, at *6 (C.D. Cal. Nov. 12, 2024) ("Defendants fail to explain why the disclosure of these particular recommendations and drafts would chill communications regarding the agencies' decision-making processes.").

Nor have Defendants come close to satisfying the Court's "exacting— document-by-document, page-by-page—scrutiny." Dkt. 73 at 1. Such a review is consistent with the qualified nature of the privilege and the fact that government misconduct generally renders the privilege inapplicable. *See Allen v. Woodford*, 2007 WL 309945, at *4 (E.D. Cal. Jan. 30, 2007), *modified on recon.*, 2007 WL 9747771 (E.D. Cal. Mar. 16, 2007) ("Where there is reason to believe the documents may shed light on government misconduct, the privilege is routinely

denied."). And should the withheld documents truly be so sensitive that their disclosure would chill speech, producing under the Protective Order would mitigate the purported harms.

### 3. Defendants do not carry their burden on factors 5–8.

Defendants summarily state that the fifth through eighth balancing factors weigh in their favor. They largely rest on the incorrect position that there is "ample" evidence available to SpaceX. As explained above and in SpaceX's portion of the Joint Stipulation, Defendants' productions have largely consisted of duplicates and marginally relevant public documents. Moreover, it is now apparent that Defendants have destroyed relevant materials. Vandell Decl. at ¶ 3–4.

Defendants also argue that the privilege should not yield to ensure "its decision-making process is accurate and robust." JS at 37. This attempt to exalt secrecy above transparency in ensuring "accurate" agency decision-making in a case alleging retaliation and bias is concerning. Where government misconduct is at issue, transparency ensures the protection of constitutional rights, promotes accurate judicial fact-finding, ensures future accountability of government actors, and restores public faith in government agencies. *See, e.g.*, *In re Sealed Case*, 121 F.3d 729, 738 (D.C. Cir. 1997) ("[W]here there is reason to believe the documents sought may shed light on government misconduct, the privilege is routinely denied, on the grounds that shielding internal government deliberations in this context does not serve the public's interest in honest, effective government.") (internal quotation marks omitted); *Allen*, 2007 WL 309945, at *4 (similar). Defendants have thus not shown that these factors favor withholding highly relevant evidence.

## III. CONCLUSION

Defendants have not shown that the deliberative process privilege applies. Even if they could, that qualified privilege must yield in this case alleging that Defendants acted with retaliatory animus against SpaceX, especially now that Defendants' spoliation has come to light.

Respectfully submitted,

Dated: December 3, 2025

VENABLE LLP

By:   */s/ Tyler Welti*
Tyler G. Welti
Colin B. Vandell
Mitchell Y. Mirviss (admitted *pro hac vice*)

Attorneys for Plaintiff Space Exploration Technologies Corp.

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

# CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2025, I electronically filed the foregoing document with the Clerk of the Court, using the CM/ECF system, which will automatically send email notification of such filing to all counsel who have entered an appearance in this action.

                                                */s/ Tyler Welti*
                                                Tyler Welti