1   ROB BONTA
    Attorney General of California
2   DAVID G. ALDERSON
    Supervising Deputy Attorney General
3   State Bar No. 231597
    PAUL BATCHER
4   Deputy Attorney General
    State Bar No. 266928
5   JESSICA A. BONITZ
    Deputy Attorney General
6   State Bar No. 348048
     1515 Clay Street, 20th Floor
7    P.O. Box 70550
     Oakland, CA 94612-0550
8    Telephone: (510) 879-0003
     Fax: (510) 622-2270
9    E-mail: David.Alderson@doj.ca.gov
     E-mail: Paul.Batcher@doj.ca.gov
10   E-mail: Jessica.Bonitz@doj.ca.gov
    *Attorneys for Defendants*
11  *California Coastal Commission et al.*

12  [*Additional counsel listed on signature page*]

13          IN THE UNITED STATES DISTRICT COURT

14          FOR THE CENTRAL DISTRICT OF CALIFORNIA

15

16

17  **Space Exploration Technologies Corp.,**          2:24-cv-08893 SB (SKx)

18                              Plaintiff,    **NOTICE OF JOINT MOTION AND JOINT MOTION TO CONTINUE DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES**

19      **v.**

20
    **California Coastal Commission et al.,**          Judge:    The Honorable Stanley
21                                                               Blumenfeld, Jr.
                                Defendants.
22

23          TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE

24  NOTICE that Plaintiff Space Exploration Technologies Corp. (SpaceX, collectively

25  with Defendants, the Parties) and Defendants Caryl Hart, Dayna Bochco, Linda

26  Escalante, Meagan Harmon, Ann Notthoff, Jaime Lee, Susan Lowenberg, Mike

27  Wilson, Kate Huckelbridge, Cassidy Teufel, Ariel Kelley, Jose Preciado, Raymond

28

A. Jackson, Christopher Lopez, and Suzanne Smith (Defendants) jointly move this Court for an order to modify the case schedule.  (Dkt. 48, 72.) The Parties request the following extension of deadlines:

| Event | Prior Dates | Current Dates | Proposed Dates |
|---|---|---|---|
| **Trial** | 03/09/26 | 06/29/26 | 10/05/26 |
| **Pretrial Conference** | 02/20/26 | 06/12/26 | 09/18/26 |
| **Mot. to Amend Pleadings** | 05/16/25 | N/A | N/A[1] |
| **Fact Discovery Cutoff** | 10/17/25 | 01/30/26 | 04/03/26 |
| **Expert Discovery Cutoff** | 11/14/25 | 02/27/26 | 04/24/26 |
| Initial Expert Disclosures | 10/3/25 | 01/23/26 | 03/27/26 |
| Rebuttal Expert Disclosures | 10/17/25 | 02/13/26 | 04/10/26 |
| **Discovery Motion Hearing Cutoff** | 11/14/25 | 02/27/26 | 04/03/26 |
| **Non-Discovery Motion Hearing Cutoff** | 11/28/25 | 03/27/26 | 07/10/26[2] |
| **Settlement Conf. Deadline** | 12/12/25 | 04/10/26 | 07/24/26 |
| **Post-Settle. Conf.** (Report due 7 days before) | 12/26/25 | 04/24/26 | 08/07/26 |
| **Trial Filings (1st Set)** | 01/23/26 | 05/15/26 | 08/21/26 |
| **Trial Filings (2nd Set)** | 02/06/26 | 05/29/26 | 08/28/26[3] |

---

[1] SpaceX seeks to reserve its right to move for leave to amend the complaint by February 14, 2026, to conform the complaint to evidence supporting SpaceX's individual capacity § 1983 claim for violation of the First Amendment. The Court dismissed SpaceX's individual capacity § 1983 claim for violation of the First Amendment without prejudice. (Dkt. 66 at 22.) Any proposed amendment would be limited to naming specific Defendants in their individual capacities with respect to the First Amendment claim based on evidence obtained through discovery. Any such amendment would not add more causes of action or require more discovery propounded by SpaceX or, in SpaceX's view, from Defendants because SpaceX is already responding to discovery concerning damages. Defendants oppose modification of the scheduling order to allow a motion to amend pleadings, and Defendants reserve their right to oppose any motion for leave to amend the operative complaint.

[2] The parties intend to meet and confer about summary judgment briefing and propose procedures and a schedule to the court for approval, which would provide for the parties to meet and confer and begin the briefing process in May.  In the interim, the Parties request that the Court extend the summary judgment hearing deadline to July 10, 2026, because the Parties agree additional time is needed to address the numerous, complex legal issues presented in this case and for third parties who have expressed intent to participate as amici to move for leave to file amicus briefs and for the Parties to respond to those briefs.

[3] Trial counsel for SpaceX seeks to schedule trial to avoid planned international travel booked from August 31 to September 14, 2026.

2

Good cause exists to extend the deadlines because, as set forth in more detail in the accompanying Memorandum of Points and Authorities and Declarations of Paul Batcher and Tyler Welti, the Parties have been working diligently but are not able to complete fact discovery by the current deadline.  The Parties need additional time to: (1) resolve Plaintiff's spoliation concerns, including investigating the apparent deletion of relevant documents by Defendants, attempting to recover and produce deleted files, and negotiating an acceptable resolution; (2) complete taking depositions based on recently produced documents and any deleted evidence that is recovered; (3) complete additional third-party discovery that was required based on recently discovered documents and spoliation concerns; (4) allow the Department of the Air Force more time to respond to *Touhy* requests; (5) finish meeting and conferring regarding the Parties' discovery responses and privilege assertions, and, if necessary, file motions to compel to resolve any remaining discovery disputes; and (6) resolve discovery disputes with third parties, including by moving to compel if necessary.

In addition, the Parties request that the Court extend the summary judgment hearing deadline.  The Parties are currently negotiating a modified summary judgment schedule to propose for the Court's approval, which takes into account that both parties intend to move for summary judgment, the case raises numerous complex legal issues, and SpaceX has been informed that amici are planning to seek leave to participate.  The Parties intend to request that the summary judgment briefing process begins in early May, and are meeting and conferring on further details.

