ROB BONTA
Attorney General of California
DAVID G. ALDERSON
Supervising Deputy Attorney General
State Bar No. 231597
PAUL BATCHER
Deputy Attorney General
State Bar No. 266928
JESSICA A. BONITZ
Deputy Attorney General
State Bar No. 348048
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 879-0003
 Fax:  (510) 622-2270
 E-mail:  David.Alderson@doj.ca.gov
 E-mail:  Paul.Batcher@doj.ca.gov
 E-mail:  Jessica.Bonitz@doj.ca.gov
*Attorneys for Defendants*
*California Coastal Commission et al.*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SPACE EXPLORATION TECHNOLOGIES CORP.,**<br><br>Plaintiff,<br><br>v.<br><br>**CALIFORNIA COASTAL COMMISSION ET AL.,**<br><br>Defendants. | 2:24-cv-08893 SB (SKx)<br><br>**DEFENDANTS' UNOPPOSED APPLICATION TO FILE SETTLEMENT AGREEMENT PROVISIONALLY UNDER SEAL**<br><br>Action Filed:                     10/15/2024<br>Fact Discovery Cutoff Date: 5/3/2026<br>Pretrial Conference Date:    9/18/2026<br>Trial Date:                        10/5/2026 |

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Pursuant to Local Rule 79-5, Defendants Caryl Hart, Dayna Bochco, Linda Escalante, Meagan Harmon, Ann Notthoff, Jaime Lee, Susan Lowenberg, Mike Wilson, Kate Huckelbridge, Cassidy Teufel, Ariel Kelley, Jose Preciado, Raymond A. Jackson, Christopher Lopez, and Suzanne Smith ("Defendants") hereby apply for leave to file the parties' conditional settlement agreement provisionally under seal.

The parties have entered a settlement agreement ("Settlement Agreement"), the effectiveness of which is conditioned on the Court retaining jurisdiction to resolve any motions to interpret, terminate, enforce, or modify the settlement agreement.  Accordingly, the parties intend to file a Joint Stipulation of Dismissal Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), Effective Only upon Entry of Order Retaining Jurisdiction over Settlement Agreement ("Joint Stipulation").  *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994).  The Joint Stipulation will include, as Exhibit A, the parties' executed Settlement Agreement.

Because the Settlement Agreement will only be effective if the Court agrees to retain jurisdiction, the parties desire to file the Settlement Agreement provisionally under seal.  If the Court retains jurisdiction, the Settlement Agreement would be unsealed and filed as part of the public record in this matter.  If, however, the Court declines to retain jurisdiction, the Settlement Agreement would not be effective, and the action would remain pending.  In that instance, the Settlement Agreement would remain sealed and would not be publicly disclosed.

Compelling reasons exist for provisionally maintaining the Settlement Agreement under seal.  The parties' Settlement Agreement is contingent on the Court retaining jurisdiction.  Therefore, the Settlement Agreement is akin to non-final settlement proposals, offers, and negotiations, which courts routinely find

confidential in order to promote and not discourage settlement. *Celgard, LLC v. Targray Tech. Int'l Inc*., No. 19-CV-02401-VKD, 2019 WL 3841997, at *2 (N.D. Cal. Aug. 15, 2019). Furthermore, part of the consideration of the Settlement Agreement is public disclosure of certain portions of the Settlement Agreement. Premature public disclosure of those materials before the Settlement Agreement becomes effective would essentially be giving one party the benefits of the Agreement without the other party receiving anything in exchange. These considerations outweigh the public interest in disclosure, particularly since the entire Settlement Agreement would become public if the Court retains jurisdiction and this action is dismissed.

SpaceX's counsel informed Defendants that SpaceX does not oppose the provisional sealing of the Settlement Agreement as requested in this Application. (Declaration of David Alderson in Support of Defendants' Application for Leave to File Under Seal ("Alderson Decl.") ¶ 13.)

## II.  RELEVANT BACKGROUND.

Between April 7 and April 9, 2026, the parties executed the Settlement Agreement. (Alderson Decl., Ex. 1.) The effectiveness of the Settlement Agreement is expressly conditioned on the Court retaining jurisdiction to resolve any motions to interpret, terminate, enforce, or modify the Settlement Agreement. (*Id*., Ex. 1 at ¶¶ 8, 13, 36.) If the Court declines to retain jurisdiction, the Settlement Agreement will have no force or effect. (*Id*.)

