Docusign Envelope ID: 848B6F5B-3A2B-4750-844B-64F23538A28D

VENABLE LLP
Tyler G. Welti (SBN 257993)
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone: (415) 653-3750
Fax: (415) 653-3755
tgwelti@venable.com

Colin B. Vandell (SBN 240653)
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Fax: (310) 229-9901
cvandell@venable.com

*Attorneys for Plaintiff Space Exploration Technologies Corp.*

Rob Bonta
Attorney General of California
David G. Alderson
Supervising Deputy Attorney General
State Bar No. 231597
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA  94612-0550
Telephone:  (510) 879-0003
Fax:  (510) 622-2270

*Attorneys for Defendants California Coastal Commission, et al.*

**[Additional counsel listed on signature page]**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Space Exploration Technologies Corp.<br><br>            Plaintiff,<br><br>        v.<br><br>California Coastal Commission, et al.<br><br>            Defendants. | Case No. 2:24-cv-08893-SB-SK<br><br>**SETTLEMENT AGREEMENT** |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between Plaintiff Space Exploration Technologies, Corp. ("Plaintiff" or "SpaceX"), Defendant the California Coastal Commission, and the following Defendants in their official capacities with the California Coastal Commission: Caryl Hart, Dayna Bochco, Linda Escalante, Meagan Harmon, Ann Notthoff, Jaime Lee, Susan Lowenberg, Mike Wilson, Kate Huckelbridge, Cassidy Teufel, Ariel Kelley, Jose Preciado, Raymond A. Jackson, Christopher Lopez, and Suzanne Smith (collectively with Defendant California Coastal Commission the "Defendants") (SpaceX and each Defendant a "Party") (SpaceX and Defendants collectively the "Parties").

## RECITALS

WHEREAS, SpaceX filed an action in the United States District Court for the Central District of California entitled *Space Exploration Technologies Corp. v. California Coastal Commission, et al.*, Case No. 2:24-cv-08893-SB-SK ("Action"), which claims that Defendants violated the United States Constitution, the Coastal Zone Management Act, and the California Coastal Act in regulating SpaceX's launch program at Vandenberg Air Force Base;

WHEREAS, the Parties have entered into this Agreement to effectuate a full and final resolution of the Action on the terms below, contingent on the Court entering an Order retaining jurisdiction over this Agreement.

NOW, THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

## TERMS

## ARTICLE I

## Definitions

1.      "Air Force" means the United States Department of the Air Force.

2.      "Base" means Vandenberg Air Force Base.

-2-
SETTLEMENT AGREEMENT

Docusign Envelope ID: 848B6F5B-3A2B-4759-844B-64F23538A28D

3.    "Coastal Act" means the California Coastal Act, Cal. Pub. Res. Code § 30000 *et seq.*, and its implementing regulations.

4.    "Commission" means the California Coastal Commission, including any division or department thereof, and its representatives, agents, officers, employees, staff, Commissioners, and individuals sued in their official capacities in the Action.

5.    "Court" means the United States District Court for the Central District of California or, on an appeal, the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court.

6.    "CDP" means Coastal Development Permit, as defined by the Coastal Act, including California Public Resources Code § 30101.5.

7.    "CZMA" means the Coastal Zone Management Act of 1972, 16 U.S.C. § 1451 *et seq.*, and its implementing regulations.

8.    "Effective Date" means the date of entry of an Order by the Court dismissing the Action in its entirety with prejudice and retaining jurisdiction to enforce this Agreement.

9.    "Federal Enclave Area" means any land underlying the Base in which the federal government, pursuant to Article I, section 8, clause 17 of the United States Constitution, has exclusive or partial legislative authority resulting from the State of California's cession of all or partial legislative authority (e.g., all authority except for the powers to tax and serve process) to the federal government prior to enactment of the Coastal Act such that the Coastal Act's CDP requirement does not apply.

10.    "SLC" means Space Launch Complex.

11.    "SLC-4" means the premises and facilities that SpaceX is authorized to use in the area depicted in Exhibit A.

12.    "SLC-6" means the premises and facilities that SpaceX is authorized to use in the area depicted in Exhibit B.

# ARTICLE II

## Settlement Conditions and Covenants

13.     Dismissal of the Action.  Within 5 days of the date of execution of the Agreement by all Parties, Plaintiff (through counsel) will file with the Court a joint stipulated voluntary dismissal of the Action in its entirety with prejudice and continuing jurisdiction pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) and *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). The stipulated voluntary dismissal and this Agreement shall be conditioned on the Court entering an Order retaining jurisdiction over this Agreement, as described in Paragraph 36.