The Joint Motion is based upon this Notice of Joint Motion, the accompanying Memorandum of Points and Authorities, chart of completed work and remaining work, the Declarations of Paul Batcher and Tyler Welti, all the papers on file in this action, and upon such other and further evidence or argument that the Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Parties have made substantial progress toward completing discovery within the current deadlines. However, additional time for discovery is needed for the Parties to: (1) investigate and resolve concerns regarding the apparent deletion of relevant documents by Defendants; (2) complete taking depositions based on recently produced documents and any deleted evidence that is recovered; (3) complete additional third-party discovery that was required based on recently discovered documents and spoliation concerns; (4) allow the Air Force more time to respond to *Touhy* requests; (5) finish meeting and conferring regarding the Parties' discovery responses and privilege assertions, and, if necessary, file motions to compel to resolve any remaining discovery disputes; and (6) resolve discovery disputes with third parties and seek judicial intervention if necessary.

The Parties also request that the summary judgment hearing deadline be extended. The Parties are currently negotiating a modified summary judgment briefing schedule to propose for the Court's approval. The Parties intend to request that the summary judgment briefing process begins early, in May 2026, and a schedule that takes into account the numerous complex legal issues raised in this dispute and that third parties are planning to seek leave to file amicus briefs.

An extension will allow the Parties time needed to complete discovery, brief the complex issues in this case, and respond to amicus briefs.

### II. FACTUAL BACKGROUND

#### A. Nature of the Dispute

SpaceX challenges Defendants' asserted authority to regulate the Falcon 9 launch program at Vandenberg Space Force Base (Base) under the California Coastal Act. SpaceX claims that Defendants' actions to regulate the Falcon 9 launch program as federally permitted activity occurring within the Coastal Zone and to require SpaceX to obtain a coastal development permit (CDP) violate the

Coastal Zone Management Act (CZMA) (Count I), the Supremacy Clause (Count II), the Federal Enclave Clause (Count III), and the California Coastal Act applied as federal law (Count IV).  SpaceX also asserts that Defendants violated its fundamental right to free speech (Count V) by unlawfully attempting to regulate SpaceX based on animus toward the protected speech and beliefs of SpaceX's CEO Elon Musk.

## B.    Relevant Procedural History.

SpaceX filed its Second Amended Complaint (SAC), the operative complaint, on March 28, 2025.  (Dkt. 55.)  Defendants moved to dismiss the SAC on April 11 (Dkt. 56), and the Court heard Defendants' motion on May 30, 2025.  (Dkt. 65.)  On July 2, 2025, the Court granted in part and denied in part Defendants' motion to dismiss.  (Dkt. 66.)

On September 23, 2025, the Parties filed a Joint Motion to Modify the Case Management Order and Continue Deadlines, including because Defendants faced significant technical and logistical obstacles in gathering and producing documents from over 60 different sources from 25 custodians.  (Dkt. 71.)  The same day, the Court granted the Parties' request and issued a modified case schedule.  (Dkt. 72.)  Since filing the joint motion, the Parties have endeavored to complete discovery by the current deadline.

## C.   The Parties' Discovery Efforts

Since the Parties' September 23 Joint Motion to continue the case deadlines, the Parties have worked diligently to complete party discovery in the following ways:

### 1.    SpaceX's Discovery Efforts

First, SpaceX has spent significant time resolving a dispute regarding Defendants' assertion of the deliberative process privilege with respect to highly relevant documents.  Through numerous meet and confers, the Parties narrowed the dispute to about half of the documents originally at issue.  (Dkt. 73-1 at 2.)

Additionally, on October 24, 2025, SpaceX sent Defendants a 12-page letter detailing SpaceX's position that Defendants improperly invoked the privilege as to the remaining documents and requesting that the privilege be withdrawn.  (*Id.* at 6.) The Parties met and conferred on October 31 and agreed they had reached an impasse.  (*Id.* at 7.)  On November 14, SpaceX provided Defendants its portion of a Joint Stipulation re. Motion to Compel, and the Parties filed the stipulation on November 25.  (*Id.* at 1.)  On December 9, Judge Kim issued an order denying in part and granting in part SpaceX's motion to compel.  (Dkt. 77.)  Following that order, the Parties met and conferred with respect to a motion for review of Judge Kim's order and were able to avoid the need for that motion by agreeing that the privilege assertions would be withdrawn with respect to two discrete email chains that were still under dispute.

SpaceX has also been diligently reviewing Defendants' recent document productions, including productions on December 9, December 15, December 30, and January 8.  (Declaration of Tyler Welti [Welti Decl.] at ¶5.)  As part of this effort, SpaceX has been reviewing Defendants' privilege logs, including those produced on December 15, December 31, and January 6.  Collectively, those three logs contain over 2,000 entries, and SpaceX anticipates needing to meet and confer regarding Defendants' privilege assertions, particularly with respect to their assertion of the deliberative process privilege with respect to documents relevant to Plaintiff's First Amendment claim, and potentially file a motion to compel.  (*Id.* ¶11.)  Additionally, SpaceX has been meeting and conferring with Defendants regarding the adequacy of their responses to SpaceX's discovery requests to avoid the need for a motion to compel.