As contemplated by the Settlement Agreement, the parties intend to file a Joint Stipulation for dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Alderson Decl. ¶ 5.) Like the Settlement Agreement, the Joint Stipulation would become effective only if the Court agrees to retain jurisdiction to resolve any motions to interpret, terminate, enforce, or modify the settlement agreement. (*Id*.); *see Kokkonen*, 511 U.S. at 381-82. The Joint Stipulation will further provide that if the Court does not retain jurisdiction, the Joint Stipulation

3

shall have no force or effect, and the action shall remain pending. (Alderson Decl. ¶ 5.)

### III. LEGAL STANDARD.

A party seeking to seal documents and information submitted in connection with a dispositive motion must show "compelling reasons" sufficient to overcome the general presumption of public access to court records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Stipulations for dismissal are dispositive and therefore requests to seal such stipulations are governed by the "compelling reasons" standard. *See Doe v. Noem*, No. 2:25-CV-01103-DAD-AC, 2025 WL 1684676, at *2 (E.D. Cal. June 16, 2025); *Robinson v. Universal Health Servs.*, No. 2:19-cv-01530-RFB-BNW, 2023 WL 1767750, at *1 (D. Nev. Jan. 12, 2023) (treating a stipulation to dismiss as a dispositive motion and applying the compelling reasons standard to a request to seal that stipulation).

The general policy of protecting settlement negotiations and communications in order to promote settlement is a compelling reason to seal such documents. *Celgard, LLC*, 2019 WL 3841997, at *2 (citing *United States v. Contra Costa Cnty. Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982)); *see also Phillips v. GMC*, 307 F.3d 1206, 1212 (9th Cir. 2002) (noting that courts "grant[] protective orders to protect confidential settlement agreements"). The parties' expectation that settlement negotiations will be confidential and the parties treating them as such is also a compelling reason. *Celgard, LLC*, 2019 WL 3841997, at *2 (compelling reasons existed to seal proposed settlement agreement and the parties' settlement communications because "even though the parties did not enter into a formal confidentiality agreement with respect to their communications, the documents themselves reflect that both parties expected their settlement communications to be confidential and that they treated them as confidential").

As a result, courts in this district have allowed parties to file confidential settlement agreements under seal in connection with dispositive motions. *See*

4

*Advanced Media Networks LLC v. Row 44 Inc.*, No. CV1211018GAFJCGX, 2014 WL 10965229, at *2 (C.D. Cal. Oct. 28, 2014) (settlement agreement properly filed under seal in connection with partial summary judgment motion); *Privacywear, Inc. v. QTS & CTFC, LLC*, No. EDCV071532VAPOPX, 2010 WL 11509225, at *2 (C.D. Cal. July 23, 2010) (noting that terms of settlement agreement sought to be enforced had been filed under seal); *Infoneuro Grp. v. Aetna Life Ins. Co.*, No. 216CV05083ABJCX, 2021 WL 5989960, at *1 n.1 (C.D. Cal. Nov. 10, 2021) (same).

U.S. District Courts elsewhere in California have done the same. *See Prosurance Group, Inc. v. Liberty Mutual Group, Inc.*, No. 10-CV-02600-LHK, 2011 WL 704456, at *1 (N.D. Cal. Feb. 18, 2011) (sealing documents that discussed or disclosed the terms of an agreement); *Brightwell v. McMillan Law Firm*, No. 16-CV-1696 W (NLS), 2017 WL 5885667, at *1-*2 (S.D. Cal. Nov. 29, 2017) (sealing settlement agreement and email correspondences that discussed the terms of the settlement).

## IV. ARGUMENT

The parties' conditional Settlement Agreement contains sensitive terms and warrants provisional sealing for three reasons.

### A. If the Court Does Not Retain Jurisdiction, the Settlement Agreement Will Not Become Effective and Will Therefore Be Akin to Draft or Non-Final Settlement Negotiations.