14.     Commission Acknowledgment and Apology.  The Commission affirms that its function is to protect and enhance California's coastal zone consistent with its authority under the Coastal Act and the CZMA. The Commission agrees that it may not consider irrelevant factors in performing its function and specifically agrees that it will not take into account the perceived political beliefs, political speech, or labor practices of SpaceX or its officers in considering any regulatory action concerning SpaceX. The Commission acknowledges that Commissioners made statements, including during their October 10, 2024, hearing on the Base's Falcon 9 launch program, that showed political bias against SpaceX and its Chief Executive Officer and were improper. The Commission apologizes for those statements, as set forth in the signed letter attached as Exhibit C.

15.     No CDP Requirement.  The Commission, in perpetuity, shall not require a CDP for any of the following:

a. To the extent described in current or future federal government consistency determinations and approved by the federal government under the CZMA: any aspect of SpaceX's launch program at SLC-4, SLC-6, or within Federal Enclave Areas, including, but not limited to,

-4-

SETTLEMENT AGREEMENT

Docusign Envelope ID: 848B6F5B-3A2B-4750-844B-64F23538A28D

the development and operation of launch vehicles and launch infrastructure, and any Associated On-Base Activities. Associated On-Base Activities means accessory infrastructure and operations, including, by way of example, road expansion and maintenance projects necessary to support launch operations from SLC-4 or SLC-6, and not including, by way of example, development of other launch complexes. This Agreement does not address whether the Commission may require a CDP for other on-Base activities that may constitute "development" within the meaning of the Coastal Act, such as development of other launch complexes, as to which the Parties reserve their rights. In no event is a CDP required for SpaceX's launch program occurring within Federal Enclave Areas.

b. Any aspect of SpaceX's launch program occurring off the Base that is described in the Air Force's CZMA reviews of SpaceX's launch program at the Base on or before the Effective Date. Except as expressly provided here, this Agreement does not address whether the Commission may require a CDP for future off-Base activities for SpaceX's launch program that constitute "development" within the meaning of the Coastal Act, as to which both Parties reserve their rights. The Commission's position, which SpaceX reserves its right to dispute, is that off-Base development includes, for example, closures of Jalama County Beach Park or depositions of solid material in the ocean in the California coastal zone, and does not include, for example, barge or similar marine vessel trips or overflights over the California coastal zone, including associated noise. The Commission affirms its prior determinations that the mitigation measures imposed by the Air Force for the deposition of weather balloons in the coastal zone are adequate and, for that reason, the Commission does not

believe that such deposition will warrant requiring a CDP.

16.    <u>Monitoring Data of Sonic Booms at the Channel Islands.</u>  So long as Paragraph 15 remains in effect, SpaceX shall provide to the Commission copies of any monitoring data relating to sonic boom impacts at the Channel Islands that SpaceX provides to the Air Force in compliance with monitoring requirements imposed by the Air Force.

17.    <u>Material Change in Jurisdictional Status of the Base or the Commission's Authority.</u>  The agreements in Paragraph 15 are conditioned on there being no change to federal law or future federal action that materially or substantially alters (i) the jurisdictional status of the land underlying the Base on which SpaceX's launch program operates, or (ii) the scope of the Commission's authority under the CZMA with respect to SpaceX's launch program at the Base. In the event of such a change, a Party shall provide notice to the other Parties, and the Parties shall promptly confer in good faith regarding whether Paragraphs 15 and 16 of this Agreement should be terminated or modified. The intent of the Parties is to terminate or modify this Agreement only to the extent of the material change. If the Parties are unable to agree, the Parties shall resolve their dispute using the dispute resolution process in Paragraph 27(b).

The following are examples of what would be material or substantial changes in the jurisdictional status of the land underlying the Base on which SpaceX's launch program operates: (i) the retrocession to the State of California of legislative jurisdiction over such land allowing for application of the Coastal Act; (ii) a transfer of ownership of such land that is not a federal enclave from the federal government to a private owner. The following are examples of what would not be material or substantial changes in the jurisdictional status of the land underlying the Base on which SpaceX's program operates: (i) a transfer of title to the land itself from one federal defense or space agency to another federal defense

or space agency; (ii) a transfer of the authority to administer the land from one federal defense or space agency to another federal defense or space agency.