Second, SpaceX has spent substantial time addressing concerns with the apparent deletion of relevant documents by Defendants.  SpaceX discovered signs of alleged spoliation in mid-November after reviewing Defendants' November 6 production, including text messages in which Defendant Hart directed others to

1   delete text messages relating to SpaceX after this litigation had commenced.  (*Id.*
2   ¶6.)  On November 24, SpaceX sent a 12-page meet-and-confer letter outlining its
3   concerns to Defendants and raising numerous other discovery issues.  (*Id.* ¶7.)
4   Defendants responded on November 25 that they were investigating SpaceX's
5   concerns and agreed to meet and confer on Monday, December 1.  (*Id.*)  The Parties
6   met and conferred, and on December 4 SpaceX requested that Defendants respond
7   to its spoliation concerns by December 8.  (*Id.* ¶8.)  On December 9, Defendants
8   informed SpaceX they are still investigating several issues.  (*Id.*)  On December 15,
9   Defendants sent a letter acknowledging that Defendants Hart and/or Defendant
10  Bochco may have deleted or partially deleted certain communications.[4] (*Id.* ¶9.)
11  On December 17, SpaceX sent a response letter seeking additional information
12  regarding Defendants' document destruction and other discovery issues.  (*Id.*)  On
13  December 26, Defendants sent a reply letter that provided an update on Defendants'
14  efforts to investigate concerns regarding the apparent deletion of relevant
15  documents.  This letter included information about the content of newly identified
16  text messages in which two of the Defendants discussed the deletion of text
17  messages relevant to this case.  (*Id.* ¶10.)  During the first week of January 2026,
18  SpaceX also learned that Defendant Commissioner Wilson and Commissioner
19  Kunkel also deleted and/or failed to preserve relevant communications, including
20  communications occurring after SpaceX filed its Complaint.  (*Id.* ¶¶10, 31.)  This
21  new information prompted SpaceX to take additional third-party discovery to
22  obtain such apparently deleted communications and revealed the need to depose
23  additional Defendants.  (*Id.* ¶¶14, 26–33.)
24        <u>Third</u>, the Parties have agreed to conduct a substantial number of depositions
25  and have been working to complete those depositions by the current discovery
26
27  _____
    [4] Defendants do not concede at this point that any deletion occurred.  While certain facts seem to
    indicate that one or more Defendants may have deleted relevant communications, Defendants are
    still investigating this issue and reserve their right to take the position that no relevant documents
28  were deleted if that is what the facts ultimately show.

deadline.  On November 11, 2025, SpaceX requested the availability of 7 individuals to take their depositions.  (*Id.* ¶12.)  On November 17, Defendants confirmed the availability of several individuals and noted they would provide the remaining deposition dates shortly.  (*Id.*)  By November 19, the Parties confirmed depositions for: December 19, January 9, January 13, January 16, January 22, and January 29.  (*Id.*)  On December 8, 2025, the Parties confirmed a deposition for January 7.  (*Id.*)

The December 19 and January 7 depositions have taken place.  (*Id.* ¶13.) However, the January 9 deposition was canceled by Defendants that morning due to an unforeseen personal emergency experienced by the deponent.  (*Id.*)  The Parties are in the process of rescheduling this deposition. (*Id.*) Plaintiff also intends to seek to reschedule some depositions until after Defendants have completed their investigation of the potential deletion of documents by Defendants and produced any deleted documents that they are able to recover.  (*Id.*)  For this reason and because of a personal emergency experienced by Plaintiff's counsel,  Plaintiff sought to reschedule the January 13 deposition, and Defendants agreed to reschedule.  (*Id.*)  Defendants' December 26 disclosure of newly identified text messages in which two of the Defendants discussed the deletion of relevant text messages also prompted the need to take additional depositions.  (*Id.* ¶14.)  SpaceX has requested the additional depositions take place on January 28 and January 30, and the Parties are attempting to confirm these dates.  (*Id.*)

Fourth, SpaceX has been diligently completing written discovery and document discovery.  SpaceX has spent significant effort responding to Defendants' written discovery requests, meeting and conferring with Defendants regarding the Parties' discovery responses and reviewing and producing documents.  On September 26, 2025, Defendants requested to meet and confer regarding SpaceX's responses to Defendants' RFAs, RFPs, and interrogatories.  (*Id.* ¶16.)  After multiple written exchanges, the Parties met and conferred in November and

December, and have been able to narrow and potentially resolve the discovery

disputes, including by SpaceX agreeing to supplement several discovery responses,

which SpaceX has since completed.  (*Id.* ¶¶16–17.)

SpaceX has also produced documents on November 7, November 24,

December 19, and January 6.  (*Id.* ¶18.)  SpaceX believes it has completed or

nearly completed producing documents and is currently determining whether it

possesses additional responsive documents, in which case it will promptly produce

them.  (*Id.*)  SpaceX is also determining whether any responsive documents are

privileged and, if so, preparing a privilege log.  (*Id.*)  SpaceX anticipates its

document production will be complete and any privilege logs will be submitted

before the current close of discovery.  (*Id.*)

### a.    SpaceX's Third-Party Discovery Efforts

SpaceX has also diligently pursued third-party discovery since the Parties'

request for an extension on September 23, 2025.  <u>First</u>, SpaceX timely submitted a

*Touhy* letter to the Department of the Air Force on November 10, 2025.  (*Id.* ¶20.)

SpaceX's ability to coordinate with the Air Force on its *Touhy* request earlier was

delayed by the extended government shutdown. (*Id.* ¶21.)  SpaceX met and

conferred with the Air Force on December 2, 2025, which was the earliest available

date following the shutdown.  (*Id.*)  The Air Force communicated that the earliest it

could provide a response, which may be a partial response, is the week of January

12.  (*Id.* ¶22.)  The Air Force explained that review and production of responsive

documents has been slowed by the need to review for classified information,

controlled unclassified information, and other privilege and confidentiality

concerns, in addition to the holidays.  (*Id.*)  The Air Force completed a partial

response on January 12 and 14.  (*Id.*)  The Air Force has communicated that it

requires more time to complete its response to the *Touhy* request but expects to be

able to complete its response to the request by the end of February.  (*Id.*)

Second, SpaceX has met and conferred with third parties regarding their subpoena responses.  Such efforts have resolved SpaceX's discovery dispute with the International Brotherhood of Electrical Workers ("IBEW") over its assertion of the First Amendment privilege with respect to responsive documents of Defendant Gretchen Newsom.  (*Id.* ¶24–25.)  SpaceX has also sought third-party discovery from the California State Controller's Office (SCO) as a result of Defendants' position that Commissioner Cohen and Commissioner Kunkel are also SCO officials.  SpaceX continues to try to resolve its discovery dispute with the SCO and Defendants but expects a motion to compel may be required.  Defendants' mid-December productions revealed that the SCO, in SpaceX's view, had not produced numerous highly relevant documents.  (*Id.* ¶27–30.)  SpaceX discovered that this apparently was due, in part, to Commissioner Kunkel (an SCO officer) also deleting her text messages with other Commissioners.  (*Id.* ¶31.)  On January 6, the SCO also acknowledged to SpaceX that it had withheld responsive communications between Commissioner Cohen (State Controller) and Commissioner Kunkel on the basis that such communications are internal to the SCO.  (*Id.* ¶32.)  On January 7, SpaceX met and conferred with the SCO, which continues to assert it will not produce communications between Commissioners Cohen and Kunkel absent a court order.  (*Id.*)