A strong public policy exists that protects settlement negotiations and communications in order to promote settlement. *Contra Costa County Water Dist.*, 678 F.2d at 92. Courts have held, therefore, that settlement negotiations warrant confidential treatment in order to promote and not discourage productive and frank settlement discussions. *Celgard, LLC*, 2019 WL 3841997, at *2; *see Cook v. Yellow Freight*, 132 F.R.D. 548, 554 (E.D. Cal. 1990) (noting that here is a well-established privilege relating to settlement discussions) (overruled on other grounds in *Jaffee v. Redmond*, 518 U.S. 1 (1996)). Permitting the parties to preserve the

confidentiality of their settlement discussions and proposed settlement terms furthers this policy of promoting settlement.

While the parties have executed the Settlement Agreement, the settlement is expressly conditioned on the Court agreeing to retain jurisdiction to resolve any motions to interpret, terminate, enforce, or modify the Settlement Agreement. (Alderson Decl., Ex. 1 at ¶¶ 8, 13, 36.)  If the Court retains jurisdiction, there will be no need to continue sealing the Settlement Agreement.  (Alderson Decl. ¶ 6.) The Settlement Agreement would be final and effective, and the Settlement Agreement would be publicly filed on the Court's docket.  (*Id*.)

If, however, the Court declines to retain jurisdiction, the case will not be dismissed, and the Settlement Agreement will be of no force or effect.  (Alderson Decl., Ex. 1 at ¶¶ 8, 13, 36.)  In that instance, the Settlement Agreement would be akin to a draft settlement agreement that was never finalized or consummated. (Alderson Decl. ¶ 10.)  Courts routinely hold that nonfinal settlement negotiations and proposed settlement terms warrant confidential treatment to further the policy of encouraging frank settlement negotiations.  *E.g.*, *Celgard, LLC*, 2019 WL 3841997, at *2.

**B.    Premature Public Disclosure of the Materials Would Unfairly Deprive One Party of the Benefit of the Settlement Agreement.**

Public disclosure of the Settlement Agreement will cause harm for another reason as well.  Certain terms of the Settlement Agreement provide for public disclosure of those terms as material consideration for the parties' agreement.  (*See* Alderson Decl., Ex. 1 at ¶ 14 and Exhibit C.)

If the Court does not retain jurisdiction and the Settlement Agreement fails to become effective, public disclosure would effectively give one party the benefit of the agreement without being bound by any of its other terms.  (Alderson Decl. ¶ 12.)  That party would be getting a material benefit of the Settlement Agreement, even though the Settlement Agreement failed to become effective.  (*Id*.)  Likewise,

the other party would be providing material consideration in the form of public disclosure of certain settlement terms, while at the same time being deprived of any of the benefits of the agreement.  (*Id*.)

This imbalance and lack of reciprocity would be manifestly unfair and would cause grave harm.  (*Id*.)  The only way to prevent this from happening is to file the Settlement Agreement under seal unless and until the Court retains jurisdiction and the Settlement Agreement become effective.

### C. The Foregoing Considerations Outweigh the Public Interest in Disclosure, Particularly Because the Entire Agreement Will Be Publicly Filed If the Court Retains Jurisdiction.

The conditional Settlement Agreement's confidentiality, coupled with California's strong public policy favoring settlement (*see, e.g.*, *Kaufman v. Goldman*, 195 Cal. App. 4th 734, 745 (2011)), outweighs any public interest in the public learning the details of the parties' proposed settlement terms before the Settlement Agreement becomes effective.  The Settlement Agreement will only remain confidential if the Court does not agree to retain jurisdiction over the Settlement Agreement.  (Alderson Decl. ¶ 6.)  In that case, the Settlement Agreement will not become effective, and any public interest in the details of the parties' proposed—but never consummated—settlement would be outweighed by the prejudice that public disclosure would cause to a party, as discussed above, and the public interest in encouraging settlement by protecting the confidentiality of settlement discussions.  (*Id*. ¶¶ 9-12.)  If, on the other hand, the Court retains jurisdiction, the entirety of the Settlement Agreement will be publicly filed and thus made accessible for public inspection.  (*Id*. ¶ 6.)

### V. CONCLUSION

For the foregoing reasons Defendants respectfully request that the Court grant their request to file the Settlement Agreement provisionally under seal.

Dated:  April 15, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California


_____/s/ Paul Batcher_____
DAVID G. ALDERSON
Supervising Deputy Attorney General
PAUL BATCHER
Deputy Attorney General
*Attorneys for Defendants*
*California Coastal Commission et al.*