## ARTICLE III

### Release of Claims

18.     Except with respect to the obligations, representations, warranties, and covenants expressly set forth in this Agreement, the Parties on their own behalf and on behalf of their officers, directors, employees, shareholders, parents, subsidiaries, affiliates, predecessors, successors, assigns, estates, agents, attorneys, consultants, insurers, and other representatives, hereby release and discharge Released Parties (as defined in Paragraph 20) from any and all causes of action, liabilities, claims, actions, costs, expenses, fees, penalties, allegations, indemnities, rights to appeal, demands and damages, including attorneys' fees and costs, whether known or unknown, foreseen or unforeseen, disclosed or undisclosed, presently asserted or otherwise, without limitation of any kind or nature, in law, equity, or otherwise, related to the Action or the facts giving rise to the Action, from the beginning of time up to and including the Effective Date, including but not limited to the claims set forth in the Action or which could have been alleged in the Action. The Parties represent that they have not previously assigned or transferred any interest in any of the claims released herein. The Parties further represent that they shall not assign or transfer any interest in any of the claims released herein. Nothing in this Agreement releases or limits (i) any obligation arising under this Agreement or (ii) any claim based on acts or omissions occurring after the Effective Date.

19.     The Parties understand and agree that all of their rights under Section 1542 of the Civil Code of the State of California are hereby waived. California Civil Code section 1542 states:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW

OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

20.    "Released Parties" in Paragraph 18 are:

a.  SpaceX;

b.  All current and former SpaceX officers, directors, employees, shareholders, parents, subsidiaries, affiliates, predecessors, successors, assigns, estates, agents, attorneys, consultants, insurers, and other representatives;

c.  the Commission;

d.  to the extent not previously specified, all current and former Commissioners, including Alternate Commissioners, in their official capacity with the Commission;

e.  all current and former Commissioners, including Alternate Commissioners, in their personal capacity;

f.  to the extent not previously specified, all current and former employees of the Commission in their official capacity with the Commission;

g.  all current and former employees of the Commission in their personal capacity;

h.  to the extent not previously specified, for the entity and persons included in (c) through (g) above, their agents, servants, employees, representatives, staff, members, officers, attorneys, trustees, heirs, executors, administrators, affiliates, estates, consultants, insurers, predecessors, successors, and assigns, and each of them, past and present.

# ARTICLE IV

## Miscellaneous Provisions

21.    No Admission of Liability/Non-Admissibility of Agreement. The Parties understand and agree that this Agreement and compliance with this Agreement do not constitute an admission by any Party of any liability or unlawful conduct. The Parties also understand and agree that this Agreement is a compromised settlement of disputed claims, and that this Agreement results solely from the desire to expeditiously resolve disputed issues of law and fact. Neither this Agreement, nor any of the communications related to negotiation of the Agreement, may be used as evidence by any Party without the written consent of all Parties in any subsequent proceeding of any kind, except one in which a Party alleges a breach of this Agreement, disputes the applicability of this Agreement, or seeks to interpret, terminate, enforce, or modify this Agreement. The provisions in this Paragraph will become effective when the Agreement is executed by all Parties.

22.    Entire Agreement.  The Parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a settlement of claims that were disputed by the Parties. This Agreement contains the entire agreement between the Parties and is intended to be the final and sole agreement between the Parties. The Parties agree that any prior or contemporaneous representations or understandings not explicitly contained in this Agreement, whether written or oral, are of no further legal or equitable force or effect.

23.    Authority.  By entering into this Agreement, the Parties warrant and represent that: (1) they have taken all necessary action on their part required to authorize the execution and delivery of this Agreement and the performance of their obligations hereunder; (2) they have not entered, and shall not enter, into any agreement with any third party that is in conflict with the rights granted to the other Parties in this Agreement; and (3) they have not taken, and shall not take, any

action that would in any way prevent them from granting the rights granted to the other Party or Parties under this Agreement or that would otherwise materially conflict with or adversely affect the rights granted to the other Party or Parties under this Agreement.

24.    Warranty of Authority.  The undersigned representatives of each Party certify that they are fully authorized by the Party or Parties they represent to sign this Agreement, and to bind that Party or those Parties to all of the terms and conditions of this Agreement.

25.    No Third-Party Beneficiaries.  Except as set forth in Article III, this Agreement does not create, and will not be construed to create, any rights enforceable by any person who is not a Party to this Agreement.

26.    Successors and Assigns. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective successors and permitted assigns. No Party may assign this Agreement, or any rights or obligations under it, without the prior written consent of the other Parties, except to a successor by merger, consolidation, or sale of substantially all assets that assumes the assigning Party's obligations under this Agreement in writing. Any attempted assignment in violation of this Paragraph shall be void.