Third, SpaceX discovered in late December 2025 that additional, narrowly tailored third-party discovery was necessary.  As discussed above, on December 26, Defendants sent SpaceX a letter addressing concerns that Defendants may have deleted relevant documents.  This letter disclosed newly discovered, relevant text messages, including some text threads that included persons employed by the Surfrider Foundation (Surfrider) and California Natural Resources Agency (CNRA).  (*Id.* ¶33.)  Discovery into Surfrider's and the CNRA's communications with Defendants regarding SpaceX is therefore necessary.  SpaceX served subpoenas on Surfrider and CNRA on January 5 and 7, respectively and has

negotiated a response deadline with Surfrider of January 23. (*Id.* ¶34.) The CNRA has responded to SpaceX's subpoena on January 14, 2026, stating that it requires up to 60 days to respond, but SpaceX is seeking to negotiate an earlier response date. (*Id.* ¶35.) Despite SpaceX serving subpoenas days after discovering the relevance of these third parties, additional time is needed to ensure both entities respond sufficiently.

**D.    Defendants' Discovery Efforts**

Since the Parties' September 23 Joint Motion to continue the case deadlines, Defendants have: (1) reviewed and produced over 2,000 documents in response to Plaintiff's requests for production, and prepared related privilege logs; (2) met and conferred with Plaintiff regarding Plaintiff's responses to written discovery and topics in Defendants' 30(b)(6) notice to Plaintiff; (3) responded to Plaintiff's requests for admission (Set No. 2); (4) worked with Plaintiff to address Plaintiff's concerns with Defendant's document productions and responses to discovery; (5) opposed and addressed Plaintiff's motion to compel for production of documents withheld on the basis of the deliberative process privilege; (6) undertaken an investigation into potential deletion of documents by one or more Defendants, including a manual review of hundreds of text messages to identify additional responsive text messages which were produced to Plaintiff and retention of a third-party vendor for assistance in determining if any relevant documents have been deleted and attempting to recover any such deleted text messages; (7) reviewed documents produced by Plaintiff; (8) defended several depositions, and scheduled and prepared witnesses for depositions yet to occur. (Declaration of Paul Batcher [Batcher Decl.] at ¶ 5.)

**III.  ARGUMENT**

A court may modify a scheduling order upon a party's showing of good cause and lack of prejudice to the opposing party. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); Fed. R. Civ. P. 16(b)(4). Good cause

requires the moving party to show it has exercised diligence in its litigation conduct and that the party diligently sought amendment once it became apparent it could not comply with the scheduling order. *Johnson*, 975 F.2d at 609; *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Good cause exists to continue the case deadlines for three reasons.

First, the Parties have exercised diligence in completing discovery. Since the Court granted the Parties' first request for an extension on September 23, the Parties have nearly completed document production (and will likely complete it within the current deadline except for documents subject to Defendants' document deletion investigation), scheduled and conducted depositions, engaged in third-party discovery, and continued to make significant progress resolving discovery disputes without court intervention.

However, Defendants' December 26 disclosure of additional documents as part of its ongoing investigation into the apparent deletion of documents has required additional depositions and third-party discovery that could not reasonably have been anticipated. Since then, in SpaceX's determination, it has become apparent through depositions that at least one other Defendant did not preserve responsive communications after SpaceX filed this case. In addition, since then, it has become apparent to SpaceX that additional, non-voting Commissioners who have been actively involved in the Commission's regulation of SpaceX have deleted or failed to preserve responsive documents. According to SpaceX, those Commissioners also only recently disclosed that they had been withholding relevant communications between them. SpaceX has acted promptly to address these developments, including by serving subpoenas within days and meeting and conferring during the holidays. But the remaining work—such as taking additional depositions and third-party motion practice, if necessary—cannot reasonably be completed within the current deadlines.

Moreover, and despite its diligence, SpaceX needs additional time to resolve the remaining discovery disputes with Defendants, including regarding their recently produced privilege logs covering thousands of documents.

SpaceX also requires additional time because Defendants have not yet completed investigating the apparent deletion of documents and producing any deleted documents that they are able to recover.

Additionally, SpaceX requires more time to complete third-party discovery involving the Air Force. As explained above, SpaceX's ability to coordinate with the Air Force on its *Touhy* request earlier was delayed by the extended government shutdown. (Welti Decl. ¶20–22.) While the Air Force previously believed it would fully respond to the request by early January, the Air Force has since communicated that it expects to provide a partial response the week of January 12 (which it provided on January 12 and 14) and will require more time to complete its response. Therefore, good cause exists to grant SpaceX's requested extension given its current discovery obligations and the need to conduct additional depositions and third-party discovery.

Defendants have also worked diligently to complete their document productions and otherwise satisfy their discovery obligations. Defendants largely completed their document productions by November 6, 2025. (Batcher Decl. ¶ 6.) Defendants have made several document productions since then, but such document productions have been limited to (1) documents that were initially listed on privilege logs and were subsequently determined not to be privileged and/or were produced in redacted form; (2) additional text messages identified during a detailed second-pass review of the text messages for one of the Defendants, which, due to technical issues, were not previously identified as responsive; (3) a limited number of additional documents identified while preparing witnesses for deposition; and (4) documents produced subsequent to the parties meeting and conferring about privilege issues and Defendants agreeing to produce such documents to resolve the

parties' dispute.  (*Id.*)  Additionally, Defendants' production of privilege logs was delayed because the DOJ attorney heading up the process of preparing Defendants' privilege logs went out on maternity leave at the end of September 2025, requiring this task to be delegated to other attorneys who were primarily occupied with completing Defendants' documents productions and other discovery tasks. (*Id.* ¶ 7.)