27.    Notice, Right to Cure, Dispute Resolution.

(a) In the event of a disagreement between the Parties concerning the interpretation or performance of any aspect of this Agreement, the dissatisfied Party shall provide the other Parties with written notice of the dispute and a request for negotiations. Notice shall be deemed effective when it is transmitted to the opposing Party or Parties' counsel or other designated notice recipient by mail or email. Designated notice recipients and/or addresses may be changed by written notice to the opposing Party or Parties' counsel. The Parties shall meet and confer to attempt to resolve the dispute within fifteen (15) business days of the written notice, or such time thereafter as is mutually agreed.

(b) If, after 30 days of transmittal of written notice of the dispute, a Party concludes that the Parties have reached an impasse, then any Party may file a motion to interpret, terminate, enforce, or modify the Agreement.

(c) If a Party brings a motion to resolve a dispute regarding the interpretation or application of Paragraph 17, the Commission's obligations in Paragraph 15 shall be in effect until the motion is fully resolved. However, if SpaceX undertakes any development prior to final resolution of the motion, SpaceX does so at its own risk. Unless otherwise agreed by the Parties, the final resolution of the motion shall be applied retroactively to the date of the notice provided pursuant to Paragraph 17. Nothing in this Paragraph precludes a Party from applying to the Court for any form of expedited or preliminary relief.

28.    Governing Law.  The Parties understand and agree that this Agreement shall be governed by and construed and enforced in accordance with the laws of the State of California as applied to contracts made and to be performed entirely in California based on the state of the law at that time, without regard to its conflict of law principles.

29.    Limited Waiver of Sovereign Immunity. With respect to any motion to interpret, terminate, enforce, or modify this Agreement brought in this Court as provided in Paragraphs 27 or 36, Defendants waive any objection or defense to the motion on the basis of sovereign immunity solely as to claims regarding the interpretation, termination, enforcement, or modification of this Agreement for non-monetary relief, such as injunctive relief, specific performance, or declaratory relief. Defendants' limited waiver of sovereign immunity shall not be construed as a general waiver of sovereign immunity and shall apply only to the claims specified immediately above. Nothing in this Agreement shall be construed to constitute a waiver of sovereign immunity with respect to any third party that is made a party or intervenes as a party to the Action. Further, nothing in this Agreement shall be construed to constitute a waiver of sovereign immunity by

-11-

SETTLEMENT AGREEMENT

Docusign Envelope ID: 848B6F5B-3A2B-4750-844B-64F23538A28D

Defendants except as specified in this Paragraph.

30. <u>Severability.</u>  If any provision of this Agreement is determined to be invalid or unenforceable, in whole or in part, by a court of competent jurisdiction, such a determination will not affect the validity or enforceability of any other provision of this Agreement, and the invalid or unenforceable provision will be deemed not to be a part of this Agreement.

31. <u>Headings.</u>  All captions and headings in this Agreement are inserted solely for convenience and shall not be deemed to restrict or limit the meaning of the text.

32. <u>Modification.</u> The terms of this Agreement may be modified only by a subsequent written agreement signed by an authorized representative of Plaintiff and the Commission's Executive Director. Nothing in this Paragraph affects the ability of the Court to modify the Agreement in granting a motion to interpret, terminate, enforce, or modify the Agreement pursuant to Paragraph 27.

33. <u>Plain Meaning and Execution.</u>  This Agreement shall be interpreted according to the plain meaning of its terms and not strictly for or against any Party to this Agreement. This Agreement may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, and all of which together shall constitute one and the same agreement. Counterparts may be delivered via electronic mail (including PDF or any electronic signature complying with the U.S. federal ESIGN Act of 2000, e.g., www.docusign.com) or other transmission method and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

34. <u>Attorneys' Fees and Costs.</u>  Each Party shall bear their own attorneys' fees and costs in connection with the Action and this Agreement.

35. <u>Modifying definitions of SLC-4 and SLC-6.</u> The Parties recognize that the federal government may subsequently amend SpaceX's license for SLC-4

-12-

SETTLEMENT AGREEMENT

and SLC-6 to include premises and facilities that are not within the areas depicted in Exhibits A and B. In the event of such amendment, SpaceX may provide notice to the Commission's Executive Director or other designated notice recipient, and SpaceX and the Commission shall promptly confer in good faith regarding modification of the Agreement's definitions of SLC-4 and SLC-6. If SpaceX and the Commission are unable to agree to a modification, SpaceX or the Commission may use the dispute resolution process in Paragraph 27(b) to resolve their dispute(s).

36.    Retained Jurisdiction.  The Parties agree to have and request that the United States District Court for the Central District of California retain jurisdiction to resolve any motions to interpret, terminate, enforce, or modify this Agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Any motion to interpret, terminate, enforce, or modify this Agreement by the Parties shall be brought exclusively in this Court. Notwithstanding the foregoing exclusivity of this Court for a motion by a Party to interpret, terminate, enforce, or modify this Agreement, any Party may enforce or otherwise use this Agreement in another venue, forum, or jurisdiction, including but not limited to as a defense to claims released in this Agreement.