Further, and despite their diligence, Defendants need additional time to resolve remaining disputes regarding Plaintiff's responses to Defendants' written discovery and topics in Defendants' 30(b)(6) deposition notice to SpaceX, as well as to review and analyze the documents Plaintiff has recently and yet to produce. (*Id.* ¶ 5.)

Second, the Parties have requested a continuance once they became aware of the need to do so.  (Welti Decl. ¶35–38.)  SpaceX raised the issue the week of January 5, shortly after it received new information about the apparent deletion of documents by one or more Defendants and received extensive additional privilege logs from Defendants. At that point, SpaceX realized that additional third-party discovery and depositions were needed that could not be completed by January 30. *(Id.* ¶38.). SpaceX also learned during the first week of January that the Air Force requires more time to respond to the *Touhy* request.  (*Id.* ¶22.)  The Parties met and conferred on Friday, January 9, 2026, at which point they agreed to seek a continuance.  (*Id.* ¶38.)  Given that SpaceX was simultaneously scheduled to take between four to six depositions from January 12 to January 30, SpaceX promptly prepared its portion of this Joint Motion.  SpaceX provided Defendants with a draft on Monday, January 12, 2026.  (*Id.* ¶39.)  Defendants submitted a revised draft on January 13 and the Parties made further edits on January 14.  (*Id.*)  Therefore, the instant motion was prepared within days of the Parties agreeing that the case deadlines must be extended.

Third, continuing the case deadlines does not prejudice the Parties.  The Parties agree that additional time is necessary to diligently conduct discovery.

Additionally, the Parties intend to meet and confer about summary judgment briefing and propose procedures and a schedule to the Court, which would provide for the Parties to meet and confer and begin the summary judgment briefing process in May.  In the interim, the Parties agree that the summary judgment hearing deadline should be extended to July 10, 2026.  The Parties believe that additional time is needed for summary judgment briefing because the case raises numerous complex legal issues, including issues of first impression raised by SpaceX's preemption claims, in addition to other complex issues raised by SpaceX's declaratory relief and First Amendment claims. Additionally, SpaceX has been informed that amici are planning to seek leave to participate in the summary judgment briefing. The extended deadline will allow time for potential amici to move to file amicus briefs and for the Parties to respond to any filed amicus briefs.

While this is the second time the Parties have requested to extend the deadlines in this case, as explained above, the need for additional time is not for lack of diligence.  Recent developments have necessitated additional discovery beyond what the Parties had initially contemplated.  The Parties have both worked hard to comply with their discovery obligations without Court intervention, including by working on and through holidays.  Significant progress has been made, and additional time is needed to conduct discovery based on recent developments.

**IV.  CONCLUSION**

For the foregoing reasons, the Parties jointly respectfully request that the Court grant this motion.  The Parties request that the case deadlines be modified as follows:

///

///

///

///

| Event | Prior Dates | Current Dates | Proposed Dates |
|---|---|---|---|
| **Trial** | 03/09/26 | 06/29/26 | 10/05/26 |
| **Pretrial Conference** | 02/20/26 | 06/12/26 | 09/18/26 |
| **Mot. to Amend Pleadings** | 05/16/25 | N/A | N/A[5] |
| **Fact Discovery Cutoff** | 10/17/25 | 01/30/26 | 04/03/26 |
| **Expert Discovery Cutoff** | 11/14/25 | 02/27/26 | 04/24/26 |
| Initial Expert Disclosures | 10/3/25 | 01/23/26 | 03/27/26 |
| Rebuttal Expert Disclosures | 10/17/25 | 02/13/26 | 04/10/26 |
| **Discovery Motion Hearing Cutoff** | 11/14/25 | 02/27/26 | 04/03/26 |
| **Non-Discovery Motion Hearing Cutoff** | 11/28/25 | 03/27/26 | 07/10/26[6] |
| **Settlement Conf. Deadline** | 12/12/25 | 04/10/26 | 07/24/26 |
| **Post-Settle. Conf.** (Report due 7 days before) | 12/26/25 | 04/24/26 | 08/07/26 |
| **Trial Filings (1st Set)** | 01/23/26 | 05/15/26 | 08/21/26 |
| **Trial Filings (2nd Set)** | 02/06/26 | 05/29/26 | 08/28/26[7] |

---

[5] SpaceX seeks to reserve its right to move for leave to amend the complaint by February 14, 2026, to conform the complaint to evidence supporting SpaceX's individual capacity § 1983 claim for violation of the First Amendment. The Court dismissed SpaceX's individual capacity § 1983 claim for violation of the First Amendment without prejudice. (Dkt. 66 at 22.) Any proposed amendment would be limited to naming specific Defendants in their individual capacities with respect to the First Amendment claim based on evidence obtained through discovery. Any such amendment would not add more causes of action or require more discovery propounded by SpaceX or, in SpaceX's view, from Defendants because SpaceX is already responding to discovery concerning damages. Defendants oppose modification of the scheduling order to allow a motion to amend pleadings, and Defendants reserve their right to oppose any motion for leave to amend the operative complaint.

[6] The parties intend to meet and confer about summary judgment briefing and propose procedures and a schedule to the court for approval, which would provide for the parties to meet and confer and begin the briefing process in May. In the interim, the Parties request that the Court extend the summary judgment hearing deadline to July 10, 2026, because the Parties agree additional time is needed to address the numerous, complex legal issues presented in this case and for third parties who have expressed intent to participate as amici to move for leave to file amicus briefs and for the Parties to respond to those briefs.

[7] Trial counsel for SpaceX seeks to schedule trial to avoid planned international travel booked from August 31 to September 14, 2026.