IN WITNESS WHEREOF, the undersigned Parties have executed this Agreement as provided below:

SPACE EXPLORATION TECHNOLOGIES CORP.

Dated: 4/7/2026

By: *Chris Cardaci*

Christopher Cardaci, Vice President, Legal
Space Exploration Technologies Corp.

-13-

SETTLEMENT AGREEMENT

Docusign Envelope ID: 848B6F5B-3A2B-4750-844B-64F23538A28D

CALIFORNIA COASTAL COMMISSION

Dated: 04/08/2026

By: _Kate Huckelbridge_

Kate Huckelbridge, Executive Director
California Coastal Commission

Dated: 04/08/2026

By: _Caryl Hart_

Caryl Hart, in her official capacity as a
Commissioner of the Commission

Dated: 04/08/2026

By: _Dayna Bochco_

Dayna Bochco, in her official capacity as a
Commissioner of the Commission

Dated: 04/08/2026

By: _____

Linda Escalante, in her official capacity as a
Commissioner of the Commission

Dated: 04/08/2026

By: _____

Meagan Harmon, in her official capacity as a
Commissioner of the Commission

Dated: 04/08/2026

By: _Ann Notthoff_

Ann Notthoff, in her official capacity as a
Commissioner of the Commission

Dated: 04/08/2026

By: _Jaime Lee_

Jaime Lee, in her official capacity as a
Commissioner of the Commission

Dated: 04/09/2026

By: _Susan Lowenberg_

Susan Lowenberg, in her official capacity as a
Commissioner of the Commission

Dated: 04/08/2026

By: _____

Mike Wilson, in his official capacity as a
Commissioner of the Commission

-14-

SETTLEMENT AGREEMENT

Dated: 04/08/2026

By: _____
Kate Huckelbridge, in her official capacity as
Executive Director of the Commission

Dated: 04/08/2026

By: _____
Cassidy Teufel, in his official capacity as a
Deputy Director of the Commission

Dated: 04/08/2026

By: _____
Ariel Kelley, in her official capacity as a
Commissioner of the Commission

Dated: 04/08/2026

By: _____
Jose Preciado, in his official capacity as a
Commissioner of the Commission

Dated: 04/08/2026

By: _____
Raymond A. Jackson, in his official capacity as a
Commissioner of the Commission

Dated: 04/08/2026

By: _____
Christopher Lopez, in his official capacity as a
Commissioner of the Commission

Dated: 04/09/2026

By: _____
Suzanne Smith, in her official capacity as an
Alternate Commissioner of the Commission

-15-
SETTLEMENT AGREEMENT

Docusign Envelope ID: 848B6F5B-3A2B-4750-844B-64F23538A28D

Approved as to form:


Dated: 4/7/2026_____                    VENABLE LLP


                            By: _____
                                Tyler G. Welti (SBN 257993)
                                101 California Street, Suite 3800
                                San Francisco, CA 94111
                                Telephone: (415) 653-3750
                                Facsimile: (415) 653-3755
                                tgwelti@venable.com

                                Colin B. Vandell (SBN 240653)
                                2049 Century Park East, Suite 2300
                                Los Angeles, CA 90067
                                Telephone: (310) 229-9900
                                Facsimile: (310) 229-9901
                                cvandell@venable.com

                                Mitchell Y. Mirviss (*pro hac vice*)
                                750 East Pratt Street, 9th Floor
                                Baltimore, MD 21202
                                Telephone: (410) 244-7412
                                Facsimile: (410) 244-7742


                                *Attorneys for Plaintiff Space
                                Exploration Technologies Corp.*

SETTLEMENT AGREEMENT

Docusign Envelope ID: 848B6F5B-3A2B-4750-844B-64F23538A28D

Dated: 4/8/2026

ROB BONTA
ATTORNEY GENERAL OF
CALIFORNIA

By: _____
DAVID G. ALDERSON
Supervising Deputy Attorney
General
PAUL BATCHER
Deputy Attorney General
JESSICA A. BONITZ
Deputy Attorney General
California Department of Justice
Office of the Attorney General
1515 Clay Street, Suite 2000
Oakland, CA 94612
Telephone: (510) 879-0003
Facsimile: (510) 622-2270
david.alderson@doj.ca.gov
paul.batcher@doj.ca.gov
jessica.bonitz@doj.ca.gov

*Attorneys for Defendants California
Coastal Commission et al.*

-17-

SETTLEMENT AGREEMENT