1

2

Dated:  January 14, 2026

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

ROB BONTA
Attorney General of California

/s/ David G. Alderson
DAVID G. ALDERSON
Supervising Deputy Attorney General
PAUL BATCHER
Deputy Attorney General
JESSICA A. BONITZ
Deputy Attorney General
*Attorneys for Defendants*
*California Coastal Commission et al.*

Dated:  January 14, 2026

Venable LLP

/s/ Tyler G. Welti
Tyler G. Welti
Colin B. Vandell
Mitchell Y. Mirviss (admitted *pro hac vice*)
*Attorneys for Plaintiff, Space Exploration Technologies Corp.*

**Attachment A**

| Completed Work | | | |
|---|---|---|---|
| Date | Party | Event | Explanation |
| 10/15/2024 | π | Complaint | |
| 11/22/2024 | Δ, π | Stipulation extending time to respond to complaint | |
| 11/26/2024 | π | First amended complaint | |
| 12/19/2024 | Δ, π | Stipulation for extension of time to file motion to dismiss FAC, opposition and reply. | Granted in part, briefing schedule set and hearing set for 2/21/2025 |
| 1/8/2025 | Δ, π | Stipulation for extension of time to opposition to motion to dismiss FAC and reply | Granted in part, briefing schedule set and hearing set for 3/14/2025 |
| 1/14/2025 | Δ | Motion to dismiss FAC | Motion granted with leave to amend |
| 1/30/2025 | Δ, π | Initial Disclosures | |
| 2/7/2025 | π | Opposition to motion to dismiss FAC | |
| 2/18/2025 | Δ | Reply in support of motion to dismiss FAC | |
| 3/3/2025 | π | Interrog., RFPs, RFAs (Set #1) on Defendant Coastal Commission | |
| 3/6/2025 | π | Interrog., RFPs, RFAs (Set #1) on individual defendants | |
| 3/14/2025 | Δ, π | Mandatory scheduling conference and case management order | |
| 3/28/2025 | π | Second amended complaint | |
| 4/11/2025 | Δ | Motion to dismiss SAC | Motion granted in part and denied in part |
| 4/15/2025 | Δ, π | Stipulation to continue the hearing on Defendants' motion to dismiss SAC | Granted in part, briefing schedule set and hearing set for 5/30/2025 |
| 4/25/2025 | Δ | Defendant Coastal Commission serves responses to Interrog., RFPs, and RFAs (Set #1), and the individual | |

| | | defendants serve responses to  Interrog. no. 11 and RFA no. 8 (Set #1) | |
|---|---|---|---|
| 4/28/2025 | π | Opposition to motion to dismiss SAC | |
| 5/2/2025 | Δ | The individual defendants serve responses to RFPs and remaining Interrog. and RFAs (Set #1) | |
| 5/9/2025 | Δ | Reply in support of motion to dismiss SAC | |
| 5/13/25 | Δ | Produce documents. | |
| 5/21/25 | Δ | Produce documents. | |
| 5/23/2025 | Δ, π | Meet and confer regarding discovery responses and document production. | |
| 5/28/2025 | π | Subpoena for documents served on Int'l Brotherhood of Elec. Workers (IBEW) | |
| 6/3/2025 | Δ, π | Meet and confer regarding discovery responses and document production. | |
| 6/6/2025 | Δ | Individual defendants Cummings, Newsom, Rice, Uranga, Hart, Turnbull-Sanders, Bochco, Wilson, and Harmon serve supplemental responses to Interrog. and RFA (Set #1) | |
| 6/9/2025 | Δ | Individual defendants Teufel, Escalante, Huckelbridge, and Lowenberg serve supplemental responses to Interrog and RFA (Set #1) | |
| 6/11/2025 | π | Subpoenas for documents served on San Diego Convention Center; Great Redwood Trail Agency; Smith River Alliance; and Cal. Employment Training Panel. | |

| 6/17/2025 | Δ, π | Meet and confer regarding document production and custodians. | |
|-----------|------|---------------------------------------------------------------|--|
| 6/27/2025 | Δ | Produce documents. | |
| 7/1/2025 | π | Subpoenas for documents served on City of Imperial Beach; Humboldt Cty.; and Steven Bochco Prods. | |
| 7/2/2025 | π | Subpoena for documents served on Cty. of Santa Cruz. | |
| 7/3/2025 | Δ | Produce documents. | |
| 7/7/2025 | π | Subpoena for documents served on Nat. Resources Defense Council. | |
| 7/11/2025 | Δ | Produce documents. | |
| 7/14/2025 | Δ | Supplemental responses to Interrog. and RFAs (Set #1) | |
| 7/17/2025 | Δ, π | Meet and confer regarding document production and custodians. | |
| 7/18/2025 | Δ | Produce documents. | |
| 7/21/2025 | Δ | Answer to SAC | |
| 7/25/2025 | Δ | Produce documents. | |
| 7/29/2025 | Δ | Interrog., RFAs, RFPs (Set #1) | |
| 8/1/2025 | Δ | Serve privilege log. | |
| 8/1/2025 | Δ | Produce documents. | |
| 8/8/2025 | Δ | Produce documents. | |
| 8/12/2025 | Δ, π | Meet and confer regarding document production, custodians, and privilege assertions. | |
| 8/14/2025 | π | SpaceX sends meet and confer letter to IBEW. | |
| 8/15/2025 | Δ | Serve privilege log. | |
| 8/18/2025 | Δ | Supplemental responses to Interrog., RFAs (Set #1) | |
| 8/19/2025 | Δ | Produce documents. | |
| 8/26/2025 | Δ | Produce documents. | |

| | | | |
|---|---|---|---|
| 9/2/2025 | Δ | Produce documents. | |
| 9/4/2025 | π | Meet and confer with IBEW regarding subpoena response. | |
| 9/4/2025 | π | Send meet and confer letter to IBEW. | |
| 9/5/2025 | Δ | Serve privilege log. | |
| 9/5/2025 | π | Subpoena for documents served on California State Lands Commission. | |
| 9/12/2025 | Δ | Produce documents. | |
| 9/12/2025 | Δ, π | Filed Joint Motion for Entry of Stipulated Protective Order. | |
| 9/12/2025 | Δ | Interrog., RFPs, RFAs (Set #2) on Plaintiff | |
| 9/16/2025 | π | Serve responses to Interrog., RFAs, RFPs (Set #1) | |
| 9/25/2025 | Δ | Produce documents. | |
| 9/26/2025 | Δ | Send meet and confer letter to SpaceX regarding SpaceX discovery responses. | |
| 9/30/2025 | π, Δ | Attend settlement conference. | |
| 9/26/2025 | Δ | Produce documents. | |
| 10/07/2025 | π, Δ | Meet and confer regarding SpaceX discovery responses. | |
| 10/08/2025 | π | Send meet and confer letter to IBEW. | |
| 10/15/2025 | π, Δ | Meet and confer regarding discovery issues and potential settlement. | |
| 10/20/2025 | π | Serve subpoena on State Controller's Office (SCO) | |
| 10/20/2025 | Δ | Serve response to RFAs (Set # 2) | |
| 10/23/2025 | Δ | Produce documents. | |
| 10/24/2025 | π | Send 12-page meet and confer letter to Defendants | |

| | | re. deliberative process privilege. | |
|---|---|---|---|
| 10/27/2025 | π, Δ | Attend settlement discussion. | |
| 10/29/2025 | Δ | Produce documents. | |
| 10/31/2025 | π, Δ | Meet and confer regarding Defendants' assertion of deliberative process privilege. | |
| 10/31/25 | Δ | Produce documents. | |
| 11/6/2025 | Δ | Produce documents. | |
| 11/7/2025 | π, Δ | Meet and confer re. Defendants' discovery responses. | |
| 11/7/2025 | π | Produce documents. | |
| 11/10/2025 | π | Send meet and confer email correspondence to IBEW. | |
| 11/14/2025 | π | Submit portion of Joint Stipulation re. MTC re. deliberative process privilege. | |
| 11/17/2025 | π, Δ | Meet and confer re. SpaceX's discovery responses. | |
| 11/17/2025 | π | Review SCO document production. | |
| 11/18/2025 | Δ | Review documents produced by SpaceX and third parties. | |
| 11/19/2025 | π | Meet and confer with IBEW. | |
| 11/21/2025 | π, Δ | Meet and confer re. SpaceX's discovery responses. | |
| 11/24/2025 | π | Produce documents. | |
| 11/25/2025 | π, Δ | File Joint Stip. re. MTC. | |
| 12/1/2025 | π | Meet and confer with IBEW. | |
| 12/1/2025 | π, Δ | Meet and confer regarding SpaceX's claim of spoliation. | |
| | | | |

| Date | Party | Action | |
|---|---|---|---|
| 12/3/2025 | π | File supplemental brief ISO motion to compel. | |
| 12/3/2025 | π | Send meet and confer letter to IBEW. | |
| 12/4/2025 | π, Δ | Attend settlement discussion. | |
| 12/5/2025 | Δ | Serve 30(b)(6) notice of SpaceX. | |
| 12/8/2025 | π, Δ | Attend settlement discussion. | |
| 12/9/2025 | π, Δ | Meet and confer re. narrowing discovery dispute and SpaceX's discovery responses. | |
| 12/11/2025 | π | Review additional documents and information from IBEW and determine discovery dispute is resolved. | |
| 12/15/2025 | Δ | Send letter regarding investigation of alleged document destruction | |
| 12/15/2025 | Δ | Produce documents. | |
| 12/15/2025 | Δ | Serve privilege log. | |
| 12/16/2025 | π | Send meet and confer correspondence to SCO re. missing document. | |
| 12/17/2025 | π | Send Defendants meet and confer letter regarding additional spoliation concerns. | |
| 12/17/2025 | Δ | Produce documents. | |
| 12/18/2025 | π, Δ | Attend settlement discussion. | |
| 12/18/2025 | Δ | Produce documents. | |
| 12/19/2025 | π | Serve supplemental responses to Defendants' First Set of ROGs. | |
| 12/19/2025 | π, Δ | SpaceX takes deposition of Wesley Horn. | |
| 12/26/2025 | π | Serve supplemental responses to Defendants' First Set of RFAs. | |

| 12/26/2025 | Δ | Send letter regarding investigation of alleged document destruction. | |
| 12/27/2025 | Δ | Produce documents. | |
| 12/29/2025 | π, Δ | Meet and confer regarding SpaceX's discovery responses and Defendants' notice of 30(b)(6) deposition. | |
| 12/30/2025 | π | Send follow-up meet and confer correspondence to SCO re. additional missing documents and production deficiencies. | |
| 12/31/2025 | π | Send meet and confer correspondence regarding Defendants' document production deficiencies. | |
| 12/31/2025 | Δ | Serve privilege log. | |
| 1/2/2026 | π | Send notice to Defendants of subpoena on Surfrider Foundation in light of Defendants' December 26 letter. | |
| 1/2/2026 | π | Send meet and confer letter to Defendants re. document destruction and other discovery issues. | |
| 1/3/2026 | π | Send notice to Defendants of subpoena on Cal. Nat. Resources Agency (CNRA) in light of Defendants' December 26 letter. | |
| 1/3/2026 | Δ | Review documents produced by SpaceX. | |
| 1/5/2026 | π | Serve subpoena on Surfrider Foundation. | |
| 1/6/26 | Δ | Serve privilege log. | |
| 1/6/2026 | π | Produce documents. | |
| 1/6/2026 | π | Send meet and confer correspondence to SCO re. deliberative process privilege, document destruction, and | |

| | | communications between Commissioners. | |
|---|---|---|---|
| 1/6/2026 | π, Δ | Meet and confer regarding Defendants' redactions and privilege designations, and regarding the confidentiality designation of Defendants' December 26 letter. | |
| 1/6/2026 | π, Δ | Attend settlement discussion. | |
| 1/6/2026 | Δ | Send follow-up correspondence regarding supplemental ROG responses. | |
| 1/7/2026 | π, Δ | SpaceX takes deposition of Defendant Mike Wilson. | |
| 1/7/2026 | π | Serve subpoena on CNRA. | |
| 1/7/2026 | π | Meet and confer with SCO regarding production deficiencies and document destruction. | |
| 1/9/2026 | π, Δ | Cancel deposition of Defendant Caryl Hart due to personal emergency. | |
| 1/9/2026 | π, Δ | Attend settlement discussion. | |
| 1/13/2026 | π, Δ | Attend settlement discussion. | |
| 1/13/2026 | Δ | Retained third-party vendor to assist with investigation of alleged document destruction by one or more Defendants. | |
| Remaining Work | | | |
| 1/13/2026 | π, Δ | SpaceX to depose Cassidy Teufel. | The Parties are seeking reschedule this deposition. |
| 1/15/2026 | π | Serve 30(b)(6) deposition notice on Defendants. | SpaceX has been determining the scope of any necessary 30(b)(6) topics in light of the 12/19 and 1/7 depositions, and |

| | | | | |
|---|---|---|---|---|
| | | | | Defendants' December 26 letter. |
| 1/16/2026 | π, Δ | SpaceX to depose Justin Cummings. | | |
| 1/16/2026 | π | Anticipated date SpaceX will review CNRA's subpoena response. | | SpaceX recently discovered through recently disclosed text messages by Defendants that CNRA is a relevant third party. It promptly served a subpoena for documents on 1/7. |
| 1/19/2026 | π, Δ | SpaceX to depose Gretchen Newsom. | | |
| 1/23/2026 | π | Anticipated date SpaceX will review Surfrider Foundation's subpoena response. | | SpaceX recently discovered through recently disclosed text messages by Defendants that Surfrider Foundation is a relevant third party. It promptly served a subpoena for documents on 1/5. |
| 1/29/2026 | π, Δ | SpaceX to depose Kate Huckelbridge. | | |
| 1/30/2026 | π, Δ | Anticipated date by which the Parties will confirm the deposition dates of Dayna Bochco, Susan Lowenberg, and 30(b)(6) deponents for the Commission and SpaceX. | | On 1/2/26, SpaceX requested to take Bochco's deposition on 1/28, Lowenberg's deposition on 1/30, and to schedule a 30(b)(6) deposition.<br><br>The Parties are still confirming the availability of the deponents and mutually agreeable deposition dates. |
| 1/30/2026 | π | Anticipated date by which SpaceX will complete document production and submit privilege logs (if any are necessary). | | SpaceX has largely completed its document production and is confirming whether any other responsive documents exist.<br><br>SpaceX is also analyzing whether any responsive documents are privileged |

| | | | | and will prepare a privilege log if such documents exist. |
|---|---|---|---|---|
| 1/30/2026 | Δ | Anticipated date by which Defendants will complete document production and submit privilege logs (if any are necessary). | Defendants have largely completed their document production and are confirming whether any other responsive documents exist. |
| 2/13/2026 | π | Anticipated date by which SpaceX will move to compel SCO. | SpaceX became aware of SCO's deficient productions in mid- and late-December.  SpaceX promptly raised these issues with SCO.  SCO would not agree to supplement its production without court intervention.<br><br>This anticipated date takes into account the joint stipulation briefing process and 28-day notice requirement for discovery motions. |
| 2/14/2026 | π | Anticipated date by which SpaceX will seek leave to amend its complaint to add individual-capacity defendants and conform the complaint to proof. | In December 2025 and January 2026, SpaceX discovered evidence that it believes gives rise to Article III standing to certain Defendants in their individual capacities.<br><br>Additional time is needed given SpaceX's current discovery obligations and to ensure that all relevant evidence is properly presented to the Court. |
| 2/27/2026 | π | Anticipated date by which the  Department of the Air Force (DAF) *Touhy* response will be completed. | DAF anticipates partially responding in part to SpaceX's 11/10/25 *Touhy* request the week of January 12 and requires more time to complete the response. |

| | | | SpaceX anticipates additional time is needed to meet and confer with DAF to ensure its response is complete. |
|---|---|---|---|
| 2/27/2026 | π | Anticipated date by which the parties will complete depositions. | Most of the parties' depositions have been scheduled.<br><br>However, the need to reschedule depositions and take additional depositions require more time to accommodate the Parties' and attorneys' schedules. Additionally, the parties are completing document productions, and Defendants are investigating deletion of relevant documents by one or more Defendants, and whether any such deleted documents can be recovered. |
| 2/27/2026 | π, Δ | Anticipated date by which the Parties will resolve document destruction concerns. | Defendants are still investigating deletion of documents by one or more Defendants and whether any such deleted documents can be recovered.<br><br>The Parties are also continuing to negotiate a resolution. SpaceX is determining whether a spoliation motion is necessary and will determine the scope of such motion once Defendants have completed their investigation and the Parties have met and conferred. |
| 3/6/2025 | Δ, π | Anticipated date by which the Parties will resolve issues concerning discovery responses, | For the reasons stated above, the Parties will need additional time to review each side's |

| | | | productions, and privilege logs. | productions and voluminous privilege logs.

Given the current schedule, there is insufficient time to meaningfully meet and confer to narrow issues and reach agreements where possible. |
|---|---|---|---|---|
| 3/13/2026 | π | | Anticipated date by which SpaceX will complete third-party discovery. | SpaceX promptly subpoenaed Surfrider and CNRA after discovering their relevance in December 2026.

Additional time is needed to meet and confer and potentially move to compel if there are deficiencies with their subpoena responses. |
| 3/20/2026 | π, Δ | | Anticipated date by which the Parties will meet and confer on summary judgment briefing. | Additional time is required for the Parties to complete critical fact discovery, including resolving alleged spoliation issues, reviewing and resolving privilege disputes, taking additional depositions, and completing third-party discovery.

Third-party discovery from DAF is particularly relevant to the Parties' summary judgment briefing. It would be premature to meet and confer prior to the Parties ingesting and reviewing that discovery. |
| 7/10/2026 | π, Δ | | Hearing deadline on Parties' summary judgment motions. | This dispute can largely be resolved at summary judgment. |

| | | | However, as explained above, the parties intend to meet and confer about summary judgment briefing and propose procedures and a schedule to the court for approval, which would provide for the parties to meet and confer and begin the briefing process in May. As a result, the Parties request that the Court extend the summary judgment hearing deadline to July 10, 2026. The Parties agree additional time is needed, including for potential amici to participate and the Parties to respond to those briefs.  